IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

```
MADAY RAMIREZ,                  )
                                )   00-6198
            Plaintiff,          )   Case No.
v.                              )   CIV-DAVIS
                                )
                                )   MAGISTRATE JUDGE
USI CORPORATION d/b/a           )        BROWN
MACCENTER,                      )
                                )   JURY TRIAL DEMANDED
            Defendant.          )
                                )
_____)
```

## COMPLAINT

Plaintiff Maday Ramirez complains of Defendant USI Corporation as follows:

### PRELIMINARY STATEMENT

1. This is an action under the Pregnancy Discrimination Act (42 U.S.C § 2000e(k), 2000e-2)(hereinafter referred to as the "PDA"), the Family and Medical Leave Act (29 U.S.C. § 2601 <u>et seq</u>.)(hereinafter referred to the "FMLA"), and various state laws to correct and remedy the Defendant's unlawful employment practices and to make whole and compensate Mrs. Ramirez for discrimination and emotional distress.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and §1343; and the laws of the State of Florida.

3. Venue is proper within the Southern District of Florida, pursuant to 28 U.S.C.§ 1391 because USI Corporation does business



in the Southern District of Florida, Mrs. Ramirez lives in this judicial district, and the events and/or omissions giving rise to the claim herein have occurred in the Southern District of Florida.

4. At all times material hereto, Mrs. Ramirez was an "employee" of MacCenter (a d/b/a of USI Corporation).

5. USI Corporation is a Florida corporation doing business within this the Southern District of Florida.

## FACTS

6. Mrs. Ramirez was employed as a marketing coordinator at MacCenter. During her employment with MacCenter, Mrs. Ramirez received at least one promotion and pay raise.

7. While employed at MacCenter, Mrs. Ramirez became pregnant. Her baby was due in September of 1999, and she intended to take a maternity leave under the Family and Medical Leave Act.

8. During her employment at MacCenter, Mrs. Ramirez never received any written or verbal discipline with respect to her job performance.

9. In June of 1999, Mrs. Ramirez was called into a meeting with her supervisor, Denise Broderick, and was summarily terminated. Mrs. Ramirez was terminated because she was pregnant and because MacCenter did not want to hold a job for Mrs. Ramirez during her maternity leave.

10. Mrs. Ramirez' replacement had been hired before she was even fired.

11. The sudden firing came as a complete shock to Mrs. Ramirez (which engendered significant emotional stress to both herself and her baby). Indeed, MacCenter's former Human Resources Manager asserts that Mrs. Ramirez was in such shock at her sudden termination that she thought Mrs. Ramirez was going to lose her baby.

12. MaCenter's former Human Resources Manager confirms that Mrs. Ramirez had never received any written discipline with respect to her job performance before she was summarily terminated.

13. Mrs. Ramirez was replaced by one of Denise Broderick's friends (who was not pregnant).

14. Mrs. Ramirez has satisfied all conditions precedent to bringing the instant suit.

## COUNT I

15. Mrs. Ramirez reaffirms and realleges Paragraphs 1-14 of the Complaint.

16. Beginning on or about June of 1999, MacCenter purposefully discriminated against Mrs. Ramirez because she was pregnant in violation of the PDA.

17. The unlawful employment practices complained of were intentional.

18. As a direct and proximate cause of MacCenter's violation of the PDA, Mrs. Ramirez has been damaged, including but not limited to, lost earnings, employee benefits, and emotional

distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a) Back-pay with prejudgment interest, front pay, and other affirmative relief including, but not limited to, reinstatement;

(b) Compensatory and emotional distress damages;

(c) Punitive damages;

(d) Reasonable attorneys' fees and costs incurred in this action; and

(e) Such other and further relief as this Court deems just and proper.

## **COUNT II**

19. Mrs. Ramirez reaffirms and realleges Paragraphs 1-18 of the Complaint.

20. Beginning on or about June of 1999, MacCenter purposefully discriminated against Mrs. Ramirez because she was pregnant and because MacCenter did not want to hold a job for her while she was out on maternity leave in violation of the FMLA.

