

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MADAY RAMIREZ, )
)
       Plaintiff, )
)
vs. )
)
USI CORP. d/b/a )
MACCENTER, )
)
       Defendant. )
_____)

CASE NO.: 00-6198-CIV-DAVIS

Magistrate Judge Brown

### MACCENTER'S MOTION TO DISMISS COUNTS II & IV OF PLAINTIFF'S COMPLAINT, MOTION TO STRIKE AND SUPPORTING MEMORANDUM OF LAW

Defendant, USI CORP. d/b/a MACCENTER ("MACCENTER"), by and through its undersigned counsel and pursuant to Rule 12(b)(1), 12(b)(6) and 12(f), Federal Rules of Civil Procedure and Local Rule S.D. 7.1(C), hereby moves to dismiss MADAY RAMIREZ's Complaint, and states as follows:

### PRELIMINARY STATEMENT

Plaintiff, MADAY RAMIREZ, was a marketing coordinator for MACCENTER commencing May of 1998. Originally, when hired, the Plaintiff was given an opportunity to work from home, but due to numerous performance inadequacies she was later required to work at MACCENTER's office. Despite the transfer to MACCENTER's office, the Plaintiff continued to perform below acceptable standards. Deficiencies in Plaintiff's performance were recorded on several occasions by various supervisors. On or about June 16, 1999, Plaintiff's employment with MACCENTER was terminated as a result of her failure to remedy



her performance deficiencies. At a meeting where Plaintiff was advised of MACCENTER's decision, she made unfounded accusations that her employment was terminated due to her pregnancy. These accusations are completely unsubstantiated in that the only reason for MACCENTER's decision to discontinue its relationship with the Plaintiff was her failure to perform the duties of her job in a manner acceptable to MACCENTER.

Plaintiff has instituted this action against her former employer, MACCENTER, alleging violations of The Pregnancy Discrimination Act, The Florida Civil Rights Act, The Family Medical Leave Act ("FMLA"), and for negligent and intentional infliction of emotional distress. MACCENTER files this Motion to Dismiss.

## ARGUMENT

### A. Standard for Motion to Dismiss

A motion to dismiss, pursuant to Rule 12(b)(6) must be granted where the complaint can prove no set of facts which would entitle it to relief. *Bensch v. Metropolitan Dade County*, 855 F.Supp 351 (S.D. Fla. 1994); *In Re Southeast Banking Corporation*, 855 F.Supp 353, 358 (S.D. Fla. 1994). A complaint may be dismissed as a matter of law for failure to present a cognizable legal theory or for failure to plead sufficient facts under a cognizable legal theory. *Kentucky Central Light Insurance Company v. LeDuc*, 814 F.Supp 832, 835 (N.D. Ca. 1992). In the instant litigation, Plaintiff's Complaint fails to state causes of action for negligent infliction of emotional distress, intentional infliction of emotional distress or for violations of The Family Medical Leave Act. Accordingly, Plaintiff's Complaint should be dismissed.

CASE NO.: 00-6198-CIV-DAVIS
Magistrate Judge Brown

**B.     Count IV of Plaintiff's Complaint Fails to State a Cause of Action for Negligent or Intentional Infliction of Emotional Distress**

In Count IV of Plaintiff's Complaint she alleges alternative claims for intentional or negligent infliction of emotional distress. Plaintiff fails to state a cause of action under either legal theory and Count IV of the Complaint should be dismissed.

   **1.    Plaintiff Fails to State a Cause of Action for Intentional Infliction of Emotional Distress.**

It is well settled that in order to maintain a cause of action for intentional infliction of emotional distress, the plaintiff must allege: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous, that is to go beyond all boundaries of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *Johnson v. Health and Rehabilitative Services*, 695 So.2d 927 (Fla. 2nd DCA 1997); *Clemente v. Horne*, 707 So.2d 865 (Fla. 3d DCA 1998). The Florida Supreme Court, in adopting Section 46 of the Restatement (Second) of Torts, defined the requirement for extreme and outrageous conduct as follows:

> d.     Extreme and outrageous... It has not been enough that the defendant has acted with an intent which is tortious or even criminal or that he has intended to inflict emotional distress or even that his conduct has been characterized by 'malice', or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of its acts to an

> average member of the community would arouse his resentment towards the actor and lead him to exclaim, "Outrageous!"

*Paul v. Humana Medical Plan, Inc.*, 682 So.2d 1119, 1121 (4th DCA 1996). Moreover, in the *Paul* case, the Court affirmed that a trial judge is entitled to make the determination, on a motion to dismiss, whether defendant's conduct may be reasonably regarded as so extreme and outrageous as to permit recovery. *Id. at 1121.*

In this case, based upon the facts recited in the Complaint, there are no set of factual circumstances which would support Plaintiff's claims for intentional infliction of emotional distress in that the actions complained of by the Plaintiff do not even come close to reaching the level of conduct necessary to maintain such a claim. In fact, this Court has already ruled, in similar circumstances, that where a Plaintiff alleges termination of employment as a result of a pregnancy, that under normal circumstances, this is not the kind of "extreme" or "utterly intolerable" conduct required to support a claim for intentional infliction of emotional distress. *Armindo v. Padlocker, Inc.*, 71 F.Supp 2d 1238, 1240 (S.D. Fla. 1998). Accordingly, there are no set of facts which can be alleged to sufficiently support Plaintiff's claims for intentional infliction of emotional distress and, for that reason, Count IV of the Complaint should be dismissed.

