IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,                           Case No. 00-6198-CIV-DAVIS

v.                                         Magistrate Judge Brown

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____/



**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS II AND IV**

Plaintiff, Maday Ramirez ("Mrs. Ramirez"), pursuant to Federal Rule of Civil Procedure 12 and Local Rule 7.1.C., submits this opposition to the Motion to Dismiss Counts II and IV (the "Motion to Dismiss") filed by Defendant, USI Corporation d/b/a MacCenter ("MacCenter"), and states as follows:

### A. Standard for Motion to Dismiss

As a preliminary matter, MacCenter misstates the applicable standard in this jurisdiction for granting a motion to dismiss, inexplicably relying on California authority. According to the Eleventh Circuit, in considering a motion to dismiss pursuant to Rule 12(b)(6): "The factual allegations of the plaintiff's complaint are accepted as true," and "[t]he motion must be denied unless it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." South Florida Water Mgt District v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996). See also In re Complaint of Sea Vessel, Inc., M/V Sea Lion v. Reyes, 23 F.3d 345, 347 (11th Cir.1994) (court should not dismiss complaint for failure to state claim "unless it appears beyond doubt that the plaintiff can prove no set

Copr. (C) West 2000 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
137 Lab.Cas. P 33,828, 5 Wage & Hour Cas.2d (BNA) 989, 15 NDLR P 17
(Cite as: 1999 WL 126919 (E.D.Pa.))
<KeyCite Citations>

Donald SMALLBERGER,
v.
FEDERAL REALTY INVESTMENT TRUST.
No. CIV. A. 98-6098.
United States District Court, E.D. Pennsylvania.
March 8, 1999.

## MEMORANDUM AND ORDER

HUTTON.

*1 Presently before the Court are Defendant Federal Realty Investment Trust's Motion to Dismiss (Docket No. 5) and Plaintiff Donald Smallberger's response thereto (Docket No. 8). Also before the Court are Defendant's Motion for Leave to File Reply Brief (Docket No. 10). For the following reasons, the motion for leave is granted and the motion to dismiss is denied.

### I. BACKGROUND

The Plaintiff, Donald Smallberger, alleges the following facts in his complaint. Defendant Federal Realty Investment Trust ("FRIT") hired Plaintiff to work as a Maintenance Supervisor for FRIT's Philadelphia office in 1985. In 1995, FRIT reassigned Plaintiff to the position of Sweeper/Driver. In May 1997, Plaintiff took a leave of absence due to medical problems. While Smallberger was on leave, FRIT eliminated his position.

Plaintiff then filed suit against Defendant. The Complaint alleges three counts: (1) an Age Discrimination in Employment Act (ADEA) claim--Count I; (2) an Americans with Disabilities Act (ADA) claim--Count II; and (3) a Family and Medical Leave Act (FMLA) claim--Count III. On February 9, 1999, Defendant filed a motion to dismiss Counts II and III of Plaintiff's complaint. On March 3, 1999, Defendant also filed a motion for leave to file reply brief.

### II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Accordingly, the plaintiff does not have to "set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In other words, the plaintiff need only to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.

When considering a motion to dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), [FN1] this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.1990). The Court will only dismiss the complaint if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

FN1. Rule 12(b)(6) states as follows:
Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted....
Fed.R.Civ.P. 12(b)(6).

### III. DISCUSSION

#### A. Motion for Leave to File Reply Brief

The Court grants Defendant's motion for leave to file a reply brief. Defendant attached the reply brief as Exhibit A to the motion for leave. Therefore, the Court will consider the reply brief in its analysis of the motion to dismiss.

#### B. Motion to Dismiss

##### 1. ADA Claim (Count II)

*2 The Defendant argues that Count II, Plaintiff's ADA claim, should be dismissed because the Plaintiff failed to plead a prima facie case of disability. Under the ADA, an employer is prohibited from discriminating against a "qualified individual with a disability, because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. s 12112(a) (1994). A plaintiff presents a prima facie case of discrimination under the ADA by demonstrating: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination. See Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir.1998). Among other things, Defendant notes that the Plaintiff does not even indicate his disability. Defendant further points out that Plaintiff does not allege if he is actually disabled or perceived as disabled. Plaintiff responds that he has since filed an amended complaint resolving these pleading defects.

The Defendant argues that this Court should not consider the amended complaint because Plaintiff filed the amended complaint without leave of court. The Defendant, however, does not

argue that it suffered any prejudice by the filing of the amended complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993) (noting that "prejudice to the non-moving party is the touchstone for denial of an amendment"). Accordingly, the Court grants Plaintiff leave to file the amended complaint. [FN2]

FN2. The Plaintiff argues that he need not seek leave because Defendant has yet to file an responsive pleading under Federal Rule of Civil Procedure 15. Nevertheless, the Court does not address this issue because the Court grants the Plaintiff leave to file the amended complaint.

Further, the Court finds that the amended complaint sufficiently states an ADA claim. Plaintiff alleges that as a result of his illness and resulting colectomy, Plaintiff is disabled within the meaning of the ADA and Defendant perceived Plaintiff as disabled within the meaning of the ADA. See Pl.'s Am. Compl. at pp 27-28. These allegations are sufficient for the purposes of notice pleading. Therefore, the Court denies Defendant's motion to dismiss the ADA claim.

