NIGHT BOX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MAR 28 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

| | | |
|---|---|---|
| MADAY RAMIREZ, | ) | |
| | ) | CASE NO.: 00-6198-CIV-DAVIS |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Brown |
| vs. | ) | |
| | ) | |
| USI CORP. d/b/a | ) | |
| MACCENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MACCENTER'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS II AND IV OF PLAINTIFF'S COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Defendant, USI CORP. d/b/a MACCENTER ("MACCENTER"), by and through its undersigned counsel and pursuant to Local Rule S.D. 7.1(C), hereby files its Reply in Support of its Motion to Dismiss Counts II and IV of Plaintiff's Complaint, and states as follows:[1]

**ARGUMENT**

**A.   Count IV of Plaintiff's Complaint does not Allege Facts Sufficiently
Outrageous to Support Claims for Intentional Infliction of Emotional Distress**

The parties stipulate that it is for this Court's determination, as a matter of law, whether the facts in Count IV of Plaintiff's Complaint are sufficiently outrageous so as to support a cause of action for intentional infliction of emotional distress.

---

[1] As an initial matter, MACCENTER served its Motion to dismiss on March 1, 2000 via telefax and U.S. Mail. In accordance with the Local Rules of this Court Plaintiff was required to file her responsive memorandum on before March 1, 2000 . Despite the fact that no enlargement was requested from this Court, Plaintiff served her Memorandum in Opposition to Defendant's Motion to Dismiss on March 17, 2000 (i.e., two days late). Thus, MACCENTER moves to strike Plaintiff's Opposition Memorandum



CASE NO.: 00-6198-CIV-DAVIS

Plaintiff argues that her mere allegations in the Complaint that she was purportedly fired as a result of her pregnancy is so extreme and outrageous as to exceed all possible bounds of decency. Even the case cited in Plaintiff's Opposition Memorandum does not support her argument. For instance, in *Hare v. Citrus World, Inc.*, 39 F.Supp 2d. 1365 (M.D. Fla. 1999), the Court dismissed Plaintiff's claims holding that they failed to be sufficiently outrageous to support a claim for intentional infliction of emotional distress. The facts of the *Hare* case were much more outrageous than those of the case at bar as exemplified in the opinion attached hereto as Exhibit "A." Even in such an utterly intolerable situation, the trial court held that Plaintiff's claims "when measured against case law do not reach the necessary level of 'outrageousness' to survive the Motion to Dismiss." *Id.* at 1368. The lower tribunal thereafter dismissed Plaintiff's claims for intentional infliction of emotional distress. The trial court further held that, "precedent on the fact of intentional infliction of emotional distress, especially within the employment context, reveals unwillingness by Florida courts to allow a Plaintiff to proceed on this theory."

Other jurisdictions similarly have held that an extremely high degree of offensiveness and outrageousness must be alleged in order to support claims for intentional infliction of emotional distress. These jurisdictions, which also utilize Section 46 of the Restatement of Torts to define the requisite level of conduct necessary to support claims for intentional infliction of emotional distress, have dismissed claims of pregnant employees where the

conduct is not sufficiently extreme or outrageous. *Allen v. Commercial Pest Control, Inc.*, 78 F.Supp 2d. 1371, 1379 (N.D. Ga. 1999) (trial court held that Plaintiff's claims failed to rise to the level necessary for intentional infliction of emotional distress even where employer forced pregnant employee to sit on the floor filing papers at eight and one half months and asked her what she would do if her baby was born black); *Buser v. Southern Food Service, Inc.*, 73 F.Supp 2d 556 (M.D. N.C. 1999) (trial court held that Plaintiff's claims for intentional infliction of emotional distress must be dismissed even where her employer demanded that she return to work despite the fact that she had taken an approved leave of absence and, that the employer knew or should have known of her husband's poor medical condition and the family's financial straits); *Brown v. Daimlerchrysler Corp.*, 1999 W.L. 766021 (N.D. Tx. 1999) (trial court dismissed claims for intentional infliction of emotional distress where Plaintiff alleged that employer terminated her based upon her pregnancy holding that "an employer's conduct, even if a Title VII violation rises to the level of 'extreme and outrageous' in only 'the most unusual cases'.")

As a matter of law, Plaintiff can allege no set of facts to support her claims for intentional infliction of emotional distress and Count IV must be dismissed with prejudice.

### B. Plaintiff's Claim for Violation of the Family Medical Leave Act Must be Dismissed for Failure to State a Cause of Action

In its Motion to Dismiss, MACCENTER moved, to dismiss, in part, Count II of the Complaint alleging violation of the Family Medical Leave Act ("FMLA"), since Plaintiff never

alleged that MACCENTER attempted to interfere, restrain or deny the exercise of any rights provided to her by the FMLA. Plaintiff's Complaint merely alleges in a speculative fashion that Plaintiff "did not want to hold a job for her while she was out on maternity leave in violation of the Family Medical Leave Act."

Plaintiff argues that she has sufficiently alleged a claim for "anticipatory interference" with a person's right to take leave under the FMLA. Based upon Plaintiff's argument, any pregnant employee, if terminated during pregnancy, can now allege a violation of the FMLA even if they gave no indication that they intended to take such a leave. In contrast to this case, both of the cases cited by Plaintiff were situations where the Plaintiffs provided some form of notice to their employer that they intended to take FMLA leave. For instance in *Beno v. United Telephone Company of Florida*, 969 F.Supp 723 (M.D. Fla. 1997), the Plaintiff had actually requested medical leave from her employer. *Id. at 725*. Moreover in *Sadaris v. Runyon*, 967 F.Supp 1260 (M.D. Al. 1997), the Plaintiff alleged that she had requested information on the FMLA, pursuant to statute, and that the employer's refusal to provide her with this information was a violation of her rights under the FMLA. *Id. 1270*.

In the case at bar, neither of these factual circumstances apply. Plaintiff seems to argue that merely because she was pregnant, her employer necessarily assumed that she would be requesting leave pursuant to the FMLA and therefore anticipatorily terminated her employment in order to avoid the contingency of her applying for FMLA leave. An employer should not

now be burdened with a presumption that every pregnant or sick employee will necessarily, some time in the future, seek FMLA leave and cannot be dismissed due to the possibility that one of these employees might seek this leave in the future. This could not have been the intent of Congress in passing this legislation. Accordingly, MACCENTER respectfully requests this Court to dismiss Count II of the Complaint with prejudice.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Counts II and IV of the Complaint with prejudice and for any and all other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

WALDMAN FELUREN & TRIGOBOFF, P.A.
One Financial Plaza, Suite 1500
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By:_____
Mark S. Feluren
Florida Bar No.: 328300
Scott M. Behren
Florida Bar No.: 987786

CASE NO.: 00-6198-CIV-DAVIS

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via Facsimile and U.S. Mail to: Stephanie Alexander, Chartered, 3201 West Griffin Road, Suite 204, Dania Beach, Florida 33312 on this _28_ day of March, 2000.

WALDMAN FELUREN & TRIGOBOFF, P.A.
One Financial Plaza, Suite 1500
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: _____
Mark S. Feluren
Florida Bar No.: 328300
Scott M. Behren
Florida Bar No.: 987786

\\Sbserver\company\Clients\S - Z\U S I\Ramirez\reply in support of motion to dismiss.wpd