IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MADAY RAMIREZ,                    )
                                  )
            Plaintiff,            )        CASE NO.: 00-6198-CIV-DAVIS
                                  )
vs.                               )        Magistrate Judge Brown
                                  )
USI CORP. d/b/a                   )
MACCENTER,                        )
                                  )
            Defendant.            )
_____)

## MACCENTER'S MOTION TO COMPEL RESPONSES TO FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

Defendant, USI Corp. d/b/a MacCenter ("MacCenter"), by and through its undersigned counsel and pursuant to Rule 37, Fed. R. Civ. Pro. and Local Rule for the Southern District 26.1 (H) and moves to compel responses to its First Set of Interrogatories and First Request for Production and states as follows:

### I. PRELIMINARY STATEMENT

The Plaintiff, Mayday Ramirez ("Ramirez") was employed by MacCenter as a Marketing Coordinator. Ramirez, in her position, was initially provided the opportunity to work from home. Once it became apparent that Ramirez could not adequately handle her job responsibilities while working from home, she was compelled to work at MacCenter's offices. Notwithstanding Ramirez's move to MacCenter's offices, she still failed to satisfy her job requirements as Marketing Coordinator.

On or about June 1999, while coincidentally pregnant, Ramirez was terminated from her position at MacCenter due to poor job performance. On or about February 9, 2000

CASE NO.: 00-6198-CIV-DAVIS

Ramirez filed her Complaint against MacCenter alleging claims for violation of the Pregnancy Discrimination Act, Family Medical Leave Act, Florida Civil Rights Act, and for intentional and negligent infliction of emotional distress.[1]  On March 6, 2000 MacCenter served its First Set of Interrogatories, a copy of which are attached hereto as Exhibit "A." On March 8, 2000 MacCenter served its First Request for Production upon Plaintiff, a copy of which is attached hereto as Exhibit "B."

In propounding MacCenter's First Set of Interrogatories, it utilized the Interrogatories promulgated by the Local Rules for this Court.  Notwithstanding this Court's promulgation of these Interrogatories, counsel for Ramirez, in bad faith, objected to each and every one of these Interrogatories.  Once objecting to each Interrogatory, Plaintiff provided some limited answers to them.  Interrogatory number 5, in a form promulgated by this Court, asked Plaintiff to quantify her damage claims.  Ramirez refused to provide this information.

In paragraph 9 of MacCenter's First Request for Production, it requested income tax returns for all tax years ending on or after December 31, 1997 including amendments, schedules and worksheets.  Notwithstanding Ramirez's claims for damages including front pay, back pay, and loss of benefits, Mrs. Ramirez has refused to produce responsive tax returns.

On May 11, 2000, in accordance with the Local Rules of this Court, the undersigned

---

[1] MacCenter's Motion to Dismiss has been fully briefed and is currently pending before this Court.

2

CASE NO.: 00-6198-CIV-DAVIS

counsel attempted to resolve these discovery disputes. In response, opposing counsel continued to assert the validity of her objections.

## II. ARGUMENT

### A. Plaintiff Must be Compelled to Produce Tax Returns as they are Relevant to her Claims

#### 1. MacCenter's Request for Production Paragraph 9

Federal income tax returns for Ramirez for all tax years ending on or after December 31, 1997 including all amendments, schedules and worksheets.

#### 2. Objection Asserted by Ramirez:

Mrs. Ramirez objects to request number 9 as overbroad, irrelevant, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Mrs. Ramirez further objects to request number 9 to the extent that the production of the tax returns requested would necessarily infringe on the privacy rights of other persons not party to this litigation, specifically including her husband.

