IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,                           Case No. 00-6198-CIV-DAVIS

v.                                          Magistrate Judge Brown

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____/

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Plaintiff Maday Ramirez ("Ms. Ramirez"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1(H), submits this opposition to the Motion to Compel Responses to First Set of Interrogatories and First Request for Production (the "Motion to Compel") submitted by Defendant, USI Corporation d/b/a MacCenter ("MacCenter"), and states as follows:

### A. Request for Copies of Ms. Ramirez's Tax Returns from 1997 to Present

#### *1. The Documents Sought Are Irrelevant*

MacCenter was required by the Local Rules of this Court to make a good faith effort to resolve the parties' dispute regarding the discovery at issue. MacCenter asserts in its Motion to Compel that its "counsel attempted to resolve these discovery disputes. In response, opposing counsel continued to assert the validity of her objections." Motion to Compel, pp. 2-3. This is not an accurate characterization of the nature of the communications between counsel, which MacCenter should have provided to the Court. The letters MacCenter and Mrs. Ramirez exchanged regarding the discovery at issue are attached collectively as Exhibit A.

Regarding Mrs. Ramirez's objection to producing her tax returns, in its letter dated May 11,



2000, MacCenter's counsel wrote simply: "As I am sure you are aware, such tax returns are relevant and admissible in an employment discrimination case. We would request that you reconsider your objection to this request. ... If I do not hear from you by Friday, May 12, 2000, we will file a motion to compel." Exhibit A. By this letter, MacCenter's counsel demanded a response within 24 hours. Such a short fuse demand was inappropriate and uncivil. That aside, MacCenter cited no case law, but merely reiterated its position that the requested tax returns were relevant. It is difficult to construe this demand letter as a good faith effort at resolution of any dispute.

In her response provided that same date, Mrs. Ramirez's counsel wrote:

> Regarding your request for copies of Ms. Ramirez's tax returns, you seek disclosure of those materials "for all tax years ending on or after December 31, 1997." Ms. Ramirez's sole employment during 1999 (the year in which MacCenter wrongfully terminated her) was with MacCenter, and the company therefore already knows, based on its own records, exactly how much Ms. Ramirez earned that year. Her tax returns for prior years are irrelevant to the issues raised in this action and therefore [are] not discoverable.

Exhibit A.

As stated in a case MacCenter cited in its Motion to Compel, MacCenter, as the party seeking production, "must demonstrate that the request is relevant, i.e., calculated to lead to admissible evidence ... ." Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195, 197 (M.D. Fla. 1990). MacCenter, however, did not, in its May 11, 2000 letter or in its Motion to Compel, demonstrate why Mrs. Ramirez's tax returns for the years prior to her employment with MacCenter were relevant. Indeed, in its Motion to Compel, MacCenter simply asserted: "The tax returns requested will evidence the income earned by Mrs. Ramirez from 1997 to 1999 as well as further evidence any income earned by Mrs. Ramirez during the second half of 1999 which would be relevant towards

2

MacCenter's expected claims of failure to mitigate damages." Motion to Compel, p. 3.

Mrs. Ramirez's tax returns for years prior to her termination by MacCenter in 1999 (i.e., 1997 and 1998) have no bearing on her efforts to mitigate her damages, since any such efforts could have only occurred after she was wrongfully terminated due to her pregnancy (after June 1999). Further, as previously confirmed to MacCenter, Ms. Ramirez's only income in 1999 was earned while working for MacCenter. See, e.g., Exhibit A. Finally, Ms. Ramirez cannot have completed a tax return for any year thereafter (i.e., 2000). There are, therefore, no relevant tax returns to be produced.

In addition, Ms. Ramirez has already produced documents memorializing her efforts to obtain other employment since MacCenter wrongfully terminated her. MacCenter thus has information as to Ms. Ramirez's attempts to mitigate her damages. Simply put, the tax returns sought are not necessary to MacCenter's "expected claims" concerning any purported failure by Mrs. Ramirez to mitigate her damages.

In sum, MacCenter has not established (and cannot establish) why the documents sought are relevant or necessary. Instead, MacCenter already has, in the form of its own records, all available information regarding Mrs. Ramirez's income for 1999, the only year during which her income might arguably have any bearing on this action. Further, MacCenter has already received available documents regarding Mrs. Ramirez's efforts to mitigate her damages. Thus, not only were Mrs. Ramirez's objections proper, but MacCenter is not entitled to production of the documents its seeks.

