UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6198-Civ-Ferguson/Snow

MADAY RAMIREZ,

        Plaintiff,

vs.

USI CORPORATION d/b/a MACCENTER,

        Defendant.
_____/



FILED by _____ D.C.

SEP - 5 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on MacCenter's Motion to Dismiss Counts II and IV of Plaintiff's Complaint, Motion to Strike (Docket Entry 3), which was referred to Chief United States Magistrate Judge Lurana S. Snow for report and recommendation.

#### I. PROCEDURAL HISTORY

The complaint was filed February 9, 2000, alleging violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) (hereinafter "PDA"), violation of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. (hereinafter "FMLA"), violation of the Florida Civil Rights Act, and intentional or negligent infliction of emotional distress. The plaintiff alleges that she was summarily terminated owing to her pregnancy, although she had never

received any written or verbal discipline with respect to the performance of her job.

The defendant filed the instant motion to dismiss various claims. The motion is fully briefed and ripe for consideration.

## II. RECOMMENDATIONS OF LAW

"The complaint should not be dismissed unless it appears that the [plaintiff] could 'prove no set of facts which would entitle him to relief.' " Jenkins v. McKeithen, 395 U.S. 411, 422, 89 S.Ct. 1843, 1849 (1969), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). The allegations of the complaint are taken as admitted; the complaint must be construed liberally in favor of the plaintiff. Id. Consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. Thomas v. Burlington Industries, Inc., 769 F.SUPP... 368, 370 (S.D. Fla 1991).

### A.   Count II, FMLA

The defendant contends that the complaint fails to state a cause of action for violation of the FMLA, and that the claim for emotional distress is barred by the statute.

The plaintiff concedes that the FMLA does not permit *recovery for emotional distress, and agrees that the Court should*

strike that claim in Count II. McNally v. Winn South Molded Products, Inc., 912 F.Supp. 512 (N.D.Ala. 1996).

Title 29 U.S.C. § 2612(a)(1)(A) permits an eligible employee to take twelve weeks of leave during any twelve month period "because of the birth of a son or daughter and in order to care for such son or daughter." Title 29 U.S.C. § 2615(a) provides

(1) **Exercise of rights**
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) **Discrimination**
It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter.

The plaintiff must demonstrate that "(1) she is protected under the FMLA, (2) she suffered an adverse employment decision, and (3) either she was treated less favorablly than an employee who had not requested FMLA leave or the adverse decision was made because of the plaintiff's request to leave." Beno v. United Telephone Company of Florida, 969 F.Supp. 723, 725 (M.D.Fla. 1997).

3

The defendant asserts that the plaintiff fails to allege that her FMLA rights were interfered with, restrained or denied.[1]

The plaintiff's response contends that the complaint alleges the defendant discharged her because it did not want to hold a job for her while she was on maternity leave. The plaintiff argues that this is a clear violation of the FMLA since the defendant's knowledge of her pregnancy caused them to discharge her to avoid providing the benefits required by the FMLA.

The defendant's reply asserts that the mere existence of pregnancy at the time an employment action is taken, without more, is insufficient to claim violation of the FMLA. Title 29 U.S.C. § 2615(a)(1) requires the employment action to be associated with "the exercise or attempt to exercise any right provided under this subchapter." Beno, supra, (discharge after the employee requested medical leave states a claim for violation of the FMLA; the burden then shifts to the employer to show that the decision to discharge the employee predated the request for FMLA leave); Saradis v.

---

[1] The defendant also contends that Count II should be dismissed because it does not allege that the defendant is an "employer" as defined in the FMLA. The plaintiff, noting that the defendant has not yet filed an answer to the complaint, may amend Count II, without leave of the Court, to include the allegation that the defendant is an "employer." Fed.R.Civ.P. 15(a).

Runyon, 967 F.Supp. 1260 (M.D.Ala. 1997)(employer who twice refused to provide information about the FMLA and instead terminated the employee before she could officially request FMLA leave, violated the FMLA, even though leave had not yet been requested).

The plaintiff's interpretation of the FMLA would prohibit an employer from taking any adverse employment action against a pregnant employee, lest the employee later claim that she "intended" to take FMLA leave even though she had not suggested this to the employer. The plaintiff has cited no legal authority for such a broad reading of the statute.

While the complaint alleges that the plaintiff intended to take leave under the FMLA, the complaint does not allege that the employer was ever made aware of this possibility. The Court should not expand the reach of the FMLA beyond its stated meaning and beyond the cases which interpret the statute; the FMLA only applies after the employee has made the employer aware that she may seek FMLA leave. The Court should dismiss Count II, since there is no allegation her discharge was related to her exercise of, or her attempt to exercise, her rights under the FMLA.

