## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6198-CIV-FERGUSON

MADAY RAMIREZ,

        Plaintiff(s),

vs.

USI CORP. D/B/A MACCENTER,

        Defendant(s).
_____/

### ORDER OF REFERRAL TO MEDIATION

Trial having been set in this matter for May 21, 2001, pursuant to Federal Rule of Civil Procedure 16 and Southern District Local Rule 16.2, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. All parties are required to participate in mediation. **The mediation shall be completed on or before March 21, 2001.**

2. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of this Court but may select any other mediator. **The parties shall agree upon a mediator within fifteen (15) days from the date hereof. If there is no agreement, lead counsel shall promptly notify the Clerk in writing and the Clerk shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.**

3. A place, date and time for mediation convenient to the mediator, counsel of record, and



unrepresented parties shall be established. The lead attorney shall prepare an agreed Order on mediation which incorporates all of the foregoing terms.

4. The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

5. All discussions, representations and statements made at the mediation conference shall be confidential and privileged.

6. At least ten (10) days prior to the mediation date, all parties shall present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of these summaries shall be served on all other parties.

7. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2.B.6, or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 30 days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least two (2) full business days in advance. Failure to do so will result in imposition of a fee for one hour.

9. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2.F, by the filing of a notice of settlement signed by counsel of record within ten (10) days of the mediation conference. Thereafter the parties shall forthwith submit an appropriate pleading concluding the case.

10. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

11. **Failure to mediate this cause on or before the date set forth above shall be grounds for sanctions, including dismissal.**

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 6TH day of Sept, 2000.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

copies provided:
Stephanie Alexander, Esq.
Scott M. Behren, Esq.

3