## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,

        v.

USI CORPORATION d/b/a
MACCENTER,

        Defendant.

_____/

Case No. 00-6198-CIV-FERGUSON

Magistrate *Judge* Snow



### PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Maday Ramirez ("Mrs. Ramirez"), by and through her undersigned counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 26.1.H., moves for entry of an order compelling Defendant, USI Corporation d/b/a MacCenter ("MacCenter"), to produce documents sought by Plaintiff's Second Request for Production, as well as documents which MacCenter has asserted are privileged, and for an award of her attorneys' fees and costs incurred in conjunction with this Motion. In support of this Motion, Mrs. Ramirez states:

### I. Introduction

On July 28, 2000, Mrs. Ramirez served her Second Request for Production on MacCenter, which consisted of eight (8) requests. In response, MacCenter objected to five (5) of the requests and refused to produce any responsive documents thereto. Counsel for Mrs. Ramirez, through two separate letters, twice attempted to resolve this matter without the need for judicial involvement. In response to the first letter, MacCenter maintained its position regarding its objections (although it did state that as to one of the requests in question, it had no responsive documents); MacCenter never

bothered to respond to the second letter.[1] Mrs. Ramirez therefore has no choice but to seek entry of an order compelling MacCenter to cooperate in her discovery efforts, as required by the applicable rules of procedure. Accordingly, upon the granting of this Motion, the Court should also award Mrs. Ramirez the attorneys' fees and costs incurred in conjunction with this Motion.

Further, Mrs. Ramirez seeks an order compelling MacCenter to produce two items it claims are privileged. MacCenter has asserted that one, a letter from a former employee to its counsel, is protected by the attorney-client privilege. MacCenter, however, waived that privilege by deposing that former employee and specifically asking her, at length, about the letter in question. MacCenter has asserted that the other item, an in-house e-mail between two employees, is work-product, since it was responding to Mrs. Ramirez's EEOC complaint. That e-mail, however, is dated _after_ the employee had already left MacCenter's employ. It is, moreover, impossible from the description provided by MacCenter to determine the propriety of its invocation of this privilege. The Court should, therefore, compel production of these documents or, at the very least, conduct an _in camera_ review to determine whether these materials are being properly withheld by MacCenter.

## II. Argument

### A. MacCenter Should Be Compelled to Produce the Personnel Files Sought.

#### *1. Mrs. Ramirez's Requests and MacCenter's Responses*

Request No. 1:

> Any file maintained for, regarding, or relating to Carol Frame, including but not limited to her personnel file.

---

[1] Counsel for Mrs. Ramirez has not attached any of the correspondence between the parties, in compliance with Local Rule 7.7, but will promptly provide copies of those documents to the Court if invited to do so.

See Exhibit A. Requests 2, 3, and 4 are identical to Request No. 1, except that they seek the

personnel files for Denise Broaderick, Mark Miller, and Lily Weisner, respectively. Id.

MacCenter's response to each of these four Requests was identical; MacCenter wrote:

> MacCenter objects to producing the documents requested in this
> paragraph since they are not likely to lead to the discovery of
> admissible evidence. Moreover, there are privacy issues relating to
> the release of another employee's personnel file.

See Exhibit B.

## *2. Legal Analysis*

MacCenter's assertion that the documents sought are not likely to lead to the discovery of

admissible evidence is, at best, fallacious. Parties must approach discovery the way courts do –

construing the term "relevant evidence" broadly. See, e.g., Kreuzfeld A.G. v. Carnehammar, 138

F.R.D. 594, 607 (S.D. Fla. 1991) ("With respect to the issue of 'relevancy' of discovery, discovery

rules 'are to be accorded a broad and liberal treatment.'") quoting Hickman v. Taylor, 329 U.S. 495,

507-08 (1947). The Court in Kreuzfeld went on to discuss relevancy under Federal Rule of Civil

Procedure 26(b), holding:

> The key phrase in this definition – "relevant to the subject matter in
> the pending action" – has been construed broadly to encompass any
> matter that bears on, or that reasonably could lead to other matter that
> could bear on, any issue that is or may be in the case. Consistently
> with the notice pleading system established by the Rules, discovery is
> not limited to issues raised by the pleadings, for discovery itself is
> designed to help define and clarify the issues. Nor is discovery limited
> to the merits of a case, for a variety of fact-oriented issues may arise
> during litigation that are not related to the merits.

