**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

MADAY RAMIREZ,

        Plaintiff,                    Case No. 00-6198-CIV-FERGUSON

v.                                  Magistrate Judge Snow

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR EXPEDITED PROTECTIVE ORDER

    Plaintiff, Maday Ramirez ("Mrs. Ramirez"), by and through her undersigned counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, moves for entry of a protective order staying the depositions in this case that are currently scheduled for October 25-27, 2000 until her pending Motion to Compel has been decided (as Mrs. Ramirez is in need of the discovery being withheld by MacCenter before it can adequately prepare for these depositions). In support of this Motion, Mrs. Ramirez states:

    1. On July 28, 2000, Mrs. Ramirez served her Second Request for Production on MacCenter, which consisted of 8 requests. In response, MacCenter objected to 5 of the 8 requests, refusing to produce any responsive documents thereto. Counsel for Mrs. Ramirez, through two separate letters, twice attempted to resolve this matter without the need for judicial involvement. In response to the first letter, MacCenter maintained its position regarding its objections (although it did state that as to one of the requests in question, it had no responsive documents). MacCenter never bothered to respond to the second letter. Mrs. Ramirez therefore had no choice but to seek entry of an order compelling MacCenter to cooperate in her discovery efforts, as required by the applicable rules of

procedure.

2. Mrs. Ramirez also sought to compel the production of two items MacCenter claims are privileged. MacCenter has asserted that one, a letter from a former employee to its counsel, is protected by the attorney-client privilege. MacCenter, however, waived that privilege by deposing that former employee and specifically asking her, at length, about the letter in question. MacCenter has asserted that the other item, an in-house e-mail between two employees, is work-product, since it was responding to Mrs. Ramirez's EEOC complaint. That e-mail, however, is dated <u>after</u> the employee/recipient had already left MacCenter's employ. Mrs. Ramirez has, therefore, also asked the Court to compel the production of these documents which are no longer privileged (if, indeed, they ever were).

3. In light of the pending Motion to Compel, the undersigned wrote to opposing counsel asking to postpone the unilaterally set depositions at issue until the discovery dispute could be resolved. Opposing counsel refused. The undersigned also informed opposing counsel that Mrs. Ramirez would thus have to file a motion for protective order. Hence, the undersigned has met her duty of conferring in good faith with opposing counsel about the matter.

4. MacCenter is currently scheduled to take the depositions of four current or former employees on October 25-27, 2000.

5. MacCenter has, however, refused to produce, for example, the personnel files for many of these individuals (even though they are clearly relevant to the case and Mrs. Ramirez has requested them) and Mrs. Ramirez has already moved to compel their production.

6. Mrs. Ramirez cannot adequately prepare for these depositions without the discovery that is currently behind withheld by MacCenter.

7. Moreover, the undersigned had surgery and was out of the office most of last week. She is also expected to be out of the office a good deal of this week due to illness and would not, therefore, be able to attend these depositions in any event.

8. The Court should also know that MacCenter has unilaterally set the dates for every single deposition in this case (despite repeated requests that it first check with opposing counsel before doing so). In a previous deposition in this case, moreover, opposing counsel's deposition behavior was so outrageous towards a witness that he unnecessarily made her cry and tried to press her about very intimate facts that were completely irrelevant to the case. Opposing counsel also threatened the witness with federal sanctions for failing to appear for her deposition on a previous date (even though opposing counsel had himself agreed to reset the date and also knew that the witness had been told that the deposition had been rescheduled). The undersigned has never witnessed more egregious conduct by an opposing counsel during discovery.

9. According to Rule 26(c) of the Federal Rules of Civil Procedure, "the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . "

10. Even if Mrs. Ramirez' counsel were physically able to attend the depositions at issue, it would make no sense for her to be forced to attend the depositions without the important documents that are currently being withheld by MacCenter (and which are the subject of a pending Motion to Compel). Mrs. Ramirez cannot adequately prepare for these depositions without these documents. It would be impractical and inappropriate to expect Mrs. Ramirez to try and somehow re-depose the witnesses at a later date with the discovery in hand. Hence, MacCenter's outright refusal to reset the depositions until the Motion to Compel can be resolved surely constitutes the kind of "oppression

3

or undue burden or expense" within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

12. MaCenter would not be prejudiced by any delay in these depositions because discovery in this case is still ongoing and these depositions could simply be reset.

For the reasons provided, Mrs. Ramirez respectfully requests this Court to enter an Order: (a) granting this Motion; (b) staying the aforementioned depositions until Mrs. Ramirez' pending Motion to Compel is resolved; (c) ordering MacCenter to confer with opposing counsel before setting future depositions in this case; (d) instructing opposing counsel to cease his oppressive and threatening deposition behavior at depositions in the future; and (e) granting such further relief as the Court deems just and proper.

Dated: October 23, 2000

ALEXANDER & FRIEDMAN LLP
3201 W. Griffin Road, Suite 204
Fort Lauderdale, FL 33312
(954) 966-4770
(954) 966-4775 (facsimile)

*[signature]*
Stephanie Alexander
Florida Bar No. 081078

4

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2000, a true and correct copy of the foregoing was provided by facsimile to:

> Scott M. Behren
> Waldman Feluren & Trigoboff, P.A.
> 100 Southeast Third Avenue
> Suite 1500
> Fort Lauderdale, FL 33394

*Stephanie Alexander*
Stephanie Alexander

5