IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,                      Case No. 00-6198-CIV-FERGUSON

v.                                  Magistrate Judge Snow

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____/

## MOTION TO AMEND COMPLAINT

Plaintiff Maday Ramirez ("Mrs. Ramirez"), pursuant to Federal Rule of Civil Procedure 15(a), moves to amend her original Complaint. In support of this Motion, Mrs. Ramirez asserts:

1. On September 5, 2000, Magistrate Judge Snow issued a Report and Recommendation ("Magistrate's Report and Recommendation) which had the effect of striking two of her claims for emotional distress and her claim for discrimination under the Family and Medical Leave Act (the "FMLA"). The Magistrate's Report held Mrs. Ramirez' Family and Medical Leave Act claim to be deficient because it failed to allege that Mrs. Ramirez' former employer knew of her intent to take FMLA leave.

2. Mrs. Ramirez now seeks to amend her original Complaint to delete the two counts of emotional distress and to cure the single defect in Count II (her FMLA claim) by adding the allegations that the Defendant in this case was an employer within the meaning of the FMLA and that it knew of Mrs. Ramirez' intent to take FMLA leave. That the Defendant knew of Mrs. Ramirez' intent to take FMLA has subsequently been proven by the deposition of its former Human Resources Manager, Carol Frame. These are the only substantive changes in the Amended Complaint sought to



be filed by Mrs. Ramirez.

3. The facts and circumstances set out in the Amended Complaint are identical to those set out in Mrs. Ramirez' original Complaint. The Defendant was also made aware of Mrs. Ramirez' intention to amend her original Complaint in light of the Magistrate's Report. Hence, the Defendant will not be prejudiced by the proposed amendment.

4. Aside from the exchange of documents pursuant to the applicable Federal Rules of Civil Procedure and the depositions of Mrs. Ramirez and another witness, little discovery has occurred in this case. Indeed, certain depositions are currently being stayed pending resolution of a Motion to Compel filed by Mrs. Ramirez' against the Defendant.

5. As required by the Local Rules for the United States District Court for the Southern District of Florida, counsel for the Defendant was contacted about consenting to an amendment of the Complaint, Mrs. Ramirez is unaware of any response.

6. A copy of the proposed Amended Complaint is attached as **Exhibit 1.**

WHEREFORE, Mrs. Ramirez respectfully requests that this Court grant this Motion to Amend the Complaint and deem the attached Amended Complaint filed and served.

Date: November 1, 2000

>Alexander & Friedman LLP
>Counsel for Plaintiff
>3201 West Griffin Road, Suite 204
>Fort Lauderdale, FL 33312
>954.966.4770 (telephone)
>954.966-4775 (facsimile)
>
>By: *Stephanie Alexander* (signature)
>Stephanie Alexander
>Fla. Bar No. 0081078
>Brenda A. Friedman
>Fla. Bar No. 0056537

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2000, a true and correct copy of this document was served by facsimile on:

>Scott M. Behren
>Waldman Feluren & Trigoboff, P.A.
>100 Southeast Third Avenue
>Suite 1500
>Fort Lauderdale, FL 33394

*Stephanie Alexander*
Stephanie Alexander

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,                       Case No. 00-6198-CIV-DAVIS

v.                                       Magistrate Judge Brown

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____ /

### FIRST AMENDED COMPLAINT

Plaintiff Maday Ramirez complains of Defendant USI Corporation (d/b/a MacCenter) as follows:

### PRELIMINARY STATEMENT

1.  This is an action under the Pregnancy Discrimination Act (42 U.S.C § 2000e(k), 2000e-2)(hereinafter referred to as the "PDA"), the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.)(hereinafter referred to the "FMLA"), and various state laws to correct and remedy the Defendant's unlawful employment practices and to make whole and compensate Mrs. Ramirez for discrimination and emotional distress.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and §1343; and the laws of the State of Florida.

3.  Venue is proper within the Southern District of Florida, pursuant to 28 U.S.C.§ 1391 because USI Corporation does business in the Southern District of Florida, Mrs. Ramirez lives in this


EXHIBIT 1

judicial district, and the events and/or omissions giving rise to the claim herein have occurred in the Southern District of Florida.

4.    At all times material hereto, Mrs. Ramirez was an "employee" of MacCenter (a d/b/a of USI Corporation).

5.    USI Corporation is a Florida corporation doing business within this the Southern District of Florida.

### FACTS

6.    Mrs. Ramirez was employed as a marketing coordinator at MacCenter. During her employment with MacCenter, Mrs. Ramirez received at least one promotion and pay raise.

7.    While employed at MacCenter, Mrs. Ramirez became pregnant. Her baby was due in September of 1999, and Mrs. Ramirez made it known to MacCenter that she intended to take a maternity leave under the Family and Medical Leave Act.

8.    MacCenter was aware that Mrs. Ramirez had requested, and was planning to take, maternity leave under the Family and Medical Leave Act.

