THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| MADAY RAMIREZ, | ) | |
| | ) | CASE NO.: 00-6198-CIV-FERGUSON |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Snow |
| vs. | ) | |
| | ) | |
| USI CORP. d/b/a | ) | |
| MACCENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## USI CORP. d/b/a MACCENTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED PROTECTIVE ORDER OR, ALTERNATIVE MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED PROTECTIVE ORDER

Defendant, USI Corp. d/b/a MacCenter ("MacCenter"), by and through its undersigned counsel and pursuant to Rule 76(c), *Fed. R. Civ. P.*, and Local Rule 7.1(C), serves its Memorandum in Opposition to Plaintiff's Motion for Expedited Protective Order or Alternative Motion for Reconsideration of Order Granting Plaintiff's Motion for Expedited Protective Order, and states as follows:

### I. PRELIMINARY STATEMENT

#### The Pleadings

On February 9, 2000, Ramirez filed a Complaint against MacCenter alleging violation of the Pregnancy Discrimination Act, Family Medical Leave Act, Florida Civil Rights Act and for intentional infliction of emotional distress. MacCenter moved to dismiss Ramirez's claims for violations of the Family Medical Leave Act and intentional infliction of emotional distress. On September 5, 2000, Magistrate Judge Snow entered a Report and Recommendation granting MacCenter's Motion to

5.1.B

NON-COMPLIANCE OF S.D. fla. L.R.___

1

CASE NO.: 00-6198-CIV-FERGUSON

Dismiss thereby dismissing Ramirez's claims under the Family Medical Leave Act and for intentional infliction of emotional distress. No objections to the Report and Recommendation were filed by Ramirez.[1]

## Discovery

This case is currently set for trial during the trial period commencing May 21, 2001.[2] Discovery has already commenced in this matter, including Plaintiff's service of her First Request for Production. On May 17, 2000, MacCenter responded to this First Request for Production producing hundreds of pages of documents. On July 28, 2000, Plaintiff served her Second Request for Production.[3] The Second Request for Production seeks personnel files of several employees, including: MacCenter's Human Resource Manager, Carol Frame; Ms. Ramirez's supervisor, Denise Broaderick; and another of Ms. Ramirez's supervisors, Mark Miller. Moreover, Ramirez also seeks the personnel file of another MacCenter employee who is related to Ms. Ramirez, Galily Weisner. MacCenter objected to the production of these personnel files as being irrelevant to the pending issues in this matter. Moreover, MacCenter believes that production of these personnel files will violate the privacy rights of these non-party employees. When MacCenter refused to produce these personnel files, the Plaintiff filed a Motion to Compel production of these files as well as several privileged documents identified in MacCenter privilege logs. Disposition of this Motion is pending.

---

[1]No Order approving the Magistrate's Report and Recommendation has been entered by this Court.

[2]The discovery cutoff is March 12, 2001.

[3]Additional documents were produced in response to the Second Request for Production.

2

CASE NO.: 00-6198-CIV-FERGUSON

In response to MacCenter's First Set of Interrogatories served upon the Plaintiff, she identified several persons with knowledge of the allegations of her claims, including: Denise Broaderick; Alicia DeMichael; Debra Kerr; Galily Weisner; Kimberly Larkins; Mark Miller; Ruthe Rambeau; and Carolyn Fox. Accordingly, MacCenter scheduled the depositions of each of these persons.[4]

## Plaintiff's Frustration of Discovery

Despite the fact that Ramirez is the Plaintiff in this matter, her counsel has repeatedly attempted to frustrate discovery in this matter by canceling depositions at the last moment. For instance, on March 27, 2000, MacCenter scheduled the deposition of Carol Frame to take place on May 2, 2000. Ms. Frame was served with a subpoena. On or about April 10, 2000, Plaintiff's counsel asked to reschedule the deposition of Carol Frame due to a purported conflict. In response, the undersigned sent a letter to Plaintiff's counsel requesting her to provide alternative dates for Ms. Frame's deposition. Plaintiff's counsel never responded to this correspondence. On May 1, 2000, Ms. Frame called the undersigned counsel and confirmed her deposition for the following day. Notwithstanding, on May 2, 2000, Ms. Frame failed to appear for her deposition and a Certificate of Non-Appearance was issued.[5] Plaintiff's counsel only bothered to provide alternative dates for the deposition of Ms. Frame on May 5, 2000 when the undersigned counsel indicated their intention to file a Motion for Contempt against Ms. Frame.

