IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NOV 7 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA., MIAMI

| | |
|---|---|
| MADAY RAMIREZ, ) | |
| ) | CASE NO.: 00-6198-CIV-FERGUSON |
| Plaintiff, ) | |
| ) | Magistrate Judge Snow |
| vs. ) | |
| ) | |
| USI CORP. d/b/a ) | |
| MACCENTER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MACCENTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO SECOND REQUEST FOR PRODUCTION

Defendant, USI Corp. d/b/a MacCenter ("MacCenter"), by and through its undersigned counsel and pursuant to Rule 37 of the *Fed. R. Civ. P.* and Local Rule 7.1(C), hereby opposes the entry of an Order compelling MacCenter's responses to Second Request for Production and states as follows:

### I. PRELIMINARY STATEMENT

#### The Pleadings

On February 9, 2000, Ramirez filed a Complaint against MacCenter alleging violation of the Pregnancy Discrimination Act, Family Medical Leave Act, Florida Civil Rights Act and for intentional infliction of emotional distress. MacCenter moved to dismiss Ramirez's claims for violations of the Family Medical Leave Act and intentional infliction of emotional distress. On September 5, 2000, Magistrate Judge Snow entered a Report and Recommendation granting MacCenter's Motion to Dismiss thereby dismissing Ramirez's claims under the Family Medical Leave Act and for intentional infliction of emotional distress. No objections to the Report and Recommendation were filed by



IN COMPLIANCE OF S.D. fla. L.R. 5.1B

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

Ramirez.[1]

## Discovery

This case is currently set for trial during the trial period commencing May 21, 2001.[2] Discovery has already commenced in this matter, including Plaintiff's service of her First Request for Production. On May 17, 2000, MacCenter responded to this First Request for Production producing hundreds of pages of documents. On July 28, 2000, Plaintiff served her Second Request for Production.[3] The Second Request for Production seeks personnel files of several employees, including: MacCenter's Human Resource Manager, Carol Frame; Ms. Ramirez's supervisor, Denise Broaderick; and another of Ms. Ramirez's supervisors, Mark Miller. Moreover, Ramirez also seeks the personnel file of another MacCenter employee who is related to Ms. Ramirez, Galily Weisner. MacCenter objected to the production of these personnel files as being irrelevant to the pending issues in this matter. Moreover, MacCenter believes that production of these personnel files will violate the privacy rights of these non-party employees.

In response to MacCenter's First Set of Interrogatories served upon the Plaintiff, she identified several persons with knowledge of the allegations of her claims, including: Denise Broaderick; Alicia DeMichael; Debra Kerr; Galily Weisner; Kimberly Larkins; Mark Miller; Ruthe Rambeau; and Carolyn Fox. Accordingly, MacCenter scheduled the depositions of each of these

---

[1]No Order approving the Magistrate's Report and Recommendation has been entered by this Court.

[2]The discovery cutoff is March 12, 2001.

[3]Additional documents were produced in response to the Second Request for Production.

2

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

persons.[4]

## Plaintiff's Frustration of Discovery

Despite the fact that Ramirez is the Plaintiff in this matter, her counsel has repeatedly attempted to frustrate discovery in this matter by canceling depositions at the last moment. For instance, on March 27, 2000, MacCenter scheduled the deposition of Carol Frame to take place on May 2, 2000. Ms. Frame was served with a subpoena. On or about April 10, 2000, Plaintiff's counsel asked to reschedule the deposition of Carol Frame due to a purported conflict. In response, the undersigned sent a letter to Plaintiff's counsel requesting her to provide alternative dates for Ms. Frame's deposition. Plaintiff's counsel never responded to this correspondence. On May 1, 2000, Ms. Frame called the undersigned counsel and confirmed her deposition for the following day. Notwithstanding, on May 2, 2000, Ms. Frame failed to appear for her deposition and a Certificate of Non-Appearance was issued.[5] Plaintiff's counsel only bothered to provide alternative dates for the deposition of Ms. Frame on May 5, 2000 when the undersigned counsel indicated their intention to file a Motion for Contempt against Ms. Frame.

