**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MADAY RAMIREZ, | )<br>) |
| Plaintiff, | ) Case No. 00-6198-CIV-FERGUSON<br>) |
| v. | ) Magistrate Judge Snow<br>) |
| USI CORPORATION d/b/a<br>MACCENTER, | )<br>)<br>) |
| Defendant. | )<br>)/ |

### PLAINTIFF'S REPLY/OPPOSITION TO DEFENDANT MACCENTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED PROTECTIVE ORDER OR, ALTERNATIVE MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED PROTECTIVE ORDER

Plaintiff Maday Ramirez ("Mrs. Ramirez"), by and through her undersigned counsel, hereby files her Reply/Opposition to Defendant MacCenter's Memorandum In Opposition To Plaintiff's Motion for Expedited Protective Order Or, Alternative Motion for Reconsideration Of Order On Plaintiff's Motion for Expedited Protective Order (the "Motion for Reconsideration"). In support of her Reply/Opposition, Mrs. Ramirez avers the following:

#### I. Introduction

This is a pregnancy discrimination and Family and Medical Leave Act case brought by Mrs. Ramirez against her former employer, Defendant MacCenter. Discovery in this case is ongoing and is not currently scheduled to end until March 12, 2001.



**Ongoing Discovery Problems**

There have been ongoing discovery problems in this case. Opposing counsel has unilaterally scheduled every single deposition in this case without first consulting with the undersigned (despite numerous requests that he cease such practices). He has also been extremely abusive to deponents in this case.

Indeed, Defendant MacCenter has attempted to thwart discovery in this case at every turn by refusing, for example, to produce documents requested in 5 out of 8 requests for production contained in Plaintiff's Second Request for Production. These requests involved the personnel files of only four individuals (all of whom played important roles in this case). Opposing counsel also asked deponent Carol Frame (Defendant MacCenter's former Human Resources Manager) at length about certain documents at her deposition, then refused to produce them on the basis of privilege. Hence, Mrs. Ramirez had no choice but to file a Motion to Compel to try and get these necessary documents.[1] Mrs. Ramirez' Motion to Compel is currently pending before this Court. Simply put, Defendant

---

[1] Mrs. Ramirez has requested that Defendant MacCenter produce the personnel files of four important actors in this case. The requests are clearly relevant because Defendant MacCenter has alleged that Mrs. Ramirez was terminated because of poor performance. Indeed, Defendant MacCenter has, itself, subpoenaed all of these individuals for deposition. Mrs. Ramirez also believes that some of her supervisors (who no longer work for the company) may have been disciplined in some way because of Mrs. Ramirez' egregious firing.

Defendant MacCenter contends that it has refused to produce the requested personnel files to protect the privacy of those involved. This is really a moot argument. Mrs. Ramirez has already offered to let Defendant MacCenter redact private information from the personnel files requested. Defendant MacCenter has refused this compromise.

MacCenter has attempted to turn the discovery process in this case into a battle of attrition. Such abuses should not be allowed.

**Mrs. Ramirez Has Not Thwarted Discovery**

In an attempt to deflect blame from itself, Defendant MacCenter has falsely characterized Mrs. Ramirez as being the one at fault in the ongoing discovery battles. This is patently untrue. In the instant Motion, Defendant MacCenter tries to make much of the fact that there were problems scheduling the deposition of one Carol Frame (its former Human Resources Manager who believes that Mrs. Ramirez was definitely the victim of pregnancy discrimination). To that end, it falsely asserts that Carol Frame refused to appear for her deposition and that the undersigned was somehow responsible for her failure to appear. This is not an accurate version of what happened.

Defendant MacCenter completely- and conveniently-- leaves out any mention of the fact that it rescheduled Ms. Frame's deposition because of the undersigned's conflict with the unilaterally-scheduled deposition date set by opposing counsel. Ms. Frame did, in fact, appear for her deposition on May 25, 2000. Hence, Defendant MacCenter's implication that Ms. Frame failed to appear for her deposition at the behest of the undersigned is simply untrue.[2] Regardless, Ms. Frame's deposition has nothing to do with

---

[2] Even though Ms. Frame's deposition was rescheduled and she was told she did not have to appear on the original date (and opposing counsel obviously knew
(continued...)

3

the Protective Order granted by the Court (and which is the subject of Defendant MacCenter's pending Motion for Reconsideration).

