IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MADAY RAMIREZ,             )
                           )    CASE NO.: 00-6198-CIV-FERGUSON
      Plaintiff,           )
                           )    Magistrate Judge Snow
vs.                        )
                           )
USI CORP. d/b/a            )
MACCENTER,                 )       NOV 1 / 2000
                           )
      Defendant.           )
_____)

## MACCENTER'S MEMORANDUM IN OPPOSITION
## TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant, USI Corp. d/b/a MacCenter ("MacCenter"), by and through its undersigned counsel and pursuant to Rule 15(a), *Fed. R. Civ. P.* and Local Rule 7.1(C), serves its Memorandum in Opposition to Plaintiff's Motion to Amend Complaint and states as follows:

### I. PRELIMINARY STATEMENT

On February 9, 2000, Ramirez filed a Complaint against MacCenter alleging violation of the Pregnancy Discrimination Act, Family Medical Leave Act ("FMLA"), Florida Civil Rights Act and for intentional infliction of emotional distress. MacCenter moved to dismiss Ramirez's claims for violations of the Family Medical Leave Act and intentional infliction of emotional distress. On September 5, 2000, Magistrate Judge Snow entered a Report and Recommendation granting MacCenter's Motion to Dismiss thereby dismissing Ramirez's claims under the FMLA and for intentional infliction of emotional distress. Plaintiff's FMLA claims were dismissed by this Court since Plaintiff failed to allege that MacCenter was ever notified of her intention to take leave under the FMLA. Specifically, this Court held that "the FMLA only applies after the employee has made

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

the employer aware that she may seek FMLA leave." *See*, Magistrate Snow's Report and Recommendation dated September 5, 2000, at page 5.[1] On or about Novmeber 1, 2000, Plaintiff filed her Motion to Amend Complaint seeking to amend Count II, for violation of the FMLA.[2] Since Count II still fails to state a cause of action, Plaintiff's Motion for Leave to Amend is futile and should be denied by this Court.

## II. LEGAL ARGUMENT

### A. Leave to Amend Pleadings Should be Denied as Futile Where Complaint, as Amended, is Still Subject to Dismissal

While it is well-established that leave to amend pleadings should be freely granted, exceptions to this general rule apply where there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, undue prejudice to the opposing party or when the amendment would be futile. *CSX Transportation, Inc. v. City of Pensacola, Florida*, 936 F. Supp. 885 (N.D. Fla. 1995); *Brown v. General Personnel Consultants, Inc.*, 2000 WL 782084 (M.D. Fla. 2000); *Stevens v. Premier Cruises, Inc.*, 215 F. 3d 1237 (11th Cir. 2000). Where, as here, the proposed amendment to the Complaint still fails to state a cause of action, amendment would be futile and leave to amend should be denied. *CSX Transportation, Inc. v. City*

---

[1] Plaintiff never served objections to the Magistrate's Report and Recommendation and this Court never entered an Order approving the Report and Recommendation.

[2] Specifically, Plaintiff has alleged in paragraph 21 of Count II, the following: "MacCenter is an 'employer' within the meaning of the Family and Medical Leave Act. Beginning on or about June of 1999, MacCenter purposefully discriminated against Mrs. Ramirez because she was pregnant and because MacCenter, -- with the specific knowledge (and having been informed) that Mrs. Ramirez intended to take the leave guaranteed her under the FMLA -- did not want to hold a job for her while she was out on FMLA leave (in violation of the FMLA)."

2

*of Pensacola, Florida*, 936 F. Supp. at 887.

## B. Count II, Asserting Violations of the FMLA
## Still Fail to State a Cause of Action

It is well-established that in order to establish a *prima facia* case of FMLA discrimination, Plaintiff must establish each of the following elements: (1) that she availed herself of her FMLA rights; (2) that she suffered an adverse employment action; and (3) that a causal link exists between the two elements. *Rocky v. Columbia Lawnwood Regional Medical Center*, 4 F. Supp. 2d 1159 (S.D. Fla. 1999); *Earl v. Mervyns*, Inc., 207 F. 3d 1361 (11th Cir. 2000); *Parris v. Miami Herald Publishing Company*, 216 F. 3d 1298 (11th Cir. 2000). Moreover, in order to satisfy the first element of her *prima facia* case, the Plaintiff must allege that she availed herself of her FMLA rights. In other words, she must allege that she specifically complied with the FMLA notice requirements set forth in 29 U.S.C. §2612 (e). This section requires that the employee give the employer at least thirty days notice (of her anticipated leave), and in many instances furnish the employer with certifications of medical necessity.

In paragraph 21 of Count II of the proposed Amended Complaint, Plaintiff merely alleges that MacCenter was "informed" that Ramirez intended to take leave under the FMLA. Noticeably absent from the allegations of this Count are allegations that Ms. Ramirez specifically provided MacCenter with FMLA notification, as required by the statue, or that Ms. Ramirez requested FMLA leave papers from MacCenter. In fact, contrary to the assertions of Plaintiff's counsel, in the deposition of Carol Frame, MacCenter's former Human Resources Manager, she expressly testified that Ms. Ramriez <u>never</u> requested FMLA leave:

3

CASE NO.: 00-6198-CIV-FERGUSON
Magistrate Judge Snow

Q:   When was Miss Ramirez scheduled to go on leave?

A:   She had not requested a leave as far as I can recall.

*See*, Carol Frame deposition at page 65, a copy of which is attached hereto as Exhibit "A."

Count II of the proposed Amended Complaint, once again, fails to satisfy the requisite elements necessary to state a cause of action under the FMLA since there are no set of facts which, in good faith, could be alleged by Plaintiff's counsel to support such a cause of action. This is evidenced by the fact that the Plaintiff has still not alleged a specific notice, written or otherwise, by Plaintiff to her former employer, MacCenter. It goes without saying that if Plaintiff never availed herself of her FMLA rights, she certainly cannot now bring claims under this Act. Accordingly, due to the futility of the proposed amendments to Count II of the proposed Amended Complaint, MacCenter respectfully requests that this Court enter an Order denying Plaintiff's Motion to Amend Complaint.

## III. CONCLUSION

MacCenter respectfully requests that this Court enter an Order denying Plaintiff's Motion to Amend Complaint and for any and all other relief this Court deems just and proper under the circumstances.

4

CASE NO : 00-6198-CIV-FERGUSON
Magistrate Judge Snow

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and copy of the foregoing has been furnished via Facsimile and U.S. Mail to: Brenda Friedman, Esquire, Alexander & Friedman, 3201 West Griffin Road, Suite 204, Dania Beach, Florida 33312 on this __14__ day of November, 2000.

> WALDMAN FELUREN & TRIGOBOFF, P.A.
> One Financial Plaza, Suite 1500
> 100 Southeast Third Avenue
> Fort Lauderdale, Florida 33394
> Telephone: (954) 467-8600
> Facsimile:   (954) 467-6222
>
> By:_____
>     Scott M. Behren
>     Florida Bar No.: 987786

5