IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,

v.

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____/

Case No. 00-6198-CIV-FERGUSON

Magistrate Judge Snow

## REPLY TO MACCENTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO SECOND REQUEST FOR PRODUCTION

Plaintiff, Maday Ramirez ("Mrs. Ramirez"), by and through her undersigned counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, files her reply to MacCenter's Memorandum in Opposition to Plaintiff's Motion to Compel Responses to Second Request for Production (the "Opposition"), and states as follows:

### I. MacCenter Should Be Compelled to Produce the Personnel Files Sought.

In its Opposition, MacCenter baldly asserts that the files sought are irrelevant without offering any factual support for this contention, then relies on non-binding case law where courts from other jurisdictions have determined that the personnel files at issue– under very different factual circumstances– were not relevant. First, MacCenter bears the burden of establishing that a request for document production is outside the scope of discovery. See, e.g., Hicks v. Big Brothers/Big Sisters of America, 168 F.R.D. 528, 529 (E.D. Penn. 1996). Nowhere in its Opposition does MacCenter proffer any evidence or argument as to why it believes that the personnel files are irrelevant, instead offering nothing but unsupported assertions in this regard. Such assertions do not satisfy MacCenter's burden, and the personnel files are not irrelevant just because MacCenter says



that they are.

Instead, as discussed at length in Mrs. Ramirez's Motion to Compel, this Court has previously held that the term "relevant" is to be construed broadly. See Kreuzfeld A.G. v. Carnehammar, 138 F.R.D. 594, 607 (S.D. Fla. 1991) ("With respect to the issue of 'relevancy' of discovery, discovery rules 'are to be accorded a broad and liberal treatment.'") quoting Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Motion to Compel, pp. 3-4. Similarly, one of the most widely recognized and respected authorities on federal procedure has noted that "it is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure, § 2008, at 108-09. Thus, the question of relevancy depends not on what MacCenter says (without any factual support), but the facts and circumstances presented.

Here, Mrs. Ramirez seeks the personnel files of four people. Three of them were MacCenter employees who were directly involved with MacCenter's decision to fire Mrs. Ramirez due to her pregnancy, and all three have been, or are set to be, deposed by MacCenter. MacCenter's attempt to have this Court believe that these people have no relation to or involvement in this litigation is baseless. There is, therefore, compelling evidence of relevancy, as other courts have found under similar or analogous circumstances. See, e.g., Meletiche v. Holiday Inn Worldwide, Inc., 1996 WL 239893 (S.D.N.Y. 1996) (holding where employee was involved in accident giving rise to suit, his personnel file was discoverable); Rintchen v. Walker, 1996 WL 238701 (E.D. Penn. 1996) (same)[1]; Hicks v. Big Brothers/Big Sisters of America, 168 F.R.D. 528 (E.D. Penn. 1996) (ordering production of personnel files in employment discrimination case); Krenning v. Hunter Health Clinic,

---

[1] Copies of these two unpublished decisions are attached collectively as Exhibit A.

2

Inc., 166 F.R.D. 33 (D. Kansas 1996) (court compelled production of personnel files of both director of defendant health clinic and of individual employee who was alleged to have inappropriately touched plaintiff);Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376 (S.D.N.Y. 1996) (ordering production of personnel files in age and race discrimination action).[2]

MacCenter next contends that it has already produced responsive documents contained in the personnel files in question in response to Mrs. Ramirez's request for production. That statement, however, is not dispositive of this issue. As set forth in the Motion to Compel, Mrs. Ramirez believes that the files in question may contain items such as reprimands, comments, or reviews pertaining to the mishandling of Mrs. Ramirez's termination, as well as evidence of these individuals' qualifications, experience, competence, and any training they did or did not have regarding compliance with applicable laws. See Motion to Compel, p. 4. MacCenter does not (and, indeed, cannot) contend that such items would not be relevant, nor does it deny that such materials exist. Instead, MacCenter claims this information could be obtained by deposition. Even assuming, arguendo, that statement to be true, it does not preclude Mrs. Ramirez from obtaining documents that would provide *irrefutable evidence as to the questions at issue (versus relying on an individual's recollection and* veracity). Indeed, such documents might drastically change the entire nature and scope of any such deposition.

