```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA
                 FORT LAUDERDALE DIVISION
            Case No. 00-6198-Civ-Ferguson/Snow
```

MADAY RAMIREZ,

        Plaintiff,

vs.

USI CORPORATION,

        Defendant.
_____/



### ORDER

THIS CAUSE is before the Court on various motions filed by the plaintiff, which were referred to United States Magistrate Judge Lurana S. Snow. With the Court being fully advised it is hereby

ORDERED AND ADJUDGED as follows:

1. The Plaintiff's Unopposed Motion for Enlargement of Time (Docket Entry 39) is GRANTED. The reply filed November 22, 2000, is deemed timely.

2. The Plaintiff's Motion to Compel (Docket Entry 29) is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion to compel the personnel files of Ms. Carol Frame, Ms. Denise Broaderick and Mr. Mark Miller is GRANTED to the extent that the defendant shall produce, within 10 days of the date of this Order, the personnel files except for private



information such as Social Security numbers, home telephone numbers, marital status, medical information, insurance information, educational transcripts and credit history.

The plaintiff has shown that these files could contain relevant information regarding the defendant's personnel practices. <u>Miller v. Federal Express Corp.</u>, 186 F.R.D. 376, 385 (W.D.Tenn. 1999). The defendant concedes that the information may be relevant but suggests that it be obtained through depositions instead. In an employment discrimination case, the employer cannot determine what information is necessary for the plaintiff to receive. <u>Ladson v. Ulltra East Parking Corp</u>, 164 F.R.D. 376, 377-78 (S.D.N.Y. 1996). To prevent disclosure of private information in the personnel files of non-parties, the Court may limit the disclosure of information in the personnel file. <u>Knoll v. American Telephone & Telegraph Co.</u>, 176 F.3d 359, 365 (6th Cir. 1999).

b.  The motion to compel disclosure of the personnel file of Ms. Lily Weiser is GRANTED to the extent that the defendant shall produce, within 10 days of the date of this Order, the personnel file except for private information such as Social Security numbers, home telephone numbers, marital status, medical information, insurance information, educational transcripts and credit history.

While Ms. Weiser did not work for the same supervisor as the plaintiff, she worked in an analogous or replacement position with the supervisor who succeeded the plaintiff's supervisor. Her personnel file is reasonably calculated to lead to the discovery of relevant evidence regarding the defendant's personnel practices. Gatewood v. Stone Container Corp., 170 F.R.D. 455, 458 (S.D.Iowa. 1996).

c. The motion to compel production of the e-mail attorney Mark Miller purportedly sent to defendant's employee Carol Frame on July 22, 1999, apparently discussing the defendant's response to the plaintiff's EEOC complaint, is DENIED.

The e-mail letter clearly involves the attorney-client privilege. International Telephone & Telegraph Corp. v. United Telephone Company of Florida, 60 F.R.D. 177, 184 (M.D.Fla. 1973). The privilege was not waived when Ms. Frame testified at her deposition regarding the general facts which were the subject matter of the letter. Id. (the client may invoke the privilege while testifying "generally as to facts which were the subject of consultation with his attorney" so long as there is no testimony regarding the privileged communication). Indeed, it appears that Ms. Frame did not receive the e-mail, since she was not employed by the defendant when it was sent; the e-mail was directed to

"Andrea," the successor to Ms. Frame's job and computer. Rates Technology, Inc. v. Elcotel, Inc., 118 F.R.D. 133 (M.D.Fla. 1987)(testimony of employee who did not see the challenged communication cannot be the basis for waiver of attorney-client privilege).

Similarly, the e-mail letter qualifies for protection as work product. Notes related to preparation of a response to an EEOC charge qualify for protection under the work product doctrine. Miller, 186 F.R.D. at 387. The plaintiff has not shown that there is no other reasonable alternative, such as depositions, for acquiring the information. Id.

DONE AND ORDERED at Fort Lauderdale, Florida, this 29th day of November, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:  Stephanie Alexander, Esq.
            Scott M. Behren, Esq.