IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ,

        Plaintiff,

v.

USI CORPORATION d/b/a
MACCENTER,

        Defendant.
_____/

Case No. 00-6198-CIV-FERGUSON

Magistrate Judge Snow

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff, Maday Ramirez ("Mrs. Ramirez"), pursuant to Federal Rule of Civil Procedure 12 and Local Rule 7.1.C., submits this opposition to the Motion to Dismiss First Amended Complaint ("Motion to Dismiss")[1] filed by Defendant, USI Corporation d/b/a MacCenter ("MacCenter"), and states as follows:

### I. Motions to Dismiss Are Disfavored.

As a preliminary matter, MacCenter misstates the applicable standard in this jurisdiction for granting a motion to dismiss, inexplicably relying on California authority. According to the Eleventh Circuit, in considering a motion to dismiss pursuant to Rule 12(b)(6): "The factual allegations of the plaintiff's complaint are accepted as true," and "[t]he motion must be denied unless it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." South Florida Water Mgt District v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996). See also In re Complaint of Sea

---

[1] Although the Motion to Dismiss purports, in its introductory paragraph, to be seeking dismissal of the entire First Amended Complaint, the substance of that Motion is addressed only to the Plaintiff's claim under the Family and Medical Leave Act.



Vessel, Inc., M/V Sea Lion v. Reyes, 23 F.3d 345, 347 (11th Cir.1994) (court should not dismiss complaint for failure to state claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Accord Tefel v. Reno, 972 F. Supp. 608, 612 (S.D. Fla. 1997); Bensch v. Metropolitan Dade County, 855 F. Supp. 351, 352 (S.D. Fla. 1994).

Further, a court considering a motion to dismiss must accept as true all facts alleged in the complaint and draw all inferences therefrom in the light most favorable to the plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir.1994). In addition, the sufficiency threshold for a complaint to survive a motion to dismiss is very low. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir.1985). Applying these standards does not involve a determination as to whether Mrs. Ramirez can prove her case or will prevail at trial, but simply whether she has sufficiently stated a cause of action. Utilizing these standards, the Motion to Dismiss must be denied.

## II. The Complaint States a Cause of Action for Violation of the FMLA

To state a claim under the Family Medical Leave Act (the "FMLA"), a plaintiff must prove three elements of trial, 1) that the plaintiff availed herself of a protected right under the FMLA; 2) that she suffered an adverse employment decision; and 3) that there is a causal connection between the protected activity and the adverse employment decision. Parris v. Miami Herald, 216 F.3d 1298, 1301 (11th Cir. 2000)(citation omitted). The First Amended Complaint contains allegations that clearly and adequately address each of these elements and therefore states a cause of action for violation of the FMLA.

MacCenter contends that in the First Amended Complaint, Mrs. Ramirez failed to request leave under the FMLA and that her FMLA claim must, therefore, fail. Motion to Dismiss, p. 3 This

2

is factually incorrect and also rests on an incorrect legal standard. It is undisputed in the record that MacCenter knew that Mrs. Ramirez was pregnant; that she, in fact, intended on taking the leave allowed her by the FMLA; and that she would be on leave during the August/September/October period. In fact, MaCenter's Director of Human Resources, Carol Frame, swore under oath that:

> A. It's my belief that [Mrs. Ramirez] was terminated due to her pregnancy because she was not going to be available in September which is the busiest time for MacCenter [which sold Apple Computer products to schools]. That's when schools gear up.
>
> Q. What do you base that belief on?
>
> A. My experience at MacCenter.
>
> Q. Tell me specifically what you would base that belief on?
>
> A. The fact that the schools– MacCenter has a contract, had the contract, has the contract, for Florida, North and South Carolina, Maryland, Washington, D.C., and Virginia to sell computers K-12 education system in each state. That's a very– it's an incredible amount of work. They publish at the beginning of school year a magazine called A Plus. That magazine is [a] major undertaking. That magazine has to be produced, put together, printed, and sent to all the major school district teachers, principals and so on and so forth. That would have been the responsibility of that person in [Mrs. Ramirez'] position. In addition to that there are a number of seminars, conferences, educational meetings that have to be attended in August and September as the school year opens to inform the school community as to what products– that new products, what software, what bundles MacCenter has available.
>
> ***[Mrs. Ramirez] would have been on FMLA leave at that time and would not be able to do it. And they needed to train someone to come in and do that by September.***

Deposition of Carol Frame, pp. 64-65 (emphasis supplied).

> Q. And you knew that [Mrs. Ramirez] was going to take pregnancy leave, did you not?
>
> A. I assumed that, yes, definitely.

*Id.*, pp. 82-83.

3


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was provided by U.S. Mail to:

Scott M. Behren
Waldman Feluren & Trigoboff, P.A.
100 Southeast Third Avenue
Suite 1500
Fort Lauderdale, FL 33394


_____
Stephanie Alexander