UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6198-Civ-Ferguson/Snow

MADAY RAMIREZ,

        Plaintiff,

vs.

USI CORPORATION d/b/a MACCENTER,

        Defendant.
_____/



**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on MacCenter's Motion to Dismiss First Amended Complaint (Docket Entry 44), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

<u>I. PROCEDURAL HISTORY</u>

The complaint was filed February 9, 2000, alleging violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) (hereinafter "PDA"), violation of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. (hereinafter "FMLA"), violation of the Florida Civil Rights Act, and intentional or negligent infliction of emotional distress. The plaintiff alleges that she was summarily terminated owing to her pregnancy, although she had never



received any written or verbal discipline with respect to the performance of her job.

The Court granted the defendant's motion to dismiss the Count II FMLA claim and the Count IV claim for intentional infliction of emotional distress. The Court granted the plaintiff's subsequent motion for leave to amend Count II of the complaint. The defendant filed the instant motion to dismiss Count II, asserting that the amendments to Count II still fail to state a claim under the FMLA

## II. RECOMMENDATIONS OF LAW

"The complaint should not be dismissed unless it appears that the [plaintiff] could 'prove no set of facts which would entitle him to relief.' " Jenkins v. McKeithen, 395 U.S. 411, 422, 89 S.Ct. 1843, 1849 (1969), quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). The allegations of the complaint are taken as admitted; the complaint must be construed liberally in favor of the plaintiff. Id. Consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. Thomas v. Burlington Industries, Inc., 769 F.SUPP.. 368, 370 (S.D. Fla 1991). Title 29 U.S.C. § 2612(a)(1)(A) permits an eligible employee to take twelve weeks of leave during

2

any twelve month period "because of the birth of a son or daughter and in order to care for such son or daughter."  Title 29 U.S.C. § 2615(a) provides

> (1) **Exercise of rights**
> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
> (2) **Discrimination**
> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter.

The plaintiff must demonstrate that "(1) she is protected under the FMLA, (2) she suffered an adverse employment decision, and (3) either she was treated less favorably than an employee who had not requested FMLA leave or the adverse decision was made because of the plaintiff's request to leave." Beno v. United Telephone Company of Florida, 969 F.SUPP.. 723, 725 (M.D.Fla. 1997).

Title 29 U.S.C. § 2615(a)(1) requires the employment action to be associated with "the exercise or attempt to exercise any right provided under this subchapter." Beno, supra, (discharge after the employee requested medical leave states a claim for

3

violation of the FMLA; the burden then shifts to the employer to show that the decision to discharge the employee predated the request for FMLA leave); <u>Sidaris v. Runyon</u>, 967 F.Supp. 1260 (M.D.Ala. 1997)(employer who twice refused to provide information about the FMLA and instead terminated the employee before she could officially request FMLA leave, violated the FMLA, even though leave had not yet been requested).

The defendant contends that FMLA protections apply only after the employee provides clear notification of her intent to avail herself of FMLA leave. The defendant argues that the allegation in the amended complaint, that the plaintiff "made it known to MacCenter that she intended to take a maternity leave under the Family and Medical Leave Act," is insufficient notification to trigger the protections of the FMLA.

In response, the plaintiff provides excerpts of the deposition of MacCenter's Human Resources Director regarding her the extent of her knowledge of the plaintiff's intention to take pregnancy leave. The Court cannot consider this deposition testimony in the context of a motion to dismiss. <u>Thomas</u>, <u>supra</u>.

4

29 C.F.R. §825.302(c) provides:

An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under the FMLA, but may only state that leave is needed for an expected birth or adoption, for example. The employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken.

See, Manuel v. Westlake Polymers Corp., 66 F.3d 758 (5th Cir. 1995).

The allegations of the complaint, viewed in the light most favorable to the plaintiff, state a FMLA claim sufficient to withstand a motion to dismiss. The Court should deny the motion to dismiss Count II of the amended complaint.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion to dismiss be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which

5

to file written objections, if any, for consideration by The Honorable Wilkie D. Ferguson, Jr., United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 1st day of February, 2001.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:   Stephanie Alexander, Esq.
             Scott Behren, Esq.