IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MADAY RAMIREZ, )
 )
    Plaintiff, )   Case No. 00-6198-CIV-FERGUSON
 )
v. )   Magistrate Judge Snow
 )
USI CORPORATION d/b/a )
MACCENTER, )
 )
    Defendant. )
_____ )

## MOTION FOR DEFAULT JUDGMENT

    Plaintiff, Maday Ramirez ("Mrs Ramirez"), by and through her undersigned counsel and pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby moves for entry of a default judgment against USI Corporation d/b/a MaCenter ("MacCenter"). In support of said motion, Mrs. Ramirez avers the following :

### CASE HISTORY

    1. Mrs. Ramirez initiated this action by filing a complaint on February 9, 2000.

    2. On or about March 6, 2000, MacCenter filed a motion to dismiss two counts of the Complaint.

    3. On September 5, 2000, Magistrate Judge Snow issued a Report and Recommendation that Counts II & IV of the Complaint be dismissed.

    4. On November 2, 2000, Mrs Ramirez filed a Motion to Amend the Complaint (to which an Amended Complaint was attached).

    5. On November 17, 2000, MacCenter again filed a largely identical Motion to Dismiss (although this time the motion was directed at the amended complaint).

6. On February 1, 2000, Magistrate Judge Snow issued a Report and Recommendation that MacCenter's second motion to dismiss be denied in its entirety. The Report and Recommendation clearly apprised MacCenter that failure to object to the Magistrate's Report within 10 days would constitute an absolute bar to appealing the rulings therein.

7. MacCenter failed to file any objections to the Magistrate's Report recommending that its second motion to dismiss be denied and has also failed to file an answer to the Amended Complaint (even though it was undoubtedly served with that document since it filed an opposition to Mrs. Ramirez' Motion to Amend related thereto).

8. Despite the fact that this case has been pending for more than a year and the fact that MacCenter has actively litigated this case by filing numerous discovery and procedural motions and by taking and/or noticing the depositions of something like 10 individuals, MacCenter has yet to file an answer to either of the complaints filed in this action.

9. Discovery in this case is scheduled to close in a little more than 10 days and MacCenter has refused a specific request that it agree to another extension of the deadlines in this case.

10. Mrs. Ramirez has been extremely prejudiced by MacCenter's willful failure and refusal to file an answer to either complaint. Despite the fact that this case is about to go to trial, Mrs. Ramirez still has not been served with any kind of responsive pleading which would have even purported to begin to tell her which of the allegations in her Amended Complaint she could have expected to be formally controverted and no affirmative defenses have ever been filed in this case.

## ANALYSIS

### 1. Factual Background (As Set Forth In the Amended Complaint).

Mrs. Ramirez was employed as a marketing coordinator at MacCenter. During her employment with MacCenter, Mrs. Ramirez received at least one promotion and pay raise. While employed at MacCenter, Mrs. Ramirez became pregnant. Her baby was due in September of 1999, and Mrs. Ramirez made it known to MacCenter that she intended to take a maternity leave under the Family and Medical Leave Act. MacCenter was aware that Mrs. Ramirez had requested, and was planning to take, maternity leave under the Family and Medical Leave Act. During her employment at MacCenter, Mrs. Ramirez never received any written or verbal discipline with respect to her job performance.

In June of 1999, Mrs. Ramirez was called into a meeting with her supervisor, Denise Broderick, and was summarily terminated. Mrs. Ramirez was terminated because she was pregnant and because MacCenter did not want to hold a job for Mrs. Ramirez during her maternity leave. Mrs. Ramirez' replacement had been hired before she was even fired. The sudden firing came as a complete shock to Mrs. Ramirez (which engendered significant emotional stress to both herself and her baby). Indeed, MacCenter's former Human Resources Manager asserts that Mrs. Ramirez was in such shock at her sudden termination that she thought Mrs. Ramirez was going to lose her baby. MacCenter's former Human Resources Manager confirms that Mrs. Ramirez had never received any written discipline with respect to her job performance before she was summarily terminated.