21. The unlawful employment practices complained of were intentional.

22. As a direct and proximate cause of MacCenter's violation of the FMLA, Mrs. Ramirez has been damaged, including but not limited to, lost earnings, employee benefits, and emotional distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a) Back-pay with prejudgment interest and other affirmative relief including, but not limited to, reinstatement;

(b) Liquidated damages;

(c) Actual damages;

(d) Reasonable attorneys' fees and costs incurred in this action; and

(e) Such other and further relief as this Court deems just and proper.

### COUNT III

23. Mrs. Ramirez realleges Paragraphs 1 through 22 of the Complaint.

24. Beginning on or about June of 1999, MacCenter purposefully discriminated against Mrs. Ramirez because she was pregnant and because MacCenter did not want to hold a job for her while she was out on a planned maternity leave in violation of the Florida Civil Rights Act ("the FCRA").

25. The unlawful employment practices complained of were intentional.

26. As a direct and proximate cause of MacCenter's violation of the FCRA, Mrs. Ramirez has been damaged, including but not limited to, lost earnings, employee benefits, and emotional distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a) Back-pay with prejudgment interest, front pay, and other affirmative relief including, but not limited to, reinstatement;

(b) Compensatory and emotional distress damages;

(c) Punitive damages;

(d) Reasonable attorneys' fees and costs incurred in this action; and

(e) Such other and further relief as this Court deems just and proper.

27. The effect of the practices complained of has been to deprive Mrs. Ramirez of equal employment opportunities and otherwise adversely affect her status as an employee.

28. The unlawful employment practices complained of were intentional.

29. As a direct and proximate cause of MacCenter's violation of the Florida Civil Rights Act of 1992, Mrs. Ramirez has been damaged, including but not limited to, lost earnings, employee benefits, and emotional distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a) Back-pay with prejudgment interest, front pay, and other affirmative relief including, but not limited to, reinstatement;

(b) Compensatory and emotional distress damages;

(c) Punitive damages;

(d) Reasonable attorneys' fees and costs incurred in this

action; and

(e) Such other and further relief as this Court deems just and proper.

### COUNT IV

30. Mrs. Ramirez reincorporates and realleges paragraphs 1 through 29 of the Complaint.

31. By suddenly terminating Mrs. Ramirez without any warning or previous record of written discipline while she was pregnant and by causing such an emotional shock to Mrs. Ramirez and her baby, and by suddenly leaving Mrs. Ramirez without her income to support her family when she was about to give birth (and had another mouth to feed), MacCenter has intentionally, or in the alternative, negligently inflicted emotional distress upon Mrs. Ramirez in violation of Florida law.

32. As a direct and proximate cause of MaCCenter's actions both Mrs. Ramirez and her baby suffered extreme emotional distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a) Back-pay with prejudgment interest, front pay, and other affirmative relief including, but not limited to, reinstatement;

(b) Compensatory and emotional distress damages;

(c) Punitive damages;

(d) Reasonable attorneys' fees and costs incurred in this action; and

(e) Such other and further relief as this Court deems just and

proper.

### JURY DEMAND

33. Mrs. Ramirez demands a jury on all claims triable as a matter of right by a jury.

Dated: February 9, 2000

        Alexander & Friedman LLP
        Attorneys for Plaintiff
        3201 West Griffin Road, Suite 204
        Dania Beach, FL 33312
        (954) 966-4770
        (954) 966-4775 (fax)

        By: *Stephanie Alexander*
        STEPHANIE ALEXANDER
        Fla. Bar No. 0081078

# CIVIL COVER SHEET

00-6198 CIV-FERGUSON

MAGISTRATE JUDGE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Maday Ramirez

**DEFENDANTS**
USI Corporation d/b/a MacCenter

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):
Stephanie Alexander, Esq.
3361 W. Griffin Road, Suite 204
Dania Beach, FL 33312

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW 405(g) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI 405(g) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Pregnancy Discrimination Act, 42 USC §2000e(k)
Family and Medical Leave Act, 29 USC §2601 et seq.

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $ 360,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE ____  DOCKET NUMBER ____

DATE: 2/9/00
SIGNATURE OF ATTORNEY OF RECORD: Stephanie Alexander

FOR OFFICE USE ONLY
RECEIPT 518530   AMOUNT $150.00   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