2. **Plaintiff Fails to State a Cause of Action for Negligent Infliction of Emotional Distress Since She has not Suffered a Physical Impact.**

As an alternative cause of action, in Count IV of the Complaint, Plaintiff alleges entitlement to damages for negligent infliction of emotional distress. The State of Florida follows the "impact rule" which requires that, "before a plaintiff can recover damages for

emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *R.J. v. Humana of Florida, Inc.*, 652 So.2d 360 (Fla. 1995); *Jordan v. Equity Properties and Development Company*, 661 So.2d 1307 (Fla. 3d DCA 1995); *Ruttger Hotel Corporation v. Wagner*, 691 So.2d 1177 (Fla. 3d DCA 1997), *Coca-Cola Bottling Company v. Hagan*, 24 Fla.Law.Wkly.D.2688 (Fla. 5th DCA 1999).

Where, as here, Plaintiff alleges no physical impact associated with her purported emotional distress, she does not state a cause of action for negligent infliction of emotional distress, and her claims must be dismissed.

### C. Plaintiff's Claims for Violation of The Family Medical Leave Act must be Dismissed for Failure to State a Cause of Action

In Count II of the Complaint, Plaintiff alleges that MACCENTER violated the FMLA because Plaintiff "was pregnant and because MACCENTER did not want to hold a job for her while she was out on maternity leave in violation of the FMLA." See ¶ *20 of the Complaint.* These allegations fail to state a cause of action for violation of the FMLA and, accordingly, Count II of the Complaint must be dismissed.

Under the FMLA, an eligible employee is entitled to twelve (12) work weeks of leave during any twelve-month period "because of the birth of a son or daughter of the employee and in order to care for such son or daughter" 29 U.S.C §2612(a)(1)(A); *Moughari v. Publix Supermarkets, Inc.*, 1998 W.L. 307454 (N.D. Fla. 1998). Moreover, §2615(a) of the FMLA provides the following acts are prohibited:

    (a)    Interference with rights

        (1)    Exercise of rights

> It shall be unlawful for any employer to interfere, restrain, or deny the exercise or the attempt to exercise any right as provided under this sub-chapter.

        2.    Discrimination

> It shall be unlawful for any employer to discharge or in any other matter discriminate against any other individual for opposing any practice made unlawful by this sub-chapter.

*29 U.S.C. § 2615(a).* In this case, the Plaintiff fails to allege that she was interfered with, restrained or denied the right to exercise medical leave to which she was entitled under the FMLA. Moreover, the Plaintiff does not allege that she was retaliated against or discriminated against for utilizing the leave provided to her under the FMLA. Plaintiff merely alleges, in a speculative fashion, that the reason for her termination was that her employer did not wish to provide her with leave pursuant to the FMLA. These factual allegations do not support a cause of action under the FMLA, and, accordingly, Count II of the Complaint should be dismissed.

As an additional basis for dismissal, the Complaint does not allege that MACCENTER is an "employer" as defined within the FMLA. It is well-settled that in order to state a cause of action for violation of the FMLA, a complaint must at a minimum contain allegations identifying the defendant as an "employer" within the Act. A failure to include these allegations is a basis for dismissal of the claims. *Smallberger v. Federal Realty Investment Trust,* 1999 W.L. 126919 (E.D. Pa. 1999).

Finally, within Count II of the Complaint, Plaintiff alleges entitlement to damages for

CASE NO.: 00-6198-CIV-DAVIS
Magistrate Judge Brown

emotional distress. These types of damages are not recoverable pursuant to the FMLA and therefore the Plaintiff's claims for emotional distress should be stricken from Count II of the Complaint. *McNally v. Winn South Molded Products, Inc.*, 912 F.Supp 512 (N.D. Al. 1996). ("Plaintiff's argument that loss of job security and the resulting mental distress should be recoverable as 'other compensation' belies the plain language of the statute").

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Counts II and IV of the Complaint, striking Plaintiff's claims for emotional distress damages in Count II, and for any and all other relief this Court deems just and proper under the circumstances.

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via U.S. Mail to: Stephanie Alexander, Chartered, 3201 West Griffin Road, Suite 204, Dania Beach, Florida 33312 on this ___ day of March, 2000.

WALDMAN FELUREN & TRIGOBOFF, P.A.
One Financial Plaza, Suite 1500
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By:_____
Scott M. Behren
Florida Bar No.: 987786

\\Sbserver\company\Clients\P - Z\U S I\Ramirez\motion to dismiss complaint.wpd