2. FMLA Claim (Count III)

The Defendant next argues that Count III, Plaintiff's FMLA claim, should be dismissed for two reasons. First, Defendant contends that FRIT is not an employer under the FMLA as it does not employ 50 employees within a seventy- five (75) mile radius. Second, the Defendant argues that the Plaintiff failed to state a claim for recovery under the FMLA because the complaint does not allege that: (1) he suffered from a "serious health condition" as defined in the FMLA; (2) FRIT discharged him under facts supporting an inference of discrimination; and (3) FRIT interfered with any right provided by the FMLA.

a. FRIT as an Employer

*3 The Defendant argues that Count III, the FMLA claim, should be dismissed because FRIT is not an "employer" within the meaning of the FMLA. Under the FMLA, the term "employer" is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. s 2611(2)(A), (4) (1994). In order to state a claim under the FMLA, a complaint must at least contain allegations which establish that, within the meaning of the FMLA, the defendant employer is an "employer." See Reddinger v. Hospital Cent. Servs.,, Inc., 4 F.Supp.2d 405, (E.D.Pa.1998); Schmitt v. Beverly Health and Rehabilitation Servs., Inc., 962 F.Supp. 1379, 1383-84 (D.Kan.1997).

The Court finds that dismissal is not proper on this ground. In its motion, Defendant states: "At all times relevant to the actions complained of in Smallberger's Complaint, FRIT employed fewer than fifty employees within a seventy-five mile radius of its Willow Grove site." Def.'s Mot. to Dismiss at 5. The Court, at this stage, cannot accept this unsupported contention of the Defendant. Rather, the Court must construe all well-pleaded facts in favor of the Plaintiff. See Markowitz, 906 F.2d at 103. In his amended complaint, Plaintiff alleges that FRIT is an employer within the meaning of the FMLA. See Pl.'s Am. Compl. at p 7. The Court must accept this allegation as true at the motion to dismiss stage and, therefore, denies Defendant's motion in this

regard.

### b. Failure to State a FMLA Claim

The Defendant next argues that Count III, the FMLA claim, should be dismissed because the complaint fails to allege that: (1) Plaintiff suffered from a "serious health condition" as defined in the FMLA; (2) FRIT discharged him under facts supporting an inference of discrimination; and (3) FRIT interfered with any right provided by the FMLA. The FMLA allows an eligible employee the right to take up to twelve (12) weeks of leave during any twelve (12) month period for one or more of the following reasons: (1) the birth of a son or daughter of the employee and in order to care for such son or daughter; (2) the placement of a son or daughter with the employee for adoption or foster care; (3) in order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition; and (4) because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. See 29 U.S.C. s 2612(a)(1). An eligible employee who takes leave for one of the above reasons is entitled, upon return from such leave, "to be restored" to either the same position the employee held when the leave commenced or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See id. s 2614(a)(1). An employer's interference with an employee's exercise of rights provided by the FMLA constitutes a violation of the statute and is enforceable by a civil action brought by or on behalf of aggrieved employees in state or federal court. See id. ss 2615(a), 2617(a).

*4 The Court finds that dismissal of the FMLA claim is also not proper on this ground. First, the Plaintiff alleged a sufficient "serious health condition" under the FMLA. The FMLA defines "serious health condition" as an illness or injury that involves inpatient care in a hospital or continuing treatment by a health care provider. See id. s 2611(11). The Plaintiff specified in his first amended complaint that he received inpatient care for a colectomy and that he required several weeks of recuperation. See Pl.'s Am. Compl. at p 19. Therefore, this case is distinguishable from Boyce v. New York City Mission Soc'y, 963 F.Supp. 290, 298 (S.D.N.Y.1997), cited by the Defendant, where the court dismissed the plaintiff's FMLA claim because she failed to specify whether she ever received inpatient care or continuing treatment by a health care provider. See id.

Second, the Court finds that Plaintiff alleged sufficient facts to suggest that FRIT violated the FMLA. The Plaintiff alleges that FRIT violated the FMLA by eliminating his position while he was on leave due to his serious health condition. See Pl.'s Am. Compl. at pp 31-32. Moreover, Plaintiff alleges that FRIT interfered with his FMLA rights. See id. The Court finds these allegations sufficient at this stage. See 29 U.S.C. s 2614(a)(1) (noting that an eligible employee who takes leave under the FMLA is entitled, upon return from such leave, "to be restored" to either the same position the employee held when the leave commenced or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment).

Third and finally, the Court disagrees with Defendant's contention that Plaintiff's complaint contains no "allegations relating FRIT's decision to terminate Smallberger to his requesting, being on, or returning from FMLA leave." Def.'s Mot. to Dismiss at 6.

In his amended complaint, the Plaintiff alleges that FRIT "unlawfully interfered with [his] FMLA rights." Pl.'s Am. Compl. at p 32. The Court must accept this allegation as true at this stage and, therefore, denies Defendant's motion to dismiss. See Markowitz, 906 F.2d at 103.

An appropriate Order follows.

## ORDER

AND NOW, this 8th day of March, 1999, upon consideration of the Defendant's Motion for Leave to File Reply Brief and Defendant's Motion to Dismiss, IT IS HEREBY ORDERED that:
(1) The Defendant's Motion for Leave to File Reply Brief is GRANTED; and
(2) The Defendant's Motion to Dismiss is DENIED.

END OF DOCUMENT