#### 3. Legal Argument

The relevance of the tax returns sought by MacCenter are clear in that Plaintiff has asserted claims for damages including front pay, back pay and employee benefits. The tax returns requested will evidence the income earned by Mrs. Ramirez from 1997 to 1999 as well as further evidence any income earned by Mrs. Ramirez during the second half of 1999 which would be relevant towards MacCenter's expected claims of failure to mitigate damages. In opposition, Plaintiff asserts the privacy rights of the parties in her failure to produce these returns. However, courts in Florida have already rejected such an argument. For instance, in *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F. R. D. 195,

3

CASE NO.: 00-6198-CIV-DAVIS

196 (M.D. Fla. 1990), the District Court compelled production of federal income tax returns

for three years notwithstanding Plaintiff's claims of "privilege." *See also*, *Morton v. Harris*,

628 F. 2d 438 (5th Cir. 1980) (sanctions imposed upon Plaintiff in race discrimination case

who refused to produce tax returns); *Maddow v. Proctor and Gamble Company, Inc.*, 107

F. 3d 846, 852 (11th Cir. 1997) (District Court properly compelled production of tax returns

in case alleging violation of Age Discrimination and Employment Act).

Thus, tax returns sought by MacCenter are relevant and material to the Plaintiff's

claims and should be compelled.  Accordingly, MacCenter respectfully requests that this

Court enter an Order compelling production of Plaintiff's tax returns, and for an award of

attorneys' fees incurred in the preparation of this Motion.

### B.  MacCenter's Damage Interrogatory is Relevant and Plaintiff Should be Compelled to Answer It

#### 1.  MacCenter's Interrogatory Number 5

Please state each item of damage that you claim, whether as an affirmative claim or as a set-off, and include in your answer: the claim or defense to which the item of damages relates; the category into which each item of damages fall; i.e., general damages, special or consequential damages (such as lost profits) interest and any other relevant category; the factual basis for each item of damages; and an explanation of how you computed each item of damages, inclduing any mathematical formula used.

#### 2.  Ramirez's Answer to Interrogatory Number 5

Mrs. Ramirez objects to this Interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege or work product or other doctrine.  Subject to these objections and without waiver thereof, Mrs. Ramirez states that she has suffered damages in an amount to be proved at trial, which damages may include, but are not limited to, loss of income, loss

4

CASE NO.: 00-6198-CIV-DAVIS

of benefits, and loss of her home.

### 3. Legal Argument

MacCenter's Interrogatory Number 5 complies with the exact form of an interrogatory promulgated by this Court in Appendix B to its Local Rules. It is inappropriate for Plaintiff to refuse to quantify her damages and argue that she will prove the amount of damages at trial. MacCenter is entitled to be advised not only as to each category of damages sought by Plaintiff, but also is entitled to be provided with an amount of damages as well as the manner in which these damages were calculated. This type of information should be compelled in the discovery process so as to not allow the Plaintiff to engage in a trial by ambush.

### III. CONCLUSION

Based upon all of the foregoing reasons, MacCenter respectfully requests that this Court enter an Order compelling production of tax returns requested in paragraph 9 of MacCenter's Request for Production, compelling answers to MacCenter's Interrogatory Number 5 seeking specific information as to damages sought by the Plaintiff, for an award of attorneys' fees and costs incurred in the preparation of this Motion, and for any and all other relief this Court deems just and proper under the circumstances.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via Facsimile and U.S. Mail to: Stephanie Alexander, Chartered, 3201 West Griffin Road,

5

CASE NO.: 00-6198-CIV-DAVIS

Suite 204, Dania Beach, Florida 33312 on this _18_ day of May, 2000.

WALDMAN FELUREN & TRIGOBOFF, P.A.
One Financial Plaza, Suite 1500
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile:   (954) 467-6222

By:_____
      Scott M. Behren
      Florida Bar No.: 987786

6

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MADAY RAMIREZ,                    )
                                  )        CASE NO.: 00-6198-CIV-DAVIS
            Plaintiff,            )
                                  )        Magistrate Judge Brown
vs.                               )
                                  )
USI CORP. d/b/a                   )
MACCENTER,                        )
                                  )
            Defendant.            )
_____  )

## MACCENTER'S FIRST REQUEST FOR PRODUCTION
## TO PLAINTIFF, MADAY RAMIREZ

Defendant, USI CORP. d/b/a MACCENTER ("MACCENTER"), by and through its

undersigned counsel, hereby requests that Plaintiff, MADAY RAMIREZ ("RAMIREZ") produce

all materials requested herein at the offices of the undersigned counsel within thirty (30) days

from the date hereof, or such shorter time as may be ordered by the Court, pursuant to Rule

34, Fed.R.Civ.P.