### 2. *Case Law MacCenter Cited Does Not Support Its Position*

In its Motion to Compel, MacCenter relied primarily on Shearson Lehman Hutton, Inc. v. Lambros, 135 F.R.D. 195 (M.D. Fla. 1990) in support of its position that Mrs. Ramirez's tax returns should be produced. In Lambros, the court acknowledged that the discoverability of tax returns turns

on relevance grounds. Lambros, 135 F.R.D. at 198, citing Weiner v. Bache Halsey Stuart, Inc., 76 F.R.D. 624, 627 (S.D. Fla. 1977). Indeed, the court in Lambros acknowledged the "generally private nature of tax returns" and compelled the production of tax returns because it found that "the contents of defendants' tax returns may lead to admissible evidence concerning the merits of plaintiff's claims of financial impropriety and conversion by defendants." Lambros, 135 F.R.D. at 198. In this case, however, MacCenter is already in possession of the relevant financial information contained in Mrs. Ramirez's 1999 tax returns, and her returns from previous years are irrelevant.

It is axiomatic that the scope of production and discovery is within this Court's discretion. See, e.g., Fulenwider v. Wheeler, 262 F.2d 97 (5th Cir. 1958) ("[T]he whole matter of discovery is one resting within the sound discretion of the trial court ... .").[1] MacCenter is not automatically entitled to Mrs. Ramirez's tax returns, as it apparently wants this Court to believe. Instead, MacCenter must prove that the materials sought are relevant or that it does not already have the requested information. Since MacCenter cannot do so, its Motion to Compel should be denied.

MacCenter has also cited Maddow v. Procter & Gamble Co., Inc. 107 F.3d 846 (11th Cir. 1997) in its Motion to Compel. In that case, filed pursuant to the Age Discrimination in Employment Act, the court compelled the plaintiffs to produce copies of their tax returns. The opinion, however, does not indicate for how many years the returns were sought or why the court felt those returns were relevant. Accordingly, Maddow has no precedential value to a determination of the Motion to

---

[1] All opinions of the former Fifth Circuit decided prior to the close of business on September 30, 1981 are binding precedent on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

Compel and does not mandate production of Mrs. Ramirez's tax returns.[2]

Finally, MacCenter asserts to the Court that in <u>Morton v. Harris</u>, 628 So. 2d 438 (5th Cir. 1980), the Fifth Circuit imposed sanctions "upon Plaintiff in [a] race discrimination case who refused to produce tax returns." Motion to Compel, p. 4. MacCenter conveniently fails to inform the Court that, in <u>Morton</u>, the sanction was imposed because the "appellant repeatedly failed or refused to fully comply with four court orders, even though the court provided appellant every opportunity to do so." <u>Morton</u>, 628 So. 2d at 440. These refusals occurred over the course of two years, and the trial court "concluded that his tactics and gamesmanship constituted a willful effort to both evade and frustrate discovery." <u>Id.</u> Finally, it must also be pointed out that the sanction was only in small part due to appellant's refusal to comply with an order to produce copies of tax returns; it also encompassed numerous other discovery violations. <u>Id.</u> Thus, the facts in <u>Morton</u> bear no relation to those presented here and therefore, once again, MacCenter has cited case law that has no bearing here.

Should the Court determine that Mrs. Ramirez has to produce any of her tax returns, it should take steps to protect the privacy interests of both Mrs. Ramirez and her husband in those documents and in the information contained therein. See, e.g., <u>Lambros</u>, 135 F.R.D. at 198 (though tax returns had to be produced, due to their generally private nature, court found "the returns should be utilized by plaintiff and its counsel solely in connection with this case and not disseminated to third parties (other than experts or other trial witnesses)."); <u>Weiner v. Bache Halsey Stuart, Inc.</u>, 76 F.R.D. 624 (S.D. Fla. 1977) (compelling production of tax returns in securities litigation, provided documents kept under seal and not be made public except by court order).

---

[2]The <u>Maddow</u> court also implicitly acknowledged the confidential and private nature of tax returns, citing cases from other districts. See <u>Maddow</u>, 107 F.3d at 853.

### B. Interrogatory as to Precise Amount of Damages

As to MacCenter's interrogatory concerning damages, in its May 11, 2000 letter, as its purported "good faith" effort to resolve this matter, MacCenter wrote:

> In addition, we have a problem with your objections to our fifth interrogatory in which we merely request that you identify dollar amounts for your client's damages. We certainly believe this information is relevant and proper especially since this interrogatory is once again a Southern District promulgated interrogatory. Please provide us with a complete answer to this interrogatory on or before Friday, May 12, 2000, or we will be forced to file a Motion to Compel.

Exhibit A. Again, Mrs. Ramirez would like to note that it was patently unreasonable for MacCenter's counsel to give only 24 hours to respond. In addition, the fact that an interrogatory is based upon one promulgated by the Southern District does not mean that, de facto, it seeks relevant information or must be answered if the proponent already has the information sought. Indeed, MacCenter does not cite a single case in support of this portion of its Motion to Compel.