### B.  Count IV, Emotional Distress

Count VI alleges intentional or negligent infliction of emotional distress.  Under Florida law, unless the injury flows from a physical impact, a plaintiff cannot make a claim for negligent infliction of emotional distress.  <u>R.J. v. Humana of Florida, Inc.</u>, 652 So.2d 360 (Fla. 1995).  The plaintiff concedes that there was no physical impact involved, and agrees that the claim for negligent infliction of emotional distress must be dismissed.

A claim for intentional infliction of emotional distress requires "1) deliberate or reckless infliction of mental suffering; 2) by outrageous conduct; 3) which conduct of the defendant caused the suffering; and 4) the suffering was severe."  <u>Hare v. Citrus World, Inc.</u>, 39 F.Supp. 2d 1365, 1369 (M.D.Fla. 1999).

The phrase "outrageous conduct" is defined as conduct so "outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community."  <u>Id.</u>, citing, <u>Metropolitan Life Insurance Co. v. McCarson</u>, 467 So.2d 277, 278-79 (Fla. 1985).  The Court must decide as a matter of law whether particular conduct constitutes "outrageous conduct."  <u>Id.</u>

The plaintiff identifies paragraphs 8-12 of the complaint as those alleging outrageous conduct:

> 8. During her employment at MacCenter, Mrs. Ramirez never received any written or verbal discipline with respect to her job performance.
> 9. In June of 1999, Mrs. Ramirez was called into a meeting with her supervisor, Denise Broderick, and was summarily terminated. Mrs. Ramirez was terminated because she was pregnant and because MacCenter did not want to hold a job for Mrs. Ramirez during her maternity leave.
> 10. Mrs. Ramirez's replacement had been hired before she was even fired.
> 11. The sudden firing came as a complete shock to Mrs. Ramirez (which engendered significant emotional stress to bother herself and her baby). Indeed, MacCenter's former Human Resources Manager assert that Mrs. Ramirez was in such shock at her sudden termination that she thought Mrs. Ramirez was going to lose her baby.
> 12. MacCenter's former Human Resources Manager confirms that Mrs. Ramirez had never received any written discipline with respect to her job performance before she was summarily terminated.

The plaintiff notes that no Florida decision has addressed this fact pattern, and suggests that further discovery is necessary before the Court can fully evaluate the facts supporting the claim of intentional infliction of emotional distress.

Simply alleging violation of a civll rights statute generally is insufficient to state a claim for intentional infliction of emotional distress. Florida law adopts the Restatement (Second) of Torts in defining outrageous conduct. <u>Paul v. Humana Medical Plan, Inc.</u>, 682 So.2d 1119, 1121 (Fla 4th DCA 1996).

> Liability under this cause of action is imposed only "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. <u>Wornick Co. v. Casas</u>, 856 S.W.2d 732, 734 (Tex 1993)(quoting Restatement (Second) of Torts § 46 cmt. D (1965). . . . In the employment context, a claim for intentional infliction of emotional distress will not be supported by a broad range of conduct labeled as "mere employment disputes." "In order to properly manage its business, an employer must be able to supervise, review, criticize, demote, transfer and discipline employees."

<u>MacArthur v. University of Texas Health Center Tyler</u>, 890 F.2d 890, 898 (5th Cir. 1995)(citations omitted). <u>See</u>, <u>Vance v. Southern Bell Telephone & Telegraph Co.</u>, 983 F.2d 1573, 1757 n.7 (11th Cir. 1993)(hanging a noose over the black employee's work station, confining her to the supervision of a white woman who physically

8

attacked her previously, transporting her to the wrong hospital when she suffered a nervous breakdown at work, and constructively discharging her by refusing to transfer her to another department do not constitute intentional infliction of emotional distress under Florida law).

The undersigned finds that the allegation, that the plaintiff knowingly violated the PDA, fails to rise to the degree of outrageousness required by Florida law. Because the plaintiff believes additional discovery may support the claim, the Court should dismiss the Count IV claim for intentional infliction of emotional distress without prejudice to renew with more specific allegations.

III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED as follows:

1. That the Court GRANT the motion to dismiss the Count II claim for violation of the Family and Medical Leave Act.

2. That the Court DENY AS MOOT the motion to strike the Count II claim for camages for emotional distress, since Count II must be dismissed in its entirety.

9

3. That the Court GRANT the motion to dismiss with prejudice the Count IV claim for negligent infliction of emotional distress.

4. That the Court GRANT the motion to dismiss without prejudice the Count IV claim for intentional infliction of emotional distress.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable Wilkie D. Fergus on, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 5th day of September, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:   Stephanie Alexander, Esq.
             Scott Behren, Esq.