Kreuzfeld, 138 F.R.D. at 607. Utilizing this construction of "relevancy," the documents sought here

are indisputably relevant and, therefore, discoverable. Three of the people for whom personnel files

3

are sought (Ms. Frame, Ms. Broaderick, and Mr. Miller) were MacCenter employees at the time MacCenter wrongfully terminated Mrs. Ramirez. All three of them were directly involved with, and/or have personal knowledge of the facts and circumstances surrounding, MacCenter's decision to fire Mrs. Ramirez due to her pregnancy. All three have been, or are set to be, deposed by MacCenter. Mrs. Ramirez believes that these employees' personnel files contain relevant, discoverable documents (e.g., reprimands, comments, or reviews pertaining to the mishandling of Mrs. Ramirez's termination; evidence of their qualifications, experience, competence, and any training they did or did not have regarding compliance with applicable laws).

The fourth employee whose personnel file is sought (Ms. Weisner) is Mrs. Ramirez's sister and has been employed in a position comparable to that held by Mrs. Ramirez. Ms. Weisner's reviews for job performance, raises, and retention by MacCenter are relevant to demonstrate, for example, that Mrs. Ramirez's job performance was on a par with employees in comparable positions who were not terminated. Such documents would help establish the real motive behind MacCenter's wrongful termination of Mrs. Ramirez (her pregnancy, not her job performance).

MacCenter has also objected to these four requests, contending that "there are privacy issues relating to the release of another employee's personnel file." See Exhibit B; p.2, supra. As a threshold matter, MacCenter's entitlement to raise privacy issues in behalf of its current or former employees is questionable, at best. This is all the more true where, as here, MacCenter has deposed (or is scheduled to depose) three of the four people whose files are sought, thereby itself challenging any purported privacy interests of the individuals in question. Nonetheless, Mrs. Ramirez has informed MacCenter that it is free to redact clearly personal material from the personnel files that unquestionably has no bearing on this matter (such as home address or telephone number, and Social

4

Security number), provided that it specifies the nature of the redacted information. Doing so would protect private information for these employees while allowing Mrs. Ramirez access to clearly relevant documents. MacCenter, however, has maintained its objections and refused to produce any of the materials sought by Requests 1 through 4.

MacCenter's position is all the more puzzling in light of its last correspondence to undersigned counsel, in which MacCenter admitted that if certain documents exist in the personnel files requested, they would, in fact, be relevant. MacCenter further indicated that it would produce those items, but only if Mrs. Ramirez were to **specifically** request them. In essence, MacCenter has invited Mrs. Ramirez to embark on a fishing expedition, to guess what types of documents might exist in these personnel files. It is unreasonable – indeed, impossible – to expect Mrs. Ramirez to somehow divine what documents exist in those files, and to then blindly trust that MacCenter has, in fact, produced all documents in those files that are relevant to this action (versus those it determines, in its sole judgment, are responsive to the particular requests Mrs. Ramirez has, purely by conjecture and with no actual knowledge of what those files contain, created). This would give MacCenter a convenient means of failing to produce what might, in fact, be evidence damaging to its case, enabling MacCenter to determine, in its sole discretion, what documents it "believes" are responsive to Mrs. Ramirez's "guesses" at what those files actually contain. Such an approach to discovery is absurd and unproductive (in every sense of the word) and should be neither approved nor condoned by the Court. Instead, MacCenter should be compelled to produce the documents in question to Mrs. Ramirez.

**B. MacCenter Should Be Compelled to Produce a Letter Listed on its Privilege Log.**

In its privilege log, Exhibit C, MacCenter has listed a letter from Carol Frame to Mark Feluren

from June 1999. MacCenter contends that this letter is protected from production by the attorney-

client privilege.