9.    During her employment at MacCenter, Mrs. Ramirez never received any written or verbal discipline with respect to her job performance.

10.    In June of 1999, Mrs. Ramirez was called into a meeting with her supervisor, Denise Broderick, and was summarily terminated. Mrs. Ramirez was terminated because she was pregnant and because MacCenter did not want to hold a job for Mrs. Ramirez during her maternity leave.

11.    Mrs. Ramirez' replacement had been hired before she was even fired.

12.    The sudden firing came as a complete shock to Mrs. Ramirez (which engendered significant emotional stress to both herself and her baby). Indeed, MacCenter's former Human

2

Resources Manager asserts that Mrs. Ramirez was in such shock at her sudden termination that she thought Mrs. Ramirez was going to lose her baby.

13.   MaCenter's former Human Resources Manager confirms that Mrs. Ramirez had never received any written discipline with respect to her job performance before she was summarily terminated.

14.   Mrs. Ramirez was replaced by one Kristin Krueger (who was not pregnant and whose performance was inferior to Mrs. Ramirez').

15.   Mrs. Ramirez has satisfied all conditions precedent to bringing the instant suit.

### COUNT I – PREGNANCY DISCRIMINATION ACT

16.   Mrs. Ramirez reaffirms and realleges Paragraphs 1-15 of the Complaint.

17.   Beginning on or about June of 1999, MacCenter purposefully discriminated against Mrs. Ramirez because she was pregnant in violation of the PDA.

18.   The unlawful employment practices complained of were intentional.

19.   As a direct and proximate cause of MacCenter's violation of the PDA, Mrs. Ramirez has been damaged, including but not limited to, lost earnings, employee benefits, and emotional distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a) Back-pay with prejudgment interest, front pay, and other affirmative relief including, but not limited to, reinstatement;

(b)   Compensatory and emotional distress damages;

(c)   Punitive damages;

(d)   Reasonable attorneys' fees and costs incurred in this action; and

3

(e) Such other and further relief as this Court deems just and proper.

### COUNT II - FAMILY AND MEDICAL LEAVE ACT

20.  Mrs. Ramirez reaffirms and realleges Paragraphs 1-19 of the Complaint.

21.  MacCenter is an "employer" within the meaning of the Family and Medical Leave Act. Beginning on or about June of 1999, MacCenter purposefully discriminated against Mrs. Ramirez because she was pregnant and because MacCenter,-- with the specific knowledge (and having been informed) that Mrs. Ramirez intended to take the leave guaranteed her under the FMLA-- did not want to hold a job for her while she was out on FMLA leave (in violation of the FMLA).

22.  The unlawful employment practices complained of were intentional.

23.  As a direct and proximate cause of MacCenter's violation of the FMLA, Mrs. Ramirez has been damaged, including but not limited to, lost earnings, employee benefits, and emotional distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a)  Back-pay with prejudgment interest and other affirmative relief including, but not limited to, reinstatement;

(b)  Liquidated damages;

(c)  Actual damages;

(d)  Reasonable attorneys' fees and costs incurred in this action; and

(e)  Such other and further relief as this Court deems just and proper.

### COUNT III - FLORIDA CIVIL RIGHTS ACT

24. Mrs. Ramirez realleges Paragraphs 1 through 23 of the Complaint.

25. Beginning on or about June of 1999, MacCenter purposefully discriminated against Mrs. Ramirez because she was pregnant and because MacCenter did not want to hold a job for her while she was out on a planned maternity leave in violation of the Florida Civil Rights Act ("the FCRA").

26. The unlawful employment practices complained of were    intentional.

27. As a direct and proximate cause of MacCenter's violation of the FCRA, Mrs. Ramirez has been damaged, including but not limited to, lost earnings, employee benefits, and emotional distress.

WHEREFORE, Mrs. Ramirez prays for the following relief:

(a) Back-pay with prejudgment interest, front pay, and other affirmative relief including, but not limited to, reinstatement;

(b) Compensatory and emotional distress damages;

(c) Punitive damages;

(d) Reasonable attorneys' fees and costs incurred in this action; and

(e) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

28.  Mrs. Ramirez demands a jury on all claims triable as a matter of right by a jury.

Dated: November __1__, 2000

       Alexander & Friedman LLP
       Attorneys for Plaintiff
       3201 West Griffin Road, Suite 204
       Fort Lauderdale, FL 33312
       (954) 966-4770
       (954) 966-4775 (fax)

By: _/s/ Stephanie Alexander_
    STEPHANIE ALEXANDER
    Fla. Bar No. 0081078

**CERTIFICATE OF SERVICE**

I certify that on November __1__, 2000, a true and correct copy of this document was provided by facsimile to:

       Scott M. Behren
       Waldman Feluren & Trigoboff, P.A.
       100 Southeast Third Avenue
       Suite 1500
       Fort Lauderdale, FL 33394

_/s/ Stephanie Alexander_
Stephanie Alexander