---

[4]MacCenter has sought to depose telephonically Carolyn Fox, who resides in Maryland, but since it has not been able to obtain stipulation of Plaintiff's counsel, was required to file a Motion with this Court, which is still pending.

[5]It later became evident that Plaintiff's counsel instructed Ms. Frame not to appear.

3

CASE NO.: 00-6198-CIV-FERGUSON

Similarly, on September 13, 2000, the undersigned counsel scheduled the depositions of: Denise Broaderick (for October 25, 2000); Alicia DeMichael (for October 27, 2000) Debra Kerr, Galily Weisner, Kimberly Larkens and Mark Miller (for October 26, 2000). These third-parties were all served with subpoenas. Even though the depositions had been scheduled for over a month, on October 19, 2000 (only two business days prior to the scheduled depositions), opposing counsel sent correspondence advising, "in light of our pending Motion to Compel and the fact that we have not received many of the documents requested from you, we will need to reschedule the upcoming depositions set for next week." Due to the last-minute nature of this request and the fact that the request was made not due to a scheduling conflict, but due to the fact that certain discovery had not yet been provided (which MacCenter believes is irrelevant to the depositions), the undersigned counsel refused to reschedule. On October 23, 2000, Plaintiff served their Motion for Expedited Protective Order claiming that the depositions could not proceed due to MacCenter's purported failure to comply with discovery. In this Motion for Protective Order, Plaintiff's counsel indicated for the first time that she was also too ill to attend the depositions.

On or about October 25, 2000, counsel commenced the deposition of Denise Broaderick, in Boca Raton, Florida, since no Order had been entered on Plaintiff's Motion for Protective Order. At that time, the undersigned counsel contacted opposing counsel, Stephanie Alexander, who could have attended the deposition by telephone, but refused. Instead she elected to call this Court's chambers to advise of the pending Motion for Protective Order. Moreover, despite the fact that the undersigned counsel requested an opportunity to respond to Plaintiff's Motion for Protective Order, this Court entered an Order Granting the Motion and staying the depositions scheduled for October

4

CASE NO.: 00-6198-CIV-FERGUSON

26th and 27th "until further order." It is at this time that MacCenter opposes Plaintiff's Motion for Protective Order or, alternatively, seeks to have this Court reconsider and set aside its Order granting Plaintiff's Motion for Protective Order dated October 25, 2000.

## II. ARGUMENT

### A. Plaintiff's Motion for Protective Order Should Have Been Denied
### Due to Plaintiff's Failure to Comply with Local Rule 7.1(E)

In accordance with Local Rule 7.1(E) relating to "emergency" motions, Plaintiff was required to set forth "in detail" the necessity for the expedited procedure. Plaintiff did not set forth the basis for seeking an expedited ruling by this Court and accordingly the Motion should have been denied. The fact that irrelevant discovery had not yet been produced by MacCenter does not warrant a protective order and did not justify the filing of the emergency motion. Moreover, opposing counsel's purported medical condition was only raised for the first time in the Motion for Protective Order. It was curiously never addressed in the letter sent on Friday, October 20, 2000. Finally, the undersigned counsel provided the opportunity, to opposing counsel, to attend Ms. Broaderick's deposition telephonically and, in fact, Ms. Alexander was on the line during the commencement of the deposition, but refused to continue her attendance by telephone. Thus, the undersigned counsel respectfully requests that this Court deny Plaintiff's Motion for Protective Order and/or set aside the Order granting the Motion for Protective Order.

### B. Since the Discovery Sought to be Compelled in Plaintiff's Second Request
### for Production was Irrelevant, it was not a Basis to Stay the Scheduled Depositions.