Similarly, on September 13, 2000, the undersigned counsel scheduled the depositions of: Denise Broaderick (for October 25, 2000); Alicia DeMichael (for October 27, 2000) Debra Kerr, Galily Weisner, Kimberly Larkens and Mark Miller (for October 26, 2000). These third-parties were

---

[4] MacCenter has sought to depose telephonically Carolyn Fox, who resides in Maryland, but since it has not been able to obtain stipulation of Plaintiff's counsel, was required to file a Motion with this Court, which is still pending.

[5] It later became evident that Plaintiff's counsel instructed Ms. Frame not to appear

3

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

all served with subpoenas. Even though the depositions had been scheduled for over a month, on October 19, 2000 (only two business days prior to the scheduled depositions), opposing counsel sent correspondence advising, "in light of our pending Motion to Compel and the fact that we have not received many of the documents requested from you, we will need to reschedule the upcoming depositions set for next week." Due to the last-minute nature of this request and the fact that the request was made not due to a scheduling conflict, but due to the fact that certain discovery had not yet been provided (which MacCenter believes is irrelevant to the depositions), the undersigned counsel refused to reschedule. On October 23, 2000, Plaintiff served their Motion for Expedited Protective Order claiming that the depositions could not proceed due to MacCenter's purported failure to comply with discovery. In this Motion for Protective Order, Plaintiff's counsel indicated for the first time that she was also too ill to attend the depositions.

## II. LEGAL ARGUMENT

### A. MacCenter Should Not Be Compelled to Produce Personnel Files of Non-Similarly Situated Employees.

Plaintiff's Second Request for Production seeks production of personnel files for: Carol Frame, the former Human Resources Manager; Denise Broaderick, Ms. Ramirez's direct supervisor; Mark Miller, Ms. Broaderick's supervisor; and Galily Wiesner, another MacCenter employee who is the sister of Ms. Ramirez. MacCenter objects to producing these personnel files since they are irrelevant, not likely to lead to admissible evidence in this proceeding and because production of these personnel files would violate the privacy of these former MacCenter employees.

First, Plaintiff should not be entitled to proceed on a fishing expedition through the private

4

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

personnel files of Plaintiff's supervisors. It is well-settled that great caution should be exercised in the production of non-relevant personnel files since the files contain private information of the employees. *Knoll v. American Telephone & Telegraph Co.*, 176 F. 3d 359, 364 (6th Cir. 1999) (Courts have specifically granted protective orders from production of personnel files to protect non-parties from the harm and embarrassment potentially caused by non-confidential disclosure of their personnel files); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."). In the *Knoll* case, the District Court held that Defendants had a valid interest in the privacy of non-party personnel files since they can contain highly personal information such as unlisted addresses and telephone numbers, marital status, wage information, medical background, credit history and other work-related problems unrelated to Plaintiff's claims. *Knoll v. American Telephone & Telegraph Co.*, 176 F. 3d at 364.

Notwithstanding the privacy concerns surrounding the production of personnel files, such files would only be relevant if they pertain to relevant issues. Specifically, Plaintiff asserts that the personnel files of the Human Resource Manager and Plaintiff's supervisors would be relevant in that the files may contain memos or other documents related to the handling of Ms. Ramirez's termination. However, such documents were already produced in response to Plaintiff's First Request for Production, a copy of which is attached hereto as Exhibit "A," which requested in paragraph 3 "Any and all documents that relate in any way to MacCenter's hiring, employment, and/or termination of Mrs. Ramirez." Plaintiff further asserts that the supervisors' qualifications, experience, competence and training would be relevant information obtained from the personnel files.

5

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

However, a non-intrusive way to determine this information would be to take the depositions of Ms. Frame, Mr. Miller and Ms. Broaderick. These depositions were already scheduled by MacCenter and curiously, were canceled at the last moment by Plaintiff's counsel.[6] Since Plaintiff already received copies of e-mail, memos and other documents relating to Ms. Ramirez's termination, there would be no other relevant reason for seeking these files other than for purposes of harassment.