**Need for Protective Order**

Mrs. Ramirez was forced to seek a protective order for several reasons. First, Defendant MacCenter has unilaterally scheduled every single deposition in this case without first getting proposed dates from the undersigned. This is inappropriate.[3] Defendant MacCenter has also refused to produce the personnel files of four individuals involved in the case (even though it has, itself, subpoenaed all of these individuals for deposition). Hence, Defendant MacCenter is really trying to force Mrs. Ramirez to attend the depositions of clearly relevant witnesses without providing her with the documentation she needs for those depositions. This again is inappropriate. Defendant MacCenter was asked to stay the depositions until Mrs. Ramirez' Motion to Compel had been heard, but categorically refused.

---

[2](...continued)
this), he still threatened Ms. Frame with jail for violating his subpoena. Such threats were clearly made in bad faith and were designed only to intimidate a witness who backed up Mrs. Ramirez' allegations. Ms. Frame was also accused at her deposition of being an alcoholic by opposing counsel and asked intimate details about her marriage (all of which made her cry). None of these questions were relevant and all were abusive. Mrs. Ramirez has asked that an intermediator be appointed to keep such abuses from happening again.

[3] Even after moving for a protective order and charging that Defendant MacCenter was being abusive by refusing to consult with Mrs. Ramirez in advance of scheduling depositions and even after a Protective Order was granted, opposing counsel is still unilaterally setting depositions in this case. Mrs. Ramirez respectfully requests that opposing counsel be ordered to cease such practices.

Late in this process, the undersigned also underwent surgery (which led to complications). In fact, the undersigned was out of the office for the better part of two weeks and was also taking a lot of narcotic pain medications at that time.[4] As a result, she sent a copy of her Motion for Expedited Protective Order (which informed opposing counsel of her illness) to opposing counsel several days in advance of the depositions. Even though opposing counsel was provided with enough time to reschedule the depositions and was apprized of the undersigned's lingering illness, he again refused to reschedule. The refusal makes no sense when one considers that there is still many months left in the discovery period (and that there is, therefore, ample time to reschedule these few depositions).

On the first day of the depositions, the undersigned again asked opposing counsel (who was at the court reporter's office going ahead with the disputed depositions despite the undersigned's illness and the pending Motion to Compel) not to go forward, but he refused. The undersigned thereafter called the Court asking for instructions. The undersigned could not attend the depositions by telephone because she was heavily medicated and did not believe that, under the circumstances, it would have been appropriate for

---

[4] In its Motion for Reconsideration, Defendant MacCenter seems to contend that it was not timely notified of the undersigned's illness. But, one does not often know in advance when she is going to be sick. Regardless, opposing counsel was, in fact, given several days notice of the undersigned's illness.

her to proceed. Shortly thereafter, the Court entered a Protective Order staying the depositions at issue until further order of the Court.

## II. Legal Analysis

### A. The Court Has Already Entered An Order On Plaintiff's Motion for Expedited Protective Order.

The Court has already entered a Protective Order (and granted Mrs. Ramirez' Motion for Expedited Protective Order). Defendant MacCenter cannot procedurally oppose a motion that has already been granted, and its opposition thereto should be dismissed as moot.

### B. Defendant MacCenter Has Not Cited Any Authority That Would Allow It To Move for Reconsideration Of A Protective Order Granted By the Court.

As discussed above, it is simply moot for Defendant MacCenter to try and oppose Plaintiff's Motion for Expedited Protective Order (since that Motion has already been granted). In the alternative, Defendant MacCenter is apparently moving for reconsideration of the Protective Order entered by the Court. Defendant MacCenter has, however, not cited any controlling or procedural authority which would allow it to move for "reconsideration" of that Protective Order.

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, a party may only move for "reconsideration" of a judgment. The Protective Order is not any kind of judgment or decision on the merits. Therefore, Defendant MacCenter lacks the procedural standing to move for reconsideration of a common discovery order.

6

For this reason alone, Defendant MacCenter's alternative Motion for Reconsideration should be denied.