In addition, other courts have rejected the idea that a defendant can pick and choose what materials to make available from a personnel file. For example, in Ladson, 164 F.R.D. 376,

---

[2]To the extent the Court may believe that certain private information should be withheld, such as Social Security numbers, home telephone numbers, medical background and the like, Mrs. Ramirez has previously stipulated to MacCenter that it may redact or withhold such information, and the Court is certainly invited to limit any order compelling production to protect these individuals' interests in this regard.

3

defendants were resisting production of actual personnel files, offering instead to provide select information. The court rejected this proposal, holding: "The Court is not prepared to allow defendants to determine what information is necessary for the plaintiffs to receive." Id. at 377. Similarly, this Court should not permit MacCenter to simply assert that it has produced what it believes to be responsive documents to certain discovery requests and withhold all remaining materials in these relevant personnel files, for several reasons.

First, MacCenter assumes that Mrs. Ramirez drafted her requests for production with the intention of having MacCenter produce every piece of paper in these personnel files that might support her case. This is a ludicrous proposition, since Mrs. Ramirez cannot possibly know what those files might contain without first seeing them – a veritable "catch 22." Further, accepting MacCenter's argument would give it, as a party to this litigation that has been accused of wrongdoing, with sole discretion to decide (without any judicial oversight or other protection) what documents, if any, Mrs. Ramirez should be allowed to see. This is counterintuitive and flies in the face of the purpose of discovery, to wit, full and complete disclosure in an effort to reach a just and fair resolution of this litigation. Accordingly, Mrs. Ramirez should be provided access to the actual files to determine for herself (based on her analysis of the case and not that of MacCenter) what other documents they contain which, in her opinion, may assist her in this action.

As to Ms. Wiesner's personnel file, MacCenter contends that she "was not in the same position as Ms. Ramirez, did not have the same job responsibilities as Ms. Ramirez and was not supervised by the same manager." Again, even the most cursory analysis proves the fallaciousness of this argument. First, Ms. Wiesner holds an analogous position to that which Mrs. Ramirez enjoyed prior to her wrongful termination, if not the identical position, and the same evaluation and

4

promotion/termination standards would apply to her as did to Mrs. Ramirez. That is sufficient for purposes of production here. See, e.g., Gatewood v. Stone Container Corp., 170 F.R.D. 455 (S.D. Iowa 1996) (in discrimination case, court held personnel files of other team leaders, although in different departments, would contain useful information in deciding how defendant applied promotion criteria to similarly situated employees).

Second, upon information and belief, MacCenter fired Denise Broaderick (Mrs. Ramirez's supervisor) shortly after it wrongfully terminated Mrs. Ramirez because of Ms. Broaderick's mishandling of Mrs. Ramirez's termination and before Ms. Wiesner assumed her present position. Therefore, Ms. Broaderick is not (and could not be) Ms. Wiesner's supervisor because of MacCenter's own actions. The fact that Ms. Wiesner and Mrs. Ramirez did not have the same supervisor does not preclude Mrs. Ramirez from discovering the personnel files of any person who replaced her, or was put into an analogous position, after her own wrongful termination. See id.

Finally, although MacCenter correctly notes that Ms. Wiesner is Mrs. Ramirez's sister, that fact has no bearing on MacCenter's obligation, under the applicable federal rules of procedure, to cooperate fully in the discovery process and produce all relevant, discoverable documents. There is a tremendous difference between anecdotal evidence (e.g., what information Ms. Wiesner may be willing to share with her sister, assuming, arguendo, that she is willing to discuss this case with Mrs. Ramirez and risk being caught in the middle in this action) and hard, documentary proof obtained from the opposing party, the correctness of which cannot reasonably be challenged later in the case.