## 2. Legal Analysis

Rule 55 of the Federal Rules of Civil Procedure provides for entry of a default against a party who fails to plead. In <u>CFTC v. Midland Rare Coin Exchange, Inc.</u>, 71 F. Supp. 2d 1257, 1266 (S.D. Fla. 1999), this Court entered a default judgment against several defendants who failed to respond to an amended complaint. The Court found it particularly important that the substance of the allegations contained in the original complaint and the amended complaint were virtually the same. The identical situation is presented here. The factual allegations made in Mrs. Ramirez' original Complaint and in her Amended Complaint are identical. Moreover, MacCenter clearly knows of the allegations contained in both Complaints in this case since it filed a motion to dismiss (on largely the same grounds) against both of those documents. Yet, MacCenter– after a full year of litigation-- has specifically failed to file any answer or affirmative defense in this case.

It is important to point out that this is not a case of mere inadvertence. There can be no doubt, for example, that MacCenter has been actively defending itself in this case from the very beginning. MacCenter has, for example, filed two motions to dismiss, filed a motion for reconsideration in connection with a protective order, filed at least one motion to compel, filed several other procedural motions, filed a witness list, and unilaterally served Mrs. Ramirez just today with the notice of another four depositions (which included a unilateral notice demanding that she appear for a second deposition). Hence, MacCenter cannot be heard to say that it somehow has been unaware that it never filed an answer here. It is well accepted that the mere lack of sufficient safeguards by counsel does not constitute sufficient reason to set aside a default judgment. See <u>Gibbs v. Air Canada</u>, 810 F.2d 1529 (11th Cir.1987)(failure to answer because the complaint was lost by the mail clerk is insufficient reason to set aside a default judgment because the failure to establish

4

minimum procedural safeguards is not excusable neglect).

MacCenter's wholesale failure to file an answer in this case has been extremely prejudicial to Mrs. Ramirez. As discovery comes to a close in her case, she has never had notice of which allegations MacCenter might have thought of controverting. She has tried to be cooperative, but the prejudice to Mrs. Ramirez' pretrial preparations has just been too great. How can one properly prepare for depositions when an opponent's defenses remain purposefully hidden?

In addition, Rule 8(d) of the Federal Rules of Civil Procedure specifically provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in a responsive pleading." See, e.g., Harmon Electronics, Inc. v. National Signal Corporation, 1997 WL 158128 (E.D. Pa. 1977). This means that, because of MacCenter's failure to answer the Amended Complaint, each and every allegation contained therein must now be taken as admitted (and Mrs. Ramirez would thereafter be entitled to summary judgment). Any defenses which MacCenter might have asserted should now, moreover, be deemed unequivocally waived.

## CONCLUSION

WHEREFORE, Mrs. Ramirez respectfully requests that this Court enter a default judgment against MaCenter for failing to answer either Complaint in this case or, in the alternative, that this Court hold that all of the facts set forth in Mrs. Ramirez Amended Complaint be admitted (and that any defense be deemed waived). Mrs. Ramirez also respectfully requests that this Court hold a hearing, if necessary, to determine her damages, costs, and fees (as requested in her Amended Complaint and now in the instant motion for default).

Dated: March 29, 2001.

                Alexander & Friedman LLP
                Counsel for Plaintiff
                3201 W. Griffin Road, Suite 204

Dania Beach, FL 33312
954.966.4770 (telephone)
954.966.4775 (facsimile)

*Stephanie Alexander*
Fla. Bar No. 0081078

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2001, a true and correct copy of this document was provided by U.S. Mail to:

Scott M. Behren
Waldman Feluren & Trigoboff, P.A.
100 Southeast Third Avenue
Suite 1500
Fort Lauderdale, FL 33394

*Stephanie Alexander*

6