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via

Facsimile and U.S. Mail to: Stephanie Alexander, Chartered, 3201 West Griffin Road, Suite

204, Dania Beach, Florida 33312 on this _____ day of March, 2000.

                        WALDMAN FELUREN & TRIGOBOFF, P.A.
                        One Financial Plaza, Suite 1500
                        100 Southeast Third Avenue
                        Fort Lauderdale, Florida 33394
                        Telephone: (954) 467-8600
                        Facsimile:  (954) 467-6222

                        By:_____
                             Scott M. Behren
                             Florida Bar No.: 987786

## DEFINITIONS AND INSTRUCTIONS

1.      This request for production is directed to all documents in your possession or control, or in the possession or control of your agents, attorneys, accountants, or other representatives.

2.      In the event that you seek to withhold production of any documents(s) on the basis of a claim of privilege, identify separately each such document by its date, description, author, recipient and number of pages and explain the basis on which you assert a privilege.

3.      In accordance with Rule 34, Fed.R.Civ.P., you are additionally requested to file a written response to these requests for production and identify the documents and things which you produce in accordance with the categories set out in this request.

4.      The term "person" includes any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

5.      The term "document(s)" is intended to be comprehensive and to include, without limitation, all original writings of any nature whatsoever, copies and drafts which, by reason of notes, changes, initials, or identification marks are not identical to the originals. In all cases where the original and/or copies or drafts are not available, documents also means a copy thereof.

6.      The term "document(s)" means any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by and means, regardless of technology or form and including, but not being limited to: papers, books, accounts, newspapers and magazine articles, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversation, or of interviews of conferences, or of other meetings, occurrences, or transactions, affidavits, transcripts of depositions or hearings, statements, summaries, opinions, reports, tests, experiments, analyses, evaluations, contracts, agreements, ledgers, journals, books or records of account, receipts, summaries of accounts, balance sheets, income statements, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, mechanical means, and things similar to any of the foregoing however, denominated. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these discovery requests.

2

CASE NO. 00-6198-CIV-DAVIS

7.    In the event that any document called for herein has been destroyed, that document is to be identified as follows:  author, addressor, addressee, recipients of indicated or "blind" copies, date, subject matter, number of pages, attachments or appendices, all persons believed at any time to have had a copy of the document, date of destruction, place and manner of destruction, persons authorizing destruction and person destroying the document.

## DOCUMENTS REQUESTED

1.    Any and all correspondence between RAMIREZ and USI CORP. d/b/a MACCENTER its officers and/or employees since April 1, 1998.

2.    Any and all performance reviews provided to RAMIREZ during her employment at MACCENTER.

3.    Any and all self-evaluations received by RAMIREZ during her employment at MACCENTER.

4.    All employee manuals received by RAMIREZ during her employment at MACCENTER.

5.    Any and all electronic mail between RAMIREZ and any employees or agents of MACCENTER since April, 1998.

6.    Any and all documents supporting the allegations of paragraph 9 of the Complaint in which Plaintiff alleges that "Mrs. Ramirez was terminated because she was pregnant and because MACCENTER did not want to hold a job for Mrs. Ramirez during her maternity leave."

7.    Any and all documents which evidence the allegations of paragraph 10 in the Complaint that "Mrs. Ramirez's replacement had been hired before she was even fired."

8.    Any and all correspondence, electronic or otherwise, between RAMIREZ or her attorney and Carol Frame since January 1, 1999.