An attorney is required, pursuant to Rule 11 of the Federal Rules of Civil Procedure, to investigate a claim and believe there is a good faith basis for filing suit. She is not required, however, to have calculated precisely what damages have been suffered as of any particular point in the case. Accordingly, in response to the interrogatory in question, Ms. Ramirez described the specific nature of her damages, noting that the exact amounts had not yet been determined, (which still have not been precisely calculated since, inter alia, damages are ongoing, as is discovery and other investigation).

Thus, in response to MacCenter's May 11, 2000 letter, counsel for Ms. Ramirez wrote:

> We have not yet calculated the precise amount of damages to which Mrs. Ramirez is entitled, but they include, without limitation, lost wages, lost benefits, punitive damages, attorneys' fees and costs, and all other items recoverable under applicable law. We have no

> obligation to calculate those sums at this point in time; indeed, in light
> of Mrs. Ramirez's outstanding discovery requests, any such amount
> is certainly subject to change.
>
> * * *
>
> If you feel the need to discuss Ms. Ramirez's discovery responses
> further or have any other questions, do not hesitate to call.

Exhibit A. MacCenter knows how much Mrs. Ramirez was earning while she was in its employ, as well as the nature and cost of her employee benefits, and also knows that Mrs. Ramirez has been unable to locate alternate employment since MacCenter wrongfully terminated her due to her pregnancy. MacCenter is, therefore, in a much better position than Mrs. Ramirez to calculate her lost wages and lost benefits. In addition, no plaintiff can even hazard a guess as to what amount a court may award as punitive damages, and attorneys' fees and costs cannot possibly be calculated before resolution of a case. There is, therefore, nothing evasive or incomplete about Ms. Ramirez's answer.

MacCenter is attempting to pin Mrs. Ramirez down to an amount of damages at an early point in the litigation so that it can later attempt to hold her to that amount, knowing full well that this amount may change, even increase drastically as discovery goes forward. Such maneuvering should not be tolerated. Mrs. Ramirez's answer clearly informs MacCenter of the elements of her damages. Even those amounts that may arguably be assigned a dollar figure (i.e., lost wages and lost benefits) are increasing on a daily basis, and MacCenter is in as good a position as (if not better than) Mrs. Ramirez to "guess" at those numbers. Finally, as Mrs. Ramirez asserted in her recent deposition, there really is no "price" to be assigned to what MacCenter did to her.

Mrs. Ramirez has provided a competent and particularized response as to the elements of her damages. She should not be forced to calculate a specific amount at this juncture – it would be like

trying to hit a bulls eye on a moving target. Mrs. Ramirez, moreover, reasonably anticipates that MacCenter would later try to limit her damages to any amount proposed, even theoretically, at this juncture. Given the ongoing nature of discovery, Mrs. Ramirez recognizes that, if and when, the amounts in question can reasonably be calculated, she will have an obligation to provide those figures to MacCenter (and MacCenter will not be "ambushed" at trial, as it asserts in its Motion to Compel, p. 5). In the mean time, MacCenter's Motion to Compel should be denied as, inter alia, MacCenter is actually in possession of all the information needed to calculate Mrs. Ramirez's hard damages.

### C. MacCenter It Not Entitled to an Award of Attorneys' Fees

In Maddow, the Eleventh Circuit reversed the lower court's award of fees, stating:

> The [lower] court's decision to compel discovery was not an abuse of discretion: ... The award of sanctions, however, was.
>
> A court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery. Fed.R.Civ.P. 37(a)(4)(A). *Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.*

Maddow, 107 F.3d at 853 (emphasis added). In this case, MacCetner's Motion to Compel is utterly baseless. As a result, an award of fees is neither warranted nor appropriate. See also Lambros (court compelled production of documents and answers to interrogatories but did not award any fees).

### D. MacCenter Should Be Compelled to Pay Mrs. Ramirez's Attorneys' Fees and Costs Incurred in Opposing the Motion to Compel

Rule 37(a)(4)(B) provides, in pertinent part, that if a court denies a motion to compel discovery,

> the court ... **shall**, after affording an opportunity to be heard, **require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the**

> **reasonable expenses incurred in opposing the motion, including attorney's fees**, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added.) For the reasons delineated above, MacCenter's Motion to Compel was neither filed in good faith nor substantially justified. Further, by filing its baseless Motion to Compel, MacCenter created extra, unnecessary work for both undersigned counsel and, most importantly, this already overburdened Court. Accordingly, pursuant to Rule 37, the Court should, upon denying MacCenter's Motion to Compel, order MacCenter and/or its counsel to pay Mrs. Ramirez her attorneys' fees and costs incurred in opposing the Motion to Compel.

### E. Conclusion

For the reasons provided, Plaintiff, Maday Ramirez, respectfully requests that this Court: (a) deny MacCenter's Motion to Compel; (b) order MacCenter and/or its counsel to pay Mrs. Ramirez her attorneys' fees and costs incurred in responding to the Motion to Compel; and (c) award such further relief as the Court deems just and proper.