The Eleventh Circuit Court of Appeals has held that "[t]he party invoking the attorney-client

privilege has the burden of proving that an attorney-client relationship existed and that the particular

communications were confidential." U.S. v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991).

This is not an easy burden to satisfy:

> In order to show that communications made to an attorney are within
> the privilege, it must be shown that "the communication was made to
> him confidentially, in his professional capacity, for the purpose of
> securing legal advice or assistance." United States v. Ponder, 475
> F.2d 37, 39 (5th Cir.1973). "The key question in determining the
> existence of a privileged communication is 'whether the client
> reasonably understood the conference to be confidential.'" Kevlik v.
> Goldstein, 724 F. 2d 844, 849 (1st Cir. 1984) (quoting McCormick on
> Evidence, § 91 at 189 (1972)).

Id. MacCenter has not satisfied this burden. The mere fact that the letter was from a MacCenter

employee to MacCenter's counsel does not, in and of itself, satisfy the standards established by the

Eleventh Circuit. At the very least, the Court should conduct an in camera review of the letter in

question and determine the propriety of MacCenter's assertion of this privilege as to that document.

Even if MacCenter could somehow satisfy its burden and demonstrate that the letter in

question was privileged, it has waived that privilege. Specifically, on June 12, 2000, MacCenter took

Ms. Frame's deposition, during which counsel for MacCenter questioned Ms. Frame at length

regarding her written communications with both Mark Miller (who is not an attorney) and

MacCenter's counsel. Specifically, the following exchange took place:

6

**Question** [by MacCenter's counsel]: Isn't it true that you had communications with other people advising them that Miss [sic] Ramirez was, in fact, moved from her home to your office [at MacCenter] as a result of because [sic] she was not getting the work done from home? Did you ever tell anyone that? Did you ever send letters to anybody to that effect?

**Answer** [by Ms. Frame]: No.

**Q:** Never, huh?

**A:** I don't believe so.

**Q:** Did you ever send any letters to anybody indicating that Miss Ramirez had a performance review, that her performance was indicated as being average and that she need[ed] improvement in certain areas and that was the reason why she was being moved from home to the office?

**A:** In a letter?

**Q:** Yes.

**A:** No. That would not be my responsibility nor would I break the trust of MacCenter by conveying that to anybody.

**Q:** Did you ever convey that [to] any of MacCenter's attorneys?

**A:** Not that I recall.

**Q:** Did you have communication –

**A:** Oh, yes, I remember now.

**Q:** What do you remember?

**A:** That was I wrote to Mark Fillaran [sic] explaining the problem to him.

**Q:** What did you tell him?

**A:** Just exactly what you said.

**Q:** That Miss Ramirez was moved from her home to her office as [a] result of work deficiencies, performance deficiencies?

7

**A:** That's what I had been told, and that's what I had been told to write.

**Q:** Isn't it also true that you mentioned that even after Miss Ramirez was transferred from her home to her office that her performance didn't improve?

**A:** That's what I was told to write.

**Q:** Who told you this?

**A:** Either Mr. France or Mr. Miller.

See Exhibit D, Deposition of Carol Frame, pp. 58-59. In addition, during this portion of the deposition, counsel for MacCenter had in his hands, and kept referring to, what was apparently the letter in question.

During Ms. Frame's deposition, MacCenter (through its attorney) relied upon correspondence it claims to be privileged in deposing a former employee (who is a key witness for Mrs. Ramirez), yet refuses to produce that same correspondence (authored by Ms. Frame), claiming it is subject to the attorney-client privilege. This is not the purpose of the attorney-client privilege. "[T]he [attorney-client] privilege was intended as a shield, not a sword. Consequently, a party may not insist upon the protection of the privilege for damaging communications while disclosing other selected communications because they are self-serving." Int'l Telephone and Telegraph Corp. v. United Telephone Co. of Fla., 60 F.R.D. 177, 185 (M.D. Fla. 1973). Indeed, "if a party-client introduces part of his correspondence with his attorney, the production of all of the correspondence could be demanded." Id. at 186. Clearly, MacCenter introduced part of this particular correspondence by its detailed questioning of its author regarding that very same letter. Having done so, MacCenter has waived any privilege that arguably might otherwise have attached to the document.