As a basis for the continuance of the scheduled depositions, Plaintiff asserted that she could

5

CASE NO.: 00-6198-CIV-FERGUSON

not proceed with these depositions until this Court ruled upon their Motion to Compel Documents. This was not a sufficient basis to delay these depositions. First, Defendant objected to production of personnel files for Denise Broaderick, Carol Frame, Mark Miller and Galily Wiesner. The production of these personnel files has no relevance to the depositions of employees whose personnel files were not sought such as: Alicia DeMichael; Kim Larkens; and Debra Kerr. Moreover, the requested production of personnel files of the other non-party employees is not relevant and violates their privacy.[6] Certainly the personnel files of the former Human Resource Director and supervisors of Ms. Ramirez have no relevance to the allegations in the Complaint. Moreover, it is well-established that it is appropriate to prohibit disclosure of personnel files to protect non-parties from harm and embarrassment potentially caused by non-confidential disclosure of their personnel files. *See, Knoll v. American Telephone & Telegraph Co.*, 176 F. 3d 359 (6th Cir. 1999). It is necessary to protect such personnel files to protect confidential information such as addresses, telephone numbers, marital status, wage information, medical background, credit history and other work-related problems unrelated to Plaintiff's claims. *Id.* at 384. This is especially true where Plaintiff previously requested (and was provided with) internal e-mail, memos and correspondence relating to the termination and evaluation of Ms. Ramirez.

As an additional basis for her Motion to Compel, Ramirez argues that she is entitled to production of certain documents identified on MacCenter privilege logs One of them is a letter from

---

[6] Ms. Broaderick and Mr. Miller were direct supervisors of Ms. Ramirez. Carol Frame was the former Director of Human Resources at MacCenter. Galily Wiesner was another employee at MacCenter, in a different position from Ms. Ramirez, who also happens to be a relative of Ms. Ramirez.

6

CASE NO.: 00-6198-CIV-FERGUSON

Carol Frame to Mark Feluren, Esq. This document has no relevance to any of the proposed deponents (i.e., Ms. Broaderick, Larkins, Kerr, and/or Mr. Miller).

Thus, since the discovery which Plaintiff seeks to compel is irrelevant to the depositions of former MacCenter employees, the pending Motion to Compel should not serve as the basis for the entry of a protective order. For these reasons, the undersigned counsel respectfully requests that this Court deny Plaintiff's Motion or to set aside the Order Granting Plaintiff's Motion for Protective Order entered on October 25, 2000.

### C. MacCenter Should Have Been Provided an Opportunity to Respond to Plaintiff's Motion for Protective Order.

Plaintiff's Motion for Protective Order was served on October 24, 2000 only several days prior to the scheduled depositions. It was not styled or described as an "emergency" motion and, therefore, the normal briefing schedule described in Local Rule 7.1 should have applied. On October 25, 2000, the undersigned counsel spoke with this Court's chambers. At that time, he was asked whether MacCenter intended to respond to Plaintiff's Motion for Protective Order. When the undersigned counsel advised that he intended to respond to said Motion, this Court's chambers responded that he should serve a response at his "soonest convenience." Shortly thereafter (the same day), an Order was entered granting Plaintiff's Motion for Protective Order, not having given MacCenter any opportunity to respond to it. For those reasons, Plaintiff's Motion should be denied or the Order Granting Plaintiff's Motion for Protective Order should be set aside.

### III. CONCLUSION

For all of the foregoing reasons set forth herein, MacCenter respectfully requests that this Court deny Plaintiff's Motion for Protective Order or alternatively requests this this Court to set aside

7

CASE NO.: 00-6198-CIV-FERGUSON

the Order Granting Plaintiff's Motion for Protective Order on October 25, 2000 and for any and all other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via Facsimile and U.S. Mail to: Brenda Friedman, Esquire, Alexander & Friedman, 3201 West Griffin Road, Suite 204, Dania Beach, Florida 33312 on this 31 day of October, 2000.

> WALDMAN FELUREN & TRIGOBOFF, P.A.
> One Financial Plaza, Suite 1500
> 100 Southeast Third Avenue
> Fort Lauderdale, Florida 33394
> Telephone: (954) 467-8600
> Facsimile:  (954) 467-6222
>
> By: _____
> Scott M. Behren
> Florida Bar No.: 987786.

8