The Plaintiff contends that the personnel file of Ms. Wiesner is relevant in that Ms. Wiesner was employed in a position comparable to that held by Ms. Ramirez. However, Ms. Wiesner's file would only be relevant in a Pregnancy Discrimination Act claim if Ms. Wiesner had been similarly situated to Ms. Ramirez. Documents contained in Ms. Wiesner's file relating to job performance, raises and retention by MacCenter are not relevant because Plaintiff's burden of proof is to show that she, as a pregnant employee, was treated differently than other non-pregnant employees. Specifically, Ms. Ramirez would have to show that other non-pregnant employees engaged in the same poor work performance as her and were not terminated. Moreover, in order for an employee to be considered comparable or "similarly situated" in a disparate treatment case, "the plaintiff and the employee must be similar in all of the relevant aspects." *Miller v. Federal Express Corp.*, 186 F. R. D. at 383. Ms. Ramirez and the similarly situated employee would have to had dealt with the same supervisor, been subject to the same standards and been engaged in the same conduct. *Id.* However, Ms. Wiesner was not in the same position as Ms. Ramirez, did not have the same job responsibilities as Ms. Ramirez and was not supervised by the same manager. Therefore, Ms. Wiesner's personnel file would not be

---

[6]These depositions were the subject of a Motion for Protective Order now pending before this Court.

6

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

relevant.[7]

Since the personnel files sought by Plaintiff are irrelevant and the disclosure of the information in these files would violate the privacy of non-parties to this litigation, MacCenter respectfully requests this Court to deny Plaintiff's Motion to Compel these files.

### B. MacCenter Should Not Be Compelled to Produce Correspondence Between Mark Feluren, Esq. And Carol Frame.

Plaintiff contends that MacCenter is required to produce correspondence listed on its privilege log between Carol Frame, the former Human Resource Manager at MacCenter and Mark Feluren, Esq., of the undersigned law firm. This letter was written on the date of Plaintiff's termination. There is no question that this correspondence was confidential communications between MacCenter and its attorneys. It is well-established that once the elements of the attorney-client privilege are established, the privilege is as absolute as any known in the law. *International Telephone & Telegraph Corporation v. United Telephone Company of Florida*, 60 F. R. D. 177, 180 (M.D. Fla. 1973). Moreover, in order to establish a waiver of the attorney-client privilege, it is the Plaintiff's burden to prove such a waiver. *Id.*

In support of her argument, Plaintiff merely refers to deposition testimony of Ms. Frame where she discusses conversations she may have had with certain people (such as Mr. Feluren) as to Ms. Ramirez's performance and the reasons for her termination. There is never any specific

---

[7] It should be noted that Ms. Wiesner is the sister of Ms. Ramirez and it would seem that any information sought from her personnel file could be obtained through direct contact with her sister. Moreover, Ms. Wiesner was also scheduled for a deposition in this matter which was canceled at the last minute by Plaintiff's counsel.

7

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

discussion as to the contents of the correspondence between Mr. Feluren and Ms. Frame nor was the correspondence ever made a part of the record to Ms. Frame's deposition. Notwithstanding the fact that a waiver of the privilege can only be made by the client (i.e., MacCenter), the client does not waive the privilege by testifying generally in the cause or testifying as to facts that were the subject of consultation with his attorney. *International Telephone & Telegraph Corp. v. United Telephone Company of Florida*, 60 F. R. D. at 184 (M.D. Fla. 1973); *Rates Technology, Inc. v. Elcotel, Inc.*, 118 F. R. D. 133, 135 (M. D. Fla. 1987) (Attorney-client privilege not waived where statements clearly did not reveal the essence of the substantive communications in the letter).

Accordingly, since MacCenter has not waived the attorney-client privilege as to correspondence between Carol Frame and Mark Feluren dated June 16, 1999, such correspondence should not be compelled by this Court.

### C. E-mail Memorandums Between Mark Miller and the Human Resources Director of MacCenter Regarding the Preparation of Responses to EEOC Charges Are Protected by the Work-Product Privilege.