**C. The Protective Order Should Not Be Quashed.**

Even assuming that Defendant MacCenter has properly moved for reconsideration of the Protective Order issued by the Court, it has still not met the high standards necessary to granting such a motion. The decision of whether to grant a motion for reconsideration is purely a discretionary one. See Matter of Prince, 85 F.3d 314 (11th Cir. 1996). Moreover, in order to prevail on its Motion for Reconsideration, Defendant MacCenter must show: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). It is also important to point out that motions for reconsideration are greatly disfavored:

> [It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court . . . already thought through- rightly or wrongly . . . The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Compagnoni v. United States, 1997 WL 416482 (S.D. Fla. 1997), quoting Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561,

1563 (S.D. Fla. 1992).

In this case, the Court entered a Protective Order pursuant to Mrs. Ramirez' Motion for Expedited Protective Order because Defendant MacCenter (and its attorneys) were insisting upon proceeding with unilaterally-scheduled depositions when they knew well in advance: 1) that Mrs. Ramirez needed certain discovery information before she could effectively proceed with the depositions(and had, therefore, filed a Motion to Compel which was- and remains- pending before this Court); 2) that counsel for Mrs. Ramirez had just undergone surgery and was still recovering (and had, therefore, asked that the depositions be rescheduled; 3) that counsel for Mrs. Ramirez intended to- and indeed did- file a Motion for Protective Order should counsel for MacCenter unilaterally refuse to reschedule the depositions; 4) months remained before discovery ended in this case; and 5) Mrs. Ramirez' Motion for Protective Order was filed several days in advance of the scheduled depositions (and that there was, therefore, ample time to reschedule the depositions for another date).

It is important to point out that the Protective Order does not in any way preclude the depositions at issue from going forward (and Mrs. Ramirez has never asked that these depositions be precluded). Instead, the Protective Order simply stays these depositions until the discovery dispute surrounding Mrs. Ramirez' pending Motion to Compel is resolved and the Court has had a chance to enter an order thereon. Presumably, the Court did not think it

8

was appropriate for Defendant MacCenter to be unilaterally-scheduling depositions and then refusing to reschedule them when the attorney for the other side was sick and there was still many months remaining to reschedule them. There is certainly nothing onerous in the Protective Order issued by the Court and MacCenter has not demonstrated how it might have been prejudiced by a short delay of these depositions. There is simply no pressing need to complete these depositions now.

In its Motion for Reconsideration, moreover, Defendant MacCenter has not argued any of the three recognized reasons (i.e., change in controlling law, new evidence, or manifest injustice) in support of its Motion for Reconsideration. Instead, MacCenter argue only that the Court should have waited to hear from it before granting Mrs. Ramirez' Motion for Expedited Protective Order. It fails to point out, of course, that there is still plenty of time to conduct discovery in this case or that it was refusing to reschedule the depositions even though opposing counsel was sick. The Court, therefore, had to enter the Protective Order quickly because Defendant MacCenter was insisting upon proceeding with the depositions at issue even though the undersigned was too sick to attend even by telephone.

### III. Conclusion/Request for Further Relief

For all the foregoing reasons, Mrs. Ramirez respectfully requests that Defendant MacCenter's opposition to her Motion for Expedited Protective Order be dismissed as moot. She also respectfully requests that Defendant MacCenter's Alternative Motion for Reconsideration be denied. Defendant MacCenter has cited no authority which would justify quashing an Order of this Court which simply delays the depositions at issue for a short while. It must be obvious that Defendant MacCenter will not be prejudiced in any way by the Protective Order as entered. Mrs. Ramirez is also forced to request that Defendant MacCenter be ordered not to schedule any more depositions without first consulting with Mrs. Ramirez' counsel and that she be awarded the costs incurred in having to file her Motion for Expedited Protective Order (and related pleadings) in the first place.

Dated: November 7, 2000

ALEXANDER & FRIEDMAN LLP
Attorneys for Plaintiff
3201 West Griffin Road, Suite 204
Fort Lauderdale, FL 33312
Telephone (954) 966-4770
Facsimile (954) 964-4775

By: /s/ Stephanie Alexander
STEPHANIE ALEXANDER
Fla. Bar No. 0081078

10

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing was furnished by the undersigned via U.S. Mail on November 7 2000, upon:

        Scott M. Behren
        Waldman Feluren & Trigoboff, P.A.
        100 Southeast Third Avenue
        Suite 1500
        Fort Lauderdale, FL 33394

        _/s/ Stephanie Alexander_
        Stephanie Alexander