## II. MacCenter Should Be Compelled to Produce the Correspondence in Question.

As thoroughly discussed in Mrs. Ramirez's Motion to Compel, MacCenter, as the party seeking to invoke the attorney-client privilege, has the burden of proving that the privilege applies, to wit, that an attorney-client relationship existed and that the particular communications were confidential. See U.S. v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991); Motion to Compel, p. 6. MacCenter does not even attempt to satisfy its burden in this regard; instead, it simply asserts (without any supporting evidence): "There is no question that this correspondence was confidential communications between MacCenter and its attorneys." Opposition, p. 7. However, the mere fact that a communication was between a party and its counsel does not, by itself, establish applicability of the attorney-client privilege. Id. Again, as noted in the Motion to Compel, this Court should, at the very least, conduct an in camera review of the documents in question to determine whether MacCenter has correctly invoked this privilege and whether MacCenter has knowingly waived any applicable privilege.

MacCenter's analysis as to waiver is also erroneous. MacCenter contends that the statements and discussions it instigated and pursued during Ms. Frame's deposition were not specific enough to constitute a waiver. However, a simple reading of the section of that deposition quoted in the Motion to Compel (pp. 7-8) makes it abundantly clear that by its questioning and the answers it provoked from Ms. Frame, MacCenter revealed the essence of the substantive communications contained in the letter in question. Having done so, it cannot selectively choose to assert any privilege as to the remainder of the document. Accordingly, MacCenter affirmatively waived any privilege that might otherwise have attached to the letter sought and it should be compelled to produce that document. See, e.g., Krenning, 166 F.R.D. at 35 (where defendant health clinic revealed essence of statement

and disclosed other contemporaneous statements and memos, any claim of privilege was waived; "A party can't selectively choose which portions of a document to release to the public and which portions it wishes to assert a privilege.").

### III. MacCenter Should Be Compelled to Produce the E-Mails in Question.

MacCenter challenges the natural conclusion that because an e-mail was addressed to Ms. Frame and dated 11 days after Ms. Frame's employment terminated, it might be fabricated. In so doing, MacCenter's counsel "presumes that Ms. Keyser was utilizing Ms. Frame's e-mail address upon her arrival at MacCenter." MacCenter, however, has the burden of establishing applicability of the work product privilege. See, e.g., Auto Owners Inc. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla. 1990). MacCenter cannot satisfy this burden by its attorney's mere "presumptions," which amount to nothing more than bald assertions. Indeed, MacCenter has not even offered a supportive affidavit to confirm that Ms. Keyser was, in fact, using Ms. Frame's e-mail address when she first began at MacCenter, or that it was MacCenter's business practice to allow a new employee to utilize a former employee's e-mail address. Indeed, such a practice would, for example, possibly mean that a new employee might inadvertently receive privileged information, or even personal missives, with the sender believing, in turn, that the correct individual had received the message. This practice, from both a business standpoint and personal standpoint, would make no sense at all.

In support of its arguments in its Opposition on this point, MacCenter relies on an unpublished decision from the Northern District of Illinois, which has no precedential value here. Instead, as noted in the Motion to Compel (p. 10), a Florida federal court has held that "a litigant may gain access to otherwise privileged information upon showing 1) a substantial need for the materials in the preparation of the party's case; and 2) that the party is unable without undue hardship to obtain the

substantial equivalent of the materials by other means." State of Florida v. Industrial Chemicals, Inc., 145 F.R.D. 585, 588 (N.D. Fla. 1991). See also Fed.R.Civ.P. 26(b)(3). As demonstrated in the Motion to Compel, Mrs. Ramirez has satisfied these applicable standards under the present facts and circumstances.

MacCenter also does not allege that the e-mail contains any work product; it simply claims that "the requested memorandum is certainly protected by the work-product privilege." Again, unsupported assertions, no matter how passionately made, do not establish the proper invocation of the work product privilege. And even assuming, arguendo, that MacCenter had met its burden in this regard (which it has not), its Opposition utterly fails to address the next step – the balancing test outlined in Industrial Chemicals. Under that analysis, as detailed in the Motion to Compel (pp. 10-11), the interests weigh in favor of production of the document. Accordingly, production should be compelled. Alternatively, this Court should, at a minimum, conduct an in camera inspection of the e-mail to determine whether the privilege has been properly invoked.

### IV. MacCenter's Section on Mrs. Ramirez's Alleged "Frustration of Discovery" Is Fallacious and Should Be Disregarded in its Entirety.