9.    Federal income tax returns for RAMIREZ for all tax years ending on or after December 31, 1997, including all amendments, schedules and work-sheets.

3

CASE NO. 00-6198-CIV-DAVIS

10.    Any and all documents evidencing RAMIREZ's employment or occupation since leaving MACCENTER and her salary in these positions.

11.    Any and all documents evidencing any and all efforts utilized by RAMIREZ to obtain employment since her termination at MACCENTER.

12.    Copies of any sworn statements obtained from a witness or potential witness in this matter.

\\Sbserver\company\Clients\P - Z\U S I\Ramirez\1st request for production.wpd

4

# Exhibit "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION


MADAY RAMIREZ,                    )
                                  )          CASE NO.: 00-6198-CIV-DAVIS
              Plaintiff,          )
                                  )          Magistrate Judge Brown
vs.                               )
                                  )
USI CORP.    d/b/a                )
MACCENTER,                        )
                                  )
              Defendant.          )
_____)

## MACCENTER'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, USI CORP. d/b/a MACCENTER ("MACCENTER"), by and through its undersigned counsel, propounds the following interrogatories upon Plaintiff MADAY RAMIREZ and requests that they be answered separately, fully and under oath within thirty (30) days of service pursuant to Fed.R.Civ.P. 33 and S.D. Fla. L.R. 26.1.G, as follows:

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via Facsimile and U.S. Mail to: Stephanie Alexander, Chartered, 3201 West Griffin Road, Suite 204, Dania Beach, Florida 33312 on this __6__ day of March, 2000.

                          WALDMAN FELUREN & TRIGOBOFF, P.A.
                          One Financial Plaza, Suite 1500
                          100 Southeast Third Avenue
                          Fort Lauderdale, Florida 33394
                          Telephone: (954) 467-8600
                          Facsimile:  (954) 467-6222

                          By:_____
                              Scott M. Behren
                              Florida Bar No.: 987786

CASE NO.: 00-6198-CIV-DAVIS

## DEFINITIONS

(a)     The words "you", "yours" and/or "yourselves" means Plaintiff, and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Plaintiff.

(b)     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

(c)     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d)     The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(e)     "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g)     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, described, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h)     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i)     The term "action" shall mean the case entitled Plaintiff, MADAY RAMIREZ v. Defendant, USI CORPORATION d/b/a MACCENTER, Case No.: 00-6198-CIV-DAVIS, pending in the United States District Court for the Southern District of Florida.

(j)     The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e.,

CASE NO.: 00-6198-CIV-DAVIS

correspondence, memorandum, facsimile etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to S.D. Fla. L.R. 26.1.G.6.(b), unless divulging the information would disclose the privilege information:

(1)     the nature of the privilege claimed (including work product);

(2)     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3)     the date of the document or oral communication;

(4)     if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5)     if an oral communication: the p lace where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)     the general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P.26(e).

## INTERROGATORIES

1.     Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

2.     Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory number 1 may have.

3.     Please provide the name of each person whom you may use as an expert witness at trial.

4.     Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

5.     Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the claim or defense to which the item of damages relates; the category into which each item of damages falls; i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

6.     Please identify each document pertaining to each item of damages stated in your response to interrogatory number 5 above.

7.    Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Fed.R.Civ.P. 7(a)) filed in this action.

By: _____

COUNTY OF _____    )
                             ): ss.
STATE OF FLORIDA             )

        Before me, the undersigned authority, personally appeared _____ as _____ of _____, who, being first duly sworn, deposed and said that the foregoing Answers to Plaintiffs' Interrogatories are true and correct based upon his/her own personal knowledge.

                            _____
                            Notary Public, State of
                            At Large

                            _____
                            Print, Type or Stamp Name of
                            Notary Public

Personally known _____ or
Type of identification produced _____

\\Sbserver\company\Clients\P - Z\U S I\Ramirez\1st set of interrogatories.wpd