Dated: June 5, 2000.

> Alexander & Friedman LLP
> 3201 W. Griffin Road, Suite 204
> Dania Beach, FL 33312
> (954) 966-4770
> (954) 966-4775 (facsimile)
>
> _/s/ Stephanie Alexander_
> Stephanie Alexander
> Florida Bar No. 0081078
> Brenda A. Friedman
> Florida Bar No. 0056537

## CERTIFICATE OF SERVICE

I certify that on June 5, 2000, a true and correct copy of this document was provided by facsimile and U.S. Mail to:

>Scott M. Behren
>Waldman Feluren & Trigoboff, P.A.
>100 Southeast Third Avenue
>Suite 1500
>Fort Lauderdale, FL 33394

_____
Brenda A. Friedman

# WALDMAN FELUREN
# & TRIGOBOFF, P.A.
### ATTORNEYS AT LAW

ONE FINANCIAL PLAZA • SUITE 1500 • FORT LAUDERDALE, FLORIDA 33394
TELEPHONE (954) 467-8600 • FACSIMILE (954) 467-6222

May 11, 2000

**VIA FACSIMILE 954-966-4775**

Stephanie Alexander, Esquire
Alexander & Friedman, LLP
3201 West Griffin Road
Suite 204
Dania Beach, Florida 33312

    RE:   Maday Ramirez v. USI Corp., d/b/a MacCenter
           Case No.: 00-6198-CIV-DAVIS

Dear Ms. Alexander:

    We are in receipt of your Response to First Request for Production in which, in paragraph 9, you objected to the production of Ms. Ramirez's tax returns. As I am sure you are aware, such tax returns are relevant and admissible in an employment discrimination case. We would request that you reconsider your objection to this request. Please give me a call to discuss this matter further. If I do not hear from you by Friday, May 12, 2000, we will file a Motion to Compel.

    In addition, we are in receipt of your Response to First Set of Interrogatories. First, I object to your frivolous assertion of objections to these interrogatories in that they are standard form interrogatories promulgated (and required) by the U.S. District Court for the Southern District of Florida. In addition, we have a problem with your objections to our fifth interrogatory in which we merely request that you identify dollar amounts for your client's damages. We certainly believe this information is relevant and proper especially since this interrogatory is once again a Southern District promulgated interrogatory. Please provide us with a complete answer to this interrogatory on or before Friday, May 12, 2000, or we will be forced to file a Motion to Compel.

    Please give me a call if you wish to discuss either of these matters.

                              Very truly yours,

                              Scott M. Behren

SMB/jlr
cc:   Mark Feluren, Esq.


EXHIBIT A

## ALEXANDER & FRIEDMAN LLP

ATTORNEYS AT LAW
3201 WEST GRIFFIN ROAD, SUITE 204
DANIA BEACH, FLORIDA 33312
http://floridainsurancelaw.com

STEPHANIE ALEXANDER*
BRENDA A. FRIEDMAN

*ALSO ADMITTED IN ILLINOIS

TELEPHONE (954) 966-4770
FACSIMILE (954) 966-4775

By facsimile

May 11, 2000

Scott M. Behren, Esq.
Waldman Feluren & Trigoboff, P.A.
100 Southeast Third Avenue, Suite 1500
Fort Lauderdale, FL 33394

Re: Ramirez v. MacCenter

Dear Mr. Behren:

This responds to your letter dated today regarding Ms. Ramirez's discovery responses. Regarding your request for copies of Ms. Ramirez's tax returns, you seek disclosure of those materials "for all tax years ending on or after December 31, 1997." Ms. Ramirez's sole employment during 1999 (the year in which MacCenter wrongfully terminated her) was with MacCenter, and the company therefore already knows, based on its own records, exactly how much Ms. Ramirez earned that year. Her tax returns for prior years are irrelevant to the issues raised in this action and therefore not discoverable.

We have not yet calculated the precise amount of damages to which Mrs. Ramirez is entitled, but they include, without limitation, lost wages, lost benefits, punitive damages, attorneys' fees and costs, and all other items recoverable under applicable law. We have no obligation to calculate those sums at this point in time; indeed, in light of Mrs. Ramirez's outstanding discovery requests, any such amount is certainly subject to change.

Finally, we still have not heard from you regarding the proposed date of May 25, 2000 for taking the depositions of Ms. Ramirez and Carol Frame. Please advise us no later than Monday, May 15, 2000 of your intentions so that we will have adequate time to make appropriate preparations.

If you feel the need to discuss Ms. Ramirez's discovery responses further or have any other questions, do not hesitate to call.

Very truly yours,

Brenda A. Friedman