8

In sum, even assuming, arguendo, that the letter in question was previously protected by an attorney-client privilege (which Mrs. Ramirez contends it was not), any such privilege has been affirmatively waived by MacCenter's use of that letter, and interrogation of Ms. Frame regarding that letter, during her deposition. Accordingly, MacCenter must produce the letter. At the very least, this Court should conduct an in camera inspection of the document to determine the appropriateness of MacCenter's assertion of privilege.

## C. MacCenter Should Be Compelled to Produce an E-Mail Listed on its Privilege Log.

MacCenter's Second Privilege Log, Exhibit E, lists only one item – an e-mail Mark Miller purportedly sent to Carol Frame on July 22, 1999. MacCenter claims that this item is protected from production by the work-product privilege. That bald assertion does not, by itself, allow MacCenter to refuse to produce the e-mail in question.

As a threshold matter, "the so-called 'work-product' privilege is not a privilege, but is a qualified immunity from discovery." Int'l Telephone, 60 F.R.D. at 186. This doctrine protects from disclosure those materials that have been prepared in anticipation of litigation by or for a party or by or for that party's attorney acting for his or her client, and may be discovered if the party seeking production demonstrates a substantial need for the materials and an inability to obtain the documents by some other means without undue hardship. See Rule 26(b)(3), Fed.R.Civ.P.; see also Auto Owners Inc. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla. 1990). Finally, the party seeking to assert this privilege bears the burden of establishing its applicability. Id. Thus, MacCenter must establish that it has correctly invoked this privilege. MacCenter, however, cannot do so.

9

First and foremost, MacCenter's position is belied by the face of the privilege log itself, since as of July 22, 1999, Ms. Frame was no longer employed by MacCenter. See Exhibit D, Deposition of Carol Frame, p. 54 (Ms. Frame left MacCenter's employ prior to July 20, 1999). On that basis alone, MacCenter should be compelled to produce a document that, pursuant to its own description, appears to have been fabricated.

That argument aside, MacCenter cannot satisfy its burden of proof that this document is protected by the work-product privilege. Indeed, it is questionable (at best) whether MacCenter prepared the e-mail in question in anticipation of actual litigation. Instead, according to the privilege log, the e-mail deals with responding to an EEOC complaint – not litigation. The mere filing of an EEOC complaint does not necessarily or inevitably portend a lawsuit.

Even assuming, arguendo, that the e-mail (apparently discussing a response to an EEOC complaint) was prepared in anticipation of "litigation," that does not, in and of itself, mean the item can never be discovered.

> Rule 26(b)(3) allows a court to weigh the application of the privilege against the genuine needs of the litigant seeking discovery . Thus, a litigant may gain access to otherwise privileged information upon showing 1) a substantial need for the materials in the preparation of the party's case; and 2) that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

State of Florida v. Industrial Chemicals, Inc., 145 F.R.D. 585, 588 (N.D. Fla. 1991). See also Fed.R.Civ.P. 26(b)(3).

Here, the balance of interests requires that MacCenter produce the document. Mrs. Ramirez has a substantial need for the document since it is expected to help demonstrate the impropriety of MacCenter's actions in her wrongful termination. In addition, MacCenter has sole possession of the

10

document sought, rendering it impossible for Mrs. Ramirez to obtain the e-mail by any other means.

Accordingly, MacCenter should be ordered to produce this document to Mrs. Ramirez or, at the very

least, submit the item to the Court for an in camera inspection so that the Court may determine

whether MacCenter has properly asserted this privilege.

### D.    MacCenter Should Be Compelled to Pay Mrs. Ramirez the Fees and Costs Incurred in Conjunction with this Motion.

Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If the motion [to compel disclosure or discovery] is granted or if the
> disclosure or requested discovery is provided after the motion was
> filed, the court **shall**, after affording an opportunity to be heard,
> require the party or deponent whose conduct necessitated the motion
> or the party or attorney advising such conduct or both of them to pay
> to the moving party the reasonable expenses incurred in making the
> motion, including attorney's fees ... .