On MacCenter's second privilege log, it identified an e-mail dated July 22, 1999, from Mark Miller to Carol Frame. This e-mail is also copied to Denise Broaderick and Michael J. France (the President of MacCenter). The e-mail addresses the preparation of a response to the EEOC charge filed by the Plaintiff against MacCenter. It is also addresses certain conversations held with Mark Feluren, Esq., MacCenter's attorney.

As an initial matter, Plaintiff argues that the e-mail must have been fabricated since it purports to be addressed to Carol Frame and is dated July 22, 1999, after Carol Frame had already left MacCenter. Upon review of Ms. Frame's deposition and the e-mail, it is correct that Ms. Frame left

8

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

MacCenter on or about July 11, 1999. However, upon further review of the e-mail, although the top of the e-mail is directed to Carol Frame, the body of the e-mail is addressed to "Andrea" (Keyser), the successor to Ms. Frame. Thus, the undersigned counsel presumes that Ms. Keyser was utilizing Ms. Frame's e-mail address upon her arrival at MacCenter.

Despite Plaintiff's inappropriate accusations of fabrication of evidence, the content of the e-mail is clearly protected by the work-product doctrine. As opposed to the attorney-client privilege, the work-product doctrine is broader than the attorney-client privilege and an opposing party may only obtain an opponent's work-product upon establishing "substantial need of the materials in preparation of the party's case and that the party is unable, without undue hardship, to obtain a substantial equivalent of the materials by other means." *Scurto v. Commonwealth Edison Company*, 1999 WL 35311 (N.D. Ill. 1999). The burden required to be demonstrated in order to obtain the opposing party's work-product is a very difficult burden and can only be satisfied in "rare situations." *Id.* Moreover, it is well-established that work relating to preparation of charges pending in the EEOC are protected by the work-product doctrine. *Scurto v. Commonwealth Edison Company*, 1999 WL 34311 (N.D. Ill. 1999) (Handwritten notes from meeting relating to preparation of response to EEOC charge qualified for protection under work-product doctrine); *Miller v. Federal Express Corp.*, 186 F. R. D. 376 (W.D. Tenn. 1999) ("Once plaintiff announced her intention to move forward under federal discrimination laws by filing a racial discrimination charge with the EEOC . . . , the investigative work carried on by defendant's employees was done in anticipation of litigation."); *Kayata v. Foote, Cone and Belding Worldwide*, 2000 WL 502859 (S.D. N.Y. 2000) ("The court finds, based on the facts before it, that the documents generated by Ms. Fraser, during the course of

9

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

the investigation that her counsel directed her to perform after counsel was advised of Plaintiff's EEOC charge are protected by the work-product doctrine.")

Since the requested memorandum is certainly protected by the work-product privilege, the burden shifts to the Plaintiff to demonstrate that they have a substantial need for these materials or the inability without undue hardship to obtain the substantial equivalent of these materials. *Miller v. Federal Express Corp.*, 186 F. R. D. at 387. However, where, as here, individuals involved in the decision making process are available to be deposed, there is no substantial need for the materials sufficient to overcome the work-product privilege. *Miller v. Federal Express Corp.*, 186 F. R. D. at 388 ("Discovery of work-product may be denied if the same information may be obtained by deposition.").

Thus, because the internal e-mail relating to preparation of a response to the Plaintiff's EEOC charges are protected by the work-production doctrine and because Plaintiff cannot show substantial need for these materials, Defendant's objection to production of this document should be sustained.

### III. CONCLUSION

MacCenter respectfully requests that this Court deny Plaintiff's Motion to Compel Responses to Second Request for Production and to sustain MacCenter's objection to production of certain documents including personnel files and documents protected by attorney-client and work-product privileges and for any and all other relief this Court deems just and proper under the circumstances, including an award of attorneys' fees in accordance with Rule 37(a), *Fla. R. Civ. P.*

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via Facsimile and U.S. Mail to: Brenda Friedman, Esquire, Alexander & Friedman, 3201 West Griffin Road, Suite 204, Dania Beach, Florida 33312 on this $3$ day of November, 2000.

WALDMAN FELUREN & TRIGOBOFF, P.A.
One Financial Plaza, Suite 1500
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: _____
Scott M. Behren
Florida Bar No.: 987786

11