In its Opposition, MacCenter has attempted to introduce extrinsic and entirely irrelevant misinformation, apparently in the hope of swaying the Court's ruling on the Motion to Compel (since factually, the Opposition is insufficient to warrant denying the Motion to Compel) and to otherwise further its position in this matter. Specifically, MacCenter claims that Mrs. Ramirez has sought to frustrate MacCenter's discovery efforts by canceling depositions at the last minute. This Court, however, has previously been made aware of the true facts, including that: (a) MacCenter has repeatedly and continually insisted on unilaterally scheduling depositions without first consulting with

undersigned counsel, thus ignoring one of the most basic common courtesies usually extended between colleagues in this profession; (b) MacCenter's attorney was given proper notice of the need to reschedule Carol Frame's deposition but, nonetheless, insisted on abusing Mrs. Frame at her deposition based on his assertions that she could be held in contempt of court for failing to appear at her previously-scheduled deposition – which assertions were false, since the parties had agreed in advance to reset that deposition; and (c) due to surgery and ensuing complications (which could not possibly have been anticipated in advance), it became impossible for Mrs. Ramirez's counsel to attend the other depositions in question, scheduled (again, unilaterally) by MacCenter's attorney for October 25-27, 2000.

MacCenter's counsel correctly notes that on October 23, 2000, Ms. Alexander filed an emergency Motion for Protective Order as to the October 25-27, 2000 depositions due to her surgery. He conveniently fails to remind the Court, however, that despite having been served with that Motion at least two days before the depositions were set to begin, he proceeded to commence his deposition on October 25, 2000, necessitating an emergency phone call to chambers and the issuance of an Order by this Court, faxed to counsel for the parties, precluding MacCenter's attorney from proceeding with those unilaterally scheduled depositions without order of the Court. A copy of that Order is attached as Exhibit B.[3]

---

[3] Incredibly, although the Court has already granted the Motion for Protective Order, MacCenter erroneously asserts that the Motion is still pending before the Court. See Opposition, fn. 6. Instead, after the Court granted that Motion, MacCenter filed its Memorandum in Opposition to Plaintiff's Motion or, [sic] Alternative Motion for Reconsideration of Order on Plaintiff's Motion for Expedited Protective Order.

9

In sum, MacCenter's section labeled "Plaintiff's Frustration of Discovery" has no bearing on the Motion to Compel. It is, instead, a disingenuous attempt by MacCenter to put misleading and, indeed, false information before this Court. This section of the Opposition should, therefore, be disregarded in its entirety, except to the extent that it demonstrates the approach MacCenter's counsel has taken regarding this entire litigation (from its unilateral setting of depositions, to its refusal to accommodate Ms. Alexander's last minute surgery and resulting unavailability for deposition, to its inclusion of this fallacious and irrelevant section in its Opposition).

### V. CONCLUSION

For the reasons provided herein and in Mrs. Ramirez's Motion to Compel, Mrs. Ramirez respectfully reiterates her request that this Court enter an Order: (a) granting the Motion to Compel; (b) compelling MacCenter to immediately produce the personnel files sought by the first four requests contained in Mrs. Ramirez's Second Request for Production; (c) compelling MacCenter to produce the letter from Carol Frame to Mark Feluren from June 1999 listed on MacCenter's first privilege log; (d) compelling MacCenter to produce the e-mail between Carol Frame and Mark Miller dated July 22, 1999, listed on MacCenter's second privilege log; (e) awarding Mrs. Ramirez her attorneys' fees and costs incurred in conjunction with this Motion; and (f) granting such further relief as the Court deems just and proper.

Dated: November 2↳ 2000

ALEXANDER & FRIEDMAN LLP
3201 W. Griffin Road, Suite 204
Fort Lauderdale, FL 33312

10

(954) 966-4770
(954) 966-4775 (facsimile)

Stephanie Alexander
Florida Bar No. 0081078

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2000, a true and correct copy of the foregoing was provided by facsimile to:

Scott M. Behren
Waldman Feluren & Trigoboff, P.A.
100 Southeast Third Avenue
Suite 1500
Fort Lauderdale, FL 33394

Stephanie Alexander

11

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

1996 WL 238701
**(Cite as: 1996 WL 238701 (E.D.Pa.))**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

**Stacey RINTCHEN, Plaintiff,**
v.
**Charles W. WALKER And Mike Falcone, Jr. & Sons, Inc., Defendants.**

**No. CIV. A. 95-CV-6861.**

May 7, 1996.