(Emphasis added.)    Mrs. Ramirez was forced to prepare and file this Motion due solely to

MacCenter's refusal to comply with discovery, even after her repeated efforts to obtain such

compliance.    Thus, upon granting this Motion, the Court should also award Mrs. Ramirez the

attorneys' fees and costs she has incurred in conjunction with this Motion.

### III. Conclusion

For the reasons provided, Mrs. Ramirez respectfully requests this Court to enter an Order:

(a) granting this Motion; (b) compelling MacCenter to produce the personnel files sought by the first

four requests contained in Mrs. Ramirez's Second Request for Production; (c) compelling MacCenter

to produce the letter from Carol Frame to Mark Feluren from June 1999 listed on MacCenter's first

privilege log; (d) compelling MacCenter to produce the e-mail between Carol Frame and Mark Miller

dated July 22, 1999, listed on MacCenter's second privilege log; (e) awarding Mrs. Ramirez her

11

attorneys' fees and costs incurred in conjunction with this Motion; and (f) granting such further relief

as the Court deems just and proper.

Dated: October _13_, 2000

ALEXANDER & FRIEDMAN LLP
3201 W. Griffin Road, Suite 204
Dania Beach, FL 33312
(954) 966-4770
(954) 966-4775 (facsimile)

_(signature)_

Stephanie Alexander
Florida Bar No. 081078
Brenda A. Friedman
Florida Bar No. 056537

## CERTIFICATE OF SERVICE

I certify that on October _13_, 2000, a true and correct copy of the foregoing was provided
by facsimile and U.S. Mail to:

Scott M. Behren
Waldman Feluren & Trigoboff, P.A.
100 Southeast Third Avenue
Suite 1500
Fort Lauderdale, FL 33394

_(signature)_

Brenda A. Friedman

12

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,                   Case No. 00-6198-CIV-DAVIS

v.                             Magistrate Judge Brown

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Plaintiff, Maday Ramirez, by and through her undersigned counsel, requests that defendant,

USI Corporation d/b/a MacCenter, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

produce the documents requested within thirty (30) days of the date of service of this Request at the

offices of Alexander & Friedman LLP, 3201 West Griffin Road, Suite 204, Dania Beach, Florida

33312. In responding to this Request, Defendant should use the definitions and the instructions set

forth in Schedules A and B to Plaintiff's Second Set of Interrogatories, served herewith. Defendant

and its counsel should review those definitions and instructions before preparing Defendant's

response.

Dated: July 28, 2000.

                                ALEXANDER & FRIEDMAN LLP
                                3201 W. Griffin Road, Suite 204
                                Dania Beach, FL 33312
                                (954) 966-4770
                                (954) 966-4775 (facsimile)

                                Stephanie Alexander
                                Florida Bar No. 081078



# EXHIBIT A

## CERTIFICATE OF SERVICE

I certify that on July 28, 2000, a true and correct copy of this document was provided by facsimile and U.S. Mail to:

> Scott M. Behren
> Waldman Feluren & Trigoboff, P.A.
> 100 Southeast Third Avenue
> Suite 1500
> Fort Lauderdale, FL 33394

Stephanie Alexander

### Description of Documents to be Produced

1.     Any file maintained for, regarding, or relating to Carol Frame, including but not limited to her personnel file.

2.     Any file maintained for, regarding, or relating to Denise Broaderick, including but not limited to her personnel file.

3.     Any file maintained for, regarding, or relating to Mark Miller, including but not limited to his personnel file.

4.     Any file maintained for, regarding, or relating to Lily Wiesner, including but not limited to her personnel file.

5.     Any and all documents that memorialize, reflect, or relate in any way to communications to or from Carol Frame regarding Mrs. Ramirez's employment and/or her job performance while Mrs. Ramirez was employed by MacCenter.

6.     Any and all documents that memorialize, reflect, or relate in any way to any other discrimination claims that have been asserted, verbally or in writing, against MacCenter or any of its employees, representatives, or agents between January 1, 1995 and the present.

7.     Any and all documents that memorialize, reflect, or relate in any way to any electronic communications (including but not limited to e-mails) to and/or from Mrs. Ramirez and MacCenter while Mrs. Ramirez was employed by MacCenter.