MEMORANDUM

BUCKWALTER, J.

*1 This action involves an automobile accident in which defendant Mike Falcone, Jr. & Sons, Inc.'s truck, driven by defendant Charles W. Walker, and plaintiff's car collided while travelling in the same direction on a bridge in Philadelphia County. Currently before the court is plaintiff's motion to strike defendants' objections to a number of discovery requests, and to compel the production of those requested items.

Preliminarily, plaintiff argues that defendants have waived their objections to these items by failing to respond to the requests within the thirty (30) day time limit prescribed by Federal Rules of Civil Procedure 33(b)(3) and 34(b). Plaintiff served the interrogatories and request for production of documents on defendants on December 26, 1995. Defendants failed to respond. On February 6, 1996, plaintiff's counsel contacted defendants' attorney by letter in an effort to gain compliance with the discovery requests. (See Pl.'s Mot. Local Rule 26.1(g) at Ex. A (docket number 6)). A week later, plaintiff filed a motion to compel defendants' compliance with these requests. That motion was denied because in part it became moot, as defendants finally responded to many of the requests in late February 1996, and because plaintiffs had not yet had the opportunity to address any of defendants' objections to certain items. (See Pl.'s Mot. Local Rule 26.1(g) (docket number 6); defendants' response thereto (docket number 10); and Order of this court dated March 27, 1996).

Defendants' only explanation for their failure to respond to any of plaintiff's interrogatories and document requests until late February is that the requests served on defendant in December had some pages missing. (Defs.' Ans. to Opp. Pl.'s Mot. Strike Defs.' Objections, at 2).

The record indicates a consistent mishandling of the discovery process by the defendants in this case. The court previously found it necessary to comment on defendants' inappropriate involvement in the subpoenaing of a third party in the case. (See Order of this court dated February 22, 1996 (docket number 9)). Defendants did not respond to discovery requests actually aimed at them until one month after the thirty (30) day deadline. The defendants' failure to respond appropriately to plaintiff's requests until faced with a motion to compel is troubling to this court. This is especially so since defendants have offered no reasonable excuse for their inaction; and to fulfill their responsibility--whether it be by answering and/or objecting within the specified time limit to those pages defendants did receive, or by requesting a complete copy of the requests while also requesting an extension from the court if necessary-- would have been a small matter. Nevertheless, the relief requested by plaintiff in this matter requires careful evaluation and may not be granted as a matter of course.

The failure to object to a discovery request in a timely fashion may constitute a waiver of the objection. Stanley v. Chester County Prison Farm, et al., 1986 WL 305, at *2 (E.D.Pa. Sept. 16, 1986); see also 4A Moore's Federal Practice § 33.27, at 33-161. However, it is within the Court's discretion not to compel discovery which is improper. Stanley, 1986 WL 305, at *2. "Objections based on strong public policies ... which would preclude disclosure of the information requested should not be deemed waived." Id. at *2-*3 citing Shenker v. Sportelli, 83 F.R.D. 365, 367 (E.D.Pa.1979). The first objection at issue in this current motion is that three of the documents requested are protected under the work product doctrine because they were prepared in anticipation of litigation. [FN1] Second, defendants object to the production of defendant Walker's personnel file on the grounds that the material contained therein is irrelevant to the current action

EXHIBIT A

and that Walker's privacy outweighs any need plaintiff may have for the information.

> FN1. The requested documents are: the written accident report provided by defendant, Charles W. Walker, to defendant, Mike Falcone, Jr. & Sons, Inc., on the date of the accident; the Accord Loss Notice provided by defendant, Mike Falcone, Jr., & Sons, Inc., to its insurer; and a transcript of the statement provided by defendant, Charles W. Walker, to Curley Adjustment Bureau, Inc. on October 16, 1996.