8.     Any and all documents that memorialize, reflect, or relate in any way to any training MacCenter provided or made available to its employees, representatives, or agents regarding federal employment and/or discrimination laws, including but not limited to the Pregnancy Discrimination Act, the Civil Rights Act of 1964, and the Family Medical Leave Act.

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

MADAY RAMIREZ,                    )
                                 )
            Plaintiff,            )        CASE NO.: 00-6198-CIV-FERGUSON
                                 )
                                 )        Magistrate Judge Snow
vs.                              )
                                 )
                                 )
USI CORP. d/b/a                  )
MACCENTER,                       )
                                 )
            Defendant.           )
_____)

## DEFENDANT'S RESPONSE TO SECOND REQUEST FOR PRODUCTION

Defendant, USI CORP. d/b/a MacCenter, by and through its undersigned counsel, hereby responds to Plaintiff's Second Request for Production as follows:

1.    MacCenter objects to producing the documents requested in this paragraph since they are not likely to lead to discovery of admissible evidence. Moreover, there are privacy issues relating to the release of another employee's personnel file.

2.    MacCenter objects to producing the documents requested in this paragraph since they are not likely to lead to discovery of admissible evidence. Moreover, there are privacy issues relating to the release of another employee's personnel file.

3.    MacCenter objects to producing the documents requested in this paragraph since they are not likely to lead to discovery of admissible evidence. Moreover, there are privacy issues relating to the release of another employee's personnel file.

4.    MacCenter objects to producing the documents requested in this paragraph since they are not likely to lead to discovery of admissible evidence. Moreover, there are privacy issues relating to the release of another employee's personnel file.

 EXHIBIT B

CASE NO.: 00-6198-CIV-FERGUSON

5    The documents responsive to Request No. 5 will be produced at the offices of Defendant's undersigned counsel upon reasonable notice and during regular business hours.

6.    MacCenter objects to this request as it is overbroad and not likely to lead to the discovery of admissible evidence.

7.    The documents responsive to Request No. 7 will be produced at the offices of Defendant's undersigned counsel upon reasonable notice and during regular business hours

8.    The documents responsive to Request No. 8 will be produced at the offices of Defendant's undersigned counsel upon reasonable notice and during regular business hours. In addition, certain items are maintained at the offices of Defendant and will be made available for viewing upon reasonable notice and during regular business hours.

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via facsimile and U.S. Mail to: Brenda Friedman, Esquire, Alexander & Friedman, 3201 West Griffin Road, Suite 204, Dania Beach, Florida 33312 on this 28th day of August, 2000.

WALDMAN FELUREN & TRIGOBOFF, P.A.
One Financial Plaza, Suite 1500
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile:  (954) 467-6222

By: _____

Scott M. Behren
Florida Bar No.: 987786

## DEFENDANT'S PRIVILEGE LOG

| Date | To | From | Type of Document | Privl. Claimed |
|------|----|----|----|----|
| 6/16/99 | Human Resources at MacCenter | EEOC | EEOC Notice of Charge of Discrimination and Request for Information with handwritten notes of MacCenter | Work product |
| 6/99 | Mark Feluren | Carol Frame | Letter | Attorney-client |
| 5/9/00 | Andrea Kayser | Dean Marotta | E-mail | Work product |
| 4/19/00 | Michael France | Mark Feluren | Letter | Attorney-client |
| 3/1/00 | Michael France | Mark Feluren | Facsimile | Attorney-client |
| 2/10/00 | Michael France | Mark Feluren | Facsimile and attachments | Attorney-client |
| 12/3/99 | Michael France | Mark Feluren | Letter | Attorney-client |
| 11/9/99 | Stephanie Alexander | Mark Feluren | Draft letter | Attorney-client Work product |



EXHIBIT C

1

2                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF FLORIDA
3                          MIAMI DIVISION

4
                    CASE NO. 00-6198-CIV-DAVIS
5

6                                                **ORIGINAL**
  MADAY RAMIREZ,                      :
7                                     :
        Plaintiff,                    :
8                                     :
        vs.                           :
9                                     :
  USI CORP. d/b/a MACCENTER,          :
10                                    :
        Defendant.                    :
11  ------------------------------------