1. The Work Product Doctrine

**\*2** The Supreme Court case of Hickman v. Taylor, 329 U.S. 495 (1947) was the seminal case in the development of what is now termed the work product doctrine. In Hickman, the Supreme Court created a limited immunity from discovery for the written statements, private memoranda, and personal recollections prepared by an adverse party's counsel in anticipation of litigation. Carver v. Allstate Ins. Co., 94 F.R.D. 131, 133 (S.D.Ga.1982). Federal Rule of Civil Procedure 26(b)(3) codifies the essential portion of the doctrine as announced in Hickman and expands it by extending discovery protection of the work product of a party or his agents and representatives as well as that party's attorney. Id.; Fed.R.Civ.P. 26(b)(3) (1996).

The first issue in this case, then, is whether the three documents in question were prepared in anticipation of litigation. Defendants seem to argue that, because the collision in question was defendant Walker's first accident while a Falcone employee, and because accidents do not happen every day, any and all documents related to the accident cannot be considered created in the ordinary course of business and are presumed to be made in anticipation of litigation. This argument ignores defendants' burden of proof on this issue.

In order for the work product privilege to apply, the party opposing discovery must show that the document requested was obtained or created "because of the prospect of litigation, not in the regular course of business...." Raso v. CMC Equipment Rental, Inc., 154 F.R.D. 126, 127-128 (E.D.Pa.1994) (citations omitted). The part can rely on the nature of the document and the facts of the case in order to meet its burden. Id. However, the party must do more than simply argue that accidents are unusual occurrences and that the first two documents were generated for submission to its insurance company. Jet Plastica Indus. Inc. v. Goodson Polymers, Inc., 1992 WL 10474, at \*1-\*2 (E.D.Pa. Jan. 15, 1992) citing Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 26 (D.Mass.1987). "While it may be true that 'federal courts have consistently ruled that the work product doctrine is not inapplicable merely because the material was prepared by or for a party's insurer or agents of the insurer,' United Coal Companies v. Powell Const. Co., 839 F.2d 958 (3d Cir.1988), it is equally clear that Rule 26(b)(3) 'was not intended to protect all insurance claim files from discovery....'" Jet Plastica, 1992 WL 10474 at \*2, citing Basinger v. Glacier Carriers, Inc., 107 F.R.D. 771, 774 (M.D.Pa.1985). "An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate and make a decision with respect to claims made on it by its insureds." Lyvan D.D.S. v. Harleysville Ins. Co., et al., 1994 WL 533907 (E.D.Pa. Sept. 29, 1994) citing Rinaldi's Fast Foods, Inc. v. Great American Ins. Co.'s, 123 F.R.D. 198, 202 (M.D.N.C.1988). "The mere conclusory assertion that documents prepared by [or for] an insurance carrier after an accident were made with an 'eye toward litigation,' by itself, is insufficient to establish that the documents were in fact generated for such a purpose." Jet Plastica, 1992 WL 10474 at \*2.

**\*3** Thus, defendants have not met their burden with regard to defendant Walker's written accident report which was submitted to defendant Falcone on the date of the accident. Walker testified in his deposition that this report is a form, ordinarily kept in the cab of every one of Falcone's trucks, and is meant to be completed upon the occurrence of an accident; and that the form is one made available by Falcone's insurance company. The logical inference from this is that these forms are used to notify the trucking company of the potential need to filed an indemnity claim with its insurer, and that the forms are the basis of the Accord Loss Notice provided by Falcone to its insurer shortly thereafter. The Accord Loss Notice appears to be a request for payment from the insurance company for loss incurred by the trucking company. Defendants have provided no evidence to the contrary which would indicate that these forms were obtained and completed because defendants believed litigation to be imminent. Rather, they appear to have been produced in the ordinary course of business between the defendants and Falcone's insurer.