12

13                 DEPOSITION OF CAROL FRAME

14
              Taken before Angela Saxon, Certified
15  Professional Reporter and Notary Public in and for
    the State of Florida at Large, pursuant to notice of
16  taking deposition filed by the Defendant in the
    above cause.
17

18  Thursday, May 25, 2000
    100 Southeast Third Avenue, Suite 1500
19  Fort Lauderdale, Florida 33394
    2:15 p.m. - 4:30 p.m.
20

21

22

23

24

25

**EXHIBIT** $\underline{D}$

```
 1        A.    Do you have a calendar for 1999?

 2        Q.    I don't know if I do or not, but I'm not

 3   going to go get it right now.

 4        A.    Well as I recall I had left MacCenter

 5   before this date.  And I have never seen this.

 6   I never received that.

 7        Q.    You're saying you left prior to July 20,

 8   1999?

 9        A.    Yes, I did.

10        Q.    And you never had any discussion was Miss

11   Fox relating to Miss Ramirez's performance?

12        A.    Not to my recollection, that's correct.

13        Q.    Did anyone at MacCenter ever tell you that

14   Miss Ramirez was terminated due to her pregnancy?

15        A.    It was discussed that Maday was being

16   terminated because she was due to deliver in

17   September which was the busiest time of the year for

18   MacCenter.

19        Q.    Who advised you this?  Remember you're

20   under oath, you just swore to God that you're going

21   to tell the truth.

22            MS. ALEXANDER:  Objection, you don't

23        need to cast aspersions on her.  It's not

24        appropriate.

25            MR. BEHREN:  I'm not casting
```

58

```
 1          Q.   Isn't it true that you had communications
 2     with other people advising them that Miss Ramirez
 3     was, in fact, moved from her home to your office as
 4     a result of because she was not getting the work
 5     done from home?  Did you ever tell anyone that?  Did
 6     you ever send letters to anybody to that effect?
 7          A.   No.
 8          Q.   Never, huh?
 9          A.   I don't believe so.
10          Q.   Did you ever send any letters to anybody
11     indicating that Miss Ramirez had a performance
12     review, that her performance was indicated as being
13     average and that she need improvement in certain
14     areas and that was the reason why she was being
15     moved from home to the office?
16          A.   In a letter?
17          Q.   Yes.
18          A.   No.  That would not be my responsibility
19     nor would I break the trust of MacCenter by
20     conveying that to anybody.
21          Q.   Did you ever convey that any of
22     MacCenter's attorneys?
23          A.   Not that I recall.
24          Q.   Did you have communication --
25          A.   Oh, yes, I remember now.
```

```
 1          Q.   What do you remember?

 2          A.   That was I wrote to Mark Fillaran

 3     explaining the problem to him.

 4          Q.   What did you tell him?

 5          A.   Just exactly what you said.

 6          Q.   That Miss Ramirez was moved from her home

 7     to her office as result of work deficiencies,

 8     performance deficiencies?

 9          A.   That's what I had been told, and that's

10     what I had been told to write.

11          Q.   Isn't it also true that you mentioned

12     that even after Miss Ramirez was transferred from

13     her home to her office that her performance didn't

14     improve?

15          A.   That's what I was told to write.

16          Q.   Who told you this?

17          A.   Either Mr. France or Mr. Miller.

18          Q.   You had no personal information to dispute

19     what you were being told on this occasion?

20               MS. ALEXANDER:  Objection, form.  I

21          don't understand that question.

22               MR. BEHREN:  It doesn't matter if you

23          understand it.  It's whether the witness

24          understands it.

25               MS. ALEXANDER:  I don't think the court
```

## DEFENDANT'S SECOND PRIVILEGE LOG

| Date | To | From | Type of Document | Privl. Claimed | Subject |
|------|-----|------|------------------|----------------|---------|
| 7/22/99 | Carol Frame | Mark Miller | E-mail | Work product | Responding to EEOC Complaint |

# EXHIBIT _E_