By contrast, the statement provided to Curley Adjustment Bureau, Inc. appears to have been provided by defendant Walker to an investigative agency, hired by defendant Falcone's insurer. "Unlike an insurance agency, which conducts investigations both in the ordinary course of business and in anticipation of litigation, an investigation agency is more likely to be hired in anticipation of litigation. This is particularly so when there is already an insurance carrier investigating the same claim." Jet Plastica, 1992 WL 10474 at *2. Thus, the transcript of the statement provided by Walker to Curley Adjustment Bureau is not discoverable.

2. Walker's Personnel Record

Plaintiff's second set of document requests includes a request for: "The complete personnel files *maintained by defendant, Mike Falcone, Jr. & Sons, Inc.,* concerning defendant, Charles W. Walker, including but not limited to disciplinary records, driving records, health records, driver's abstract, accident reports and any other document from which information may be gathered." (Pl.'s Mot. Compel, Ex. E). The test of discoverability is the relevance standard of FRCP 26(b)(1), which provides, in part: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1) (1996). The facts and circumstances of the case determine the relevancy of information sought in discovery. Forrest v. United States, 1996 WL 171539, at *1 (E.D.Pa.1996) (citation omitted). It is within the court's discretion to determine the relevance of the information sought in light of the particular facts of the case before it. Id.

*4 The current cause of action is a personal injury claim, where plaintiff has alleged negligence against *defendant Walker, and vicarious liability against* defendant Falcone. In response, defendants have alleged contributory negligence. There have been no claims of injury or for damages by defendant Walker. Nor is his health or medical history at issue for any other reason. However, it seems clear that records relating to defendant Walker's driving and safety history, and disciplinary records as they relate to Walker's driving skill, are directly relevant for determining defendants' liability in this matter. Therefore, defendants must make available all information contained in Walker's personnel file relating to his driving skills, including but not limited to his driver's abstract, driving records, accident reports and disciplinary records related to his driving skills only. Defendant Walker's health records are not discoverable in these circumstances.

An appropriate order follows.

### ORDER

AND NOW, this ____ day of May, 1996, upon consideration of Plaintiff, Stacey Rintchen's, Motion to Strike Defendants' Objections to Discovery and to Compel Full and Complete Answers to Same (docket number 14), and defendants' answer thereto (docket number 15), it is hereby ORDERED that plaintiff's motion is GRANTED in part and DENIED in part.

1. Plaintiff's request for the *written accident report* provided by defendant Charles W. Walker to defendant Mike Falcone, Jr. & Sons, Inc. ("Falcone"), on the date of the accident is GRANTED.

2. Plaintiff's request for the Accord Loss Notice provided by defendant Falcone to its insurer is GRANTED.

3. Plaintiff's request for a transcript of the statement provided by defendant, Charles W. Walker, to Curley Adjustment Bureau, Inc. on October 16, 1996 is DENIED.

4. Plaintiff's request for the log book maintained by defendant Walker for the time period September 19, 1995 to September 20, 1995 is DENIED AS MOOT.

5. Plaintiff's request for defendant Walker's personnel record is GRANTED in part: defendant shall produce all information relating to defendant's driving and safety history, and disciplinary record as they relate to Walker's driving skill. Defendant's medical records and/or history are not discoverable.

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

1996 WL 239893
**(Cite as: 1996 WL 239893 (S.D.N.Y.))**
· KeyCite Citations ·
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

**Jacqueline MELETICHE, Plaintiff,**
v.
**HOLIDAY INN WORLDWIDE, INC., Holiday Inn Crowne Plaza, and Anthony Wilson, Defendants.**

No. 95 CIV. 6666 (BSJ).

May 8, 1996.

MEMORANDUM AND ORDER

JONES, District Judge:

*1 Defendants have submitted a letter application requesting the dismissal of the sixth, seventh, ninth, tenth, twelfth, thirteenth, fourteenth and fifteenth causes of action as set forth in the complaint. This Court has deemed defendants' application to be a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(c). [FN1]

Upon defendants' motion, plaintiff voluntarily withdrew her sixth, seventh, ninth, tenth, twelfth, and thirteenth causes of action, which allege liability on behalf of defendants on a theory of respondeat superior. Plaintiff, however, opposes defendants' motion with respect to the fourteenth and fifteenth causes of action which allege negligence in the hiring, supervising, and training of co-defendant Anthony Wilson. Upon review of all papers submitted by the parties, this Court hereby grants defendants' motion to dismiss the fourteenth and fifteenth claims.

The fourteenth and fifteenth counts set forth a claim for relief under common- law tort. Plaintiff claims that defendants Worldwide (the fourteenth claim) and Holiday Inn (the fifteenth claim) were "negligent and grossly negligent in the hiring, supervising, training and retention of Wilson" and that as a result of such negligence, "plaintiff was caused to sustain serious injuries and to have suffered pain, shock, [and] mental anguish." Compl. ¶ 51, 53.

"[I]n New York, recovery for accidental injuries arising out of and in the course of employment, including injuries caused by an employer's negligence, is governed by the Workers' Compensation Law." Persaud v. Axelrod Co., No. 95- 7849, 1996 WL 11197 (S.D.N.Y. January 10, 1996) (quoting O'Brien v. King World Productions, Inc., 669 F. Supp. 639, 641 (S.D.N.Y. 1987)). If recovery is available under Worker's Compensation, an employee may not bring a common- law tort action against her employer because the Worker's Compensation Law provides the exclusive remedy. O'Brien, 669 F. Supp. at 641; see Chrzanowski v. Lichtman, 884 F. Supp. 751, 755-56 (W.D.N.Y. 1995) (holding that plaintiffs' claim for negligent employment was barred by the exclusivity provision of Worker's Compensation Law).

Because plaintiff's injuries are compensable under Worker's Compensation, see Persaud, No. 95-7849, 1996 WL 11197, *6 n.9 (quoting Wolfe v. Sibley, Lindsay & Curr, Co., 36 N.Y.2d 505 (1975)), her common-law negligence claims against defendants are barred by the exclusivity provision of the New York Worker's Compensation Law. Accordingly, the plaintiff's fourteenth and fifteenth claims are hereby dismissed.

Plaintiff has submitted a letter application as a motion to compel the production of defendant Wilson's entire personnel file. Although such materials may not be admissible at trial, it is reasonable to expect that Wilson's personnel file may contain statements relating to incidents involving plaintiff and defendant Wilson. Thus, discovery of such materials is reasonably calculated to lead to evidence that would be admissible as part of plaintiff's remaining civil rights claims against defendants. Fed.R.Civ.P. 26(b). Accordingly, it is hereby ordered that defendant shall produce defendant Wilson's entire personnel file.

*2 So ordered.

> FN1. This motion falls under 12(c) instead of 12(b)(6) because defendants have answered the complaint. Nevertheless, the same standard that applies to a motion to dismiss under 12(b)(6) applies to a motion

to dismiss under 12(c). Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.), cert. denied, 115 S. Ct. 73 (1994); see Amalgamated Bank of New York v. March, 823 F. Supp. 209, 214-15 (S.D.N.Y. 1993) ("According to Fed.R.Civ.P. 12(h)(2), the defense of failure to state a claim upon which relief may be granted, typically raised pursuant to Rule 12(b)(6), may be interposed after an answer has been filed by moving for judgment on the pleadings pursuant to Rule 12(c)."). Accordingly, this Court is limited to the facts stated in the complaint and must accept those facts as true. See, e.g., Kramer v. Time Warner Inc., 937 F.2d 767 (2d Cir. 1991).

END OF DOCUMENT

FILED by ___ D.C.

OCT 25 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

      Plaintiff,

v.

USI CORPORATION d/b/a
MACCENTER,

      Defendant.
_____/

Case No. 00-6198-CIV-FERGUSON

Magistrate Judge Snow

### ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED PROTECTIVE ORDER

This matter, having come before the Court on Plaintiff's Motion for Expedited Protective Order, and the Court, having considered the Motion and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED:

That Plaintiff's Motion for Expedited Protective Order is hereby GRANTED. THE DEPOSITIONS NOW SCHEDULED FOR OCTOBER 26 & 27, 2000 ARE STAYED UNTIL FURTHER ORDER.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida this 25TH day of October, 2000.

The Honorable Wilkie D. Ferguson
U.S. District Court Judge

Copies provided to counsel of record